**ROBERT A. SOLOMON, P.C.**
91 Pacific Street
Newark, New Jersey 07105
(973) 344-6587
**Attorneys for Plaintiff**

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
NEWARK VICINAGE

| | |
|---|---|
| **AHMED KAMAL**, on behalf of himself and the putative class,<br><br>          Plaintiff,<br><br>          v.<br><br>**J. CREW GROUP, INC.**;<br>**J. CREW INC.**;<br>**J. CREW INTERMEDIATE LLC**;<br>**J. CREW INTERNATIONAL, INC.**;<br>**J. CREW OPERATING CORP.**;<br>**J. CREW SERVICES, INC.**;<br>**CHINOS HOLDINGS, INC.**; and<br>**CHINOS ACQUISITION CORPORATION**,<br><br>          Defendants. | Civil Action No.: 15-_____<br><br><u>**CLASS ACTION COMPLAINT**</u><br><br>**(Jury Trial Demanded)** |

Plaintiff, Ahmed Kamal, on behalf of himself and all others similarly situated, through his undersigned attorneys, by way of Complaint, alleges as follows:

<u>**OVERVIEW OF THE ACTION**</u>

1. This is a class action based upon defendants' violation of the Fair and Accurate Credit Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act, 15 U.S.C. §1681, *et seq., as amended*. FACTA is designed to protect credit and debit cardholders from identity theft and credit/debit card fraud and prohibits merchants who accept credit cards or debit

cards from issuing electronically-printed receipts that display the expiration date or more than the last five digits of the card number, thus limiting an identity thief's ability to obtain the consumer's account information, among other things.

2. Defendants have violated FACTA repeatedly by printing and issuing sales receipts displaying not just the last four, but also the first *six* digits of customer credit card and debit card numbers throughout multiple locations across the United States, including the District of New Jersey.

3. Plaintiff seeks, on behalf of himself and the class, statutory damages, punitive damages, costs, and attorneys fees, all of which are made expressly available by statute, 15 U.S.C. §1681, *et seq.*

## BACKGROUND

4. FACTA, 15 U.S.C. §1681c(g)(1), states, in relevant part:

> (g) Truncation of credit card and debit card numbers
>
> (1) … **[N]o person** that accepts credit cards or debit cards for the transaction of business **shall print more than the last 5 digits** of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.  (Emphasis added.)

5. FACTA gave merchants who accepted credit cards or debit cards up to 3 years to comply with its requirements, requiring full compliance no later than December 4, 2006.

6. The purpose of this "truncation requirement" is to prevent identity theft and credit/debit card fraud.

7. Identity thieves commonly obtain credit card or debit card receipts that are lost or discarded, or through theft, and use the information to engage in unauthorized credit or debit transactions.

8. The availability and display of more than the last 5 digits of a credit card or debit card vastly increases the likelihood of misuse of a credit card or debit card.

9. Also, sophisticated identity thieves can easily discover a credit card or debit card number when they possess or have access to more than the last five digits of the card number: By possessing 10 of the standard 16 digits of a conventional credit or debit card, for instance, thieves can learn the entire account number much more easily and quickly.

10. By failing to take the simple steps necessary to comply with FACTA, defendants have deprived consumers of the protections that the statute was designed to confer, and exposed cardholders to increased risk of credit/debit card fraud and identity theft.

11. Defendants' conduct was either willful, knowing or reckless, and defendants failed, and continue to fail, to protect plaintiff, and all others similarly situated, against identity theft and credit card and debit card fraud by issuing electronically printed receipts displaying far more than the last 5 digits of their customers' credit and debit cards.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction under 28 U.S.C. §§1331 and 1337, and 15 U.S.C. §1681p, which provides that an "action to enforce any liability created under this title may be brought in any appropriate United States district court, without regard to the amount in controversy…"

13. Venue in this district is proper pursuant to 28 U.S.C. §1391 because at least one defendant transacts business in this district.

14. New Jersey law applies to all claims set forth herein because plaintiff's underlying transaction took place in this District.

## PARTIES

15. Plaintiff, Ahmed Kamal is an adult individual residing at 301 West 48th Street, Apt. 14, New York, New York 10036, and a loyal customer and user of "J. Crew" branded products.

16. Upon information and belief, defendant, **J. CREW GROUP, INC.** is a Delaware for-profit corporation with a registered address for service of process located at c/o Corporation Service Company, 80 State Street, Albany, New York 12207.

17. Upon information and belief, defendant, **J. CREW INC.** is a Delaware for-profit corporation with a registered address for service of process located at c/o Corporation Service Company, 830 Bear Tavern Road, Ewing, New Jersey 08628.

18. Upon information and belief, defendant, **J. CREW INTERMEDIATE LLC** is a Delaware for-profit limited liability company with a registered address for service of process located at c/o Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

19. Upon information and belief, defendant, **J. CREW INTERNATIONAL, INC.** is a Delaware for-profit corporation with a registered address for service of process located at c/o Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

20. Upon information and belief, defendant, **J. CREW OPERATING CORP.** is a Delaware for-profit corporation with a registered address for service of process located at c/o Corporation Service Company, c/o Corporation Service Company, 80 State Street, Albany, New York 12207.

21. Upon information and belief, defendant, **J. CREW SERVICES, INC.** is a Delaware for-profit corporation with a registered address for service of process located at c/o Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

22. At all relevant times, the 6 foregoing defendants comprised "J. Crew Group," a clothing apparel conglomerate founded in 1983 and former publicly-traded company which owned and operated, and continues to own and operate more than 300 retail stores throughout the United States, including the District of New Jersey.

23. Upon information and belief, defendant, **CHINOS HOLDINGS, INC.** is a Delaware for-profit corporation with a registered address for service of process located at c/o Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

24. Upon information and belief, defendant, **CHINOS ACQUISITION CORPORATION** is a Delaware for-profit corporation and wholly-owned subsidiary of defendant, **CHINOS HOLDINGS, INC.**, with a registered address for service of process located at c/o Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

25. Upon information and belief and pursuant to a merger agreement dated November 23, 2011, defendant, **CHINOS HOLDINGS, INC.** acquired the foregoing "J. Crew Group" entities by merging its subsidiary defendant, **CHINOS ACQUISITION CORPORATION** with defendant, **J. CREW GROUP, INC.**, which remained the surviving corporation and became the face of the "J. Crew" name throughout the world.

26. At all relevant times, defendants comprise a "person that accepts credit cards or debit cards for the transaction of business" within the meaning of FACTA.

## CLASS ALLEGATIONS

27. This action is brought on behalf of plaintiff, individually, and as a class action on behalf of all persons or entities to whom defendants provided an electronically printed receipt at the point of sale or transaction, in a sale or transaction occurring after June 3, 2008, which receipt displayed the first 5 digits *and* last 4 digits of each customer's credit card or debit card. Excluded from the Class are the officers and directors of defendants at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which defendants have or had a controlling interest.

28. Because defendants have many retail shops that serve several hundreds of thousands of customers, joinder of all individual members would be impracticable. While the exact number of Class members can only be determined by appropriate discovery, plaintiff believes there are hundreds of thousands of members of the Class. Members of the Class may be identified from records maintained by defendants and their credit card processing company and may be notified of the pendency of this action by United States Mail.

29. Plaintiff's claims are typical of the claims of the other members of the Class, as all members of the Class are similarly affected by defendants' wrongful conduct in violation of federal law that is complained of herein.

30. There are common questions of law and fact affecting members of the class, which common questions predominate over questions which may affect individual members. These include the following:

>  (a) Whether defendants had a practice of issuing and providing customers with electronically printed receipts which show the expiration date;
>
>  (b) Whether defendants' conduct was willful, knowing or reckless; and

(c) Whether plaintiff and the other members of the class are entitled to statutory damages, punitive damages, costs, or attorneys fees for defendants' acts and conduct.

31. Plaintiff will fairly and adequately represent the class members. Plaintiff has no interests that conflict with the interests of other class members. Plaintiff has retained counsel competent and experienced in the prosecution of class action litigation.

32. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to redress individually the wrongs done to them. There will be no difficulty in the management of this action as a class action.

## FACTUAL ALLEGATIONS

33. On December 18, 2014, plaintiff visited defendants' retail store in Ocean City, Maryland; selected one or more items for purchase; and paid defendants with a Discover-branded credit card. At the point of sale, cashier "Lauren" electronically printed a receipt on behalf of defendants, jointly and severally, containing the first 5 digits *and* last 4 digits of plaintiff's credit card account number, which is a direct violation of FACTA. (Redacted copies of plaintiff's credit card receipts discussed herein are annexed hereto.)

34. On December 22, 2014, plaintiff visited defendants' retail store in Rehoboth Beach, Delaware; selected one or more items for purchase; and paid defendants with a Discover-branded credit card. At the point of sale, cashier "Shawnice" electronically printed a receipt on behalf of defendants, jointly and severally, containing the first 5 digits *and* last 4 digits of

plaintiff's credit card account number, which is a direct violation of FACTA.  (Redacted copies of plaintiff's credit card receipts discussed herein are annexed hereto.)

35. On January 4, 2015, plaintiff visited defendants' retail store in Wayne, New Jersey; selected one or more items for purchase; and paid defendants with a Discover-branded credit card.  At the point of sale, cashier "Melissa" electronically printed a receipt on behalf of defendants, jointly and severally, containing the first 5 digits *and* last 4 digits of plaintiff's credit card account number, which is a direct violation of FACTA.  (Redacted copies of plaintiff's credit card receipts discussed herein are annexed hereto.)

**FACTA Overview**

36. In 2003, FACTA was enacted in an effort to prevent identity theft and credit card fraud.  The statute makes it more difficult for identity thieves to obtain consumers' credit and debit card information by reducing the amount of information identity thieves could retrieve from found or stolen credit or debit card receipts.

37. 15 U.S.C. §1681c(g)(1) provides that:

> [N]o person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.

38. FACTA details the civil liability for willful noncompliance:

> §1681n.  Civil liability for willful noncompliance
>
> (a) In general, any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of –
>
> (1)
>
> (A) Any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; or

\*   \*   \*

>  (2) such amount of punitive damages as the court may allow; and
>
>  (3) in the case of any successful action to enforce any liability under this section, the costs of this action together with reasonable attorneys fees as determined by the court …

**Defendants' Violations Were Willful**

39. In response to the passage of FACTA, businesses nationwide changed their debit and credit card processing machines so that the prohibited information would not be printed on receipts.

40. VISA, MasterCard, the PCI Security Standards Council -- a consortium founded by VISA, MasterCard, American Express, and JCB -- companies that sell cash registers and other devices for the processing of credit card and debit card payments, and other entities informed defendants about FACTA, including its specific requirements concerning the truncation of credit card and debit card numbers and prohibition of the printing of expiration dates, and defendants' need to comply with same.

41. As part of their merchant rules or card management guidelines, which were provided and agreed to by retailers, such credit card companies regulate the truncation of certain consumer information on receipts and imposed penalties on merchants who failed to comply with them.

42. In addition, the card issuing organizations required compliance with FACTA by contract, in advance of FACTA's mandatory compliance date.  For example, the August 12, 2006, edition of "Rules for Visa Merchants" (p. 62), which is distributed to and binding upon all merchants that accept Visa-branded credit and debit cards, expressly requires that "only the last 4 digits of an account number should be printed on the customer's copy of the receipt" and the

"expiration date should not appear at all."  These statements were accompanied by a picture of a receipt showing precisely what had to be removed.  VISA required compliance by July 1, 2006, five months ahead of the statutory deadline.

43. The 2011 version of the "Card Acceptance Guidelines for Visa Merchants" which, upon information and belief, is distributed to and binding on all merchants that accept Visa cards -- including defendants -- expressly requires, among other things, "all but the last four digits of the account number [to] be suppressed on the cardholder copy of the transaction receipt."  These rules were in place prior to plaintiff's foregoing transactions.  Defendants accept Visa-branded credit cards and therefore are parties to a contract requiring compliance with this requirement.

44. The February 2012 version of MasterCard's Security Rules and Procedures Manual for merchants provides, among other things, that all electronically printed receipts "must reflect only the last four (4) digits" of a customer's card account number.  These rules were in effect prior to plaintiff's foregoing transactions.  Defendants accept MasterCard-branded credit cards and therefore are parties to a contract requiring compliance with this requirement.

45. In May 2007, the Federal Trade Commission issued a press release detailing the foregoing truncation requirements of FACTA.

46. Despite the many forms of notice given to defendants about the truncation requirements applicable to debit/credit card receipts, defendants continued to print prohibited information on customer receipts at all relevant times.  Defendants did so even despite notifications prior to the enactment of FACTA truncation requirements, as well as those pertaining to the special attention and handling of customer credit/debit card information vis-à-vis electronically printed sales receipts

47.     Defendants have systematically and continually provided customers at the point of sale electronically printed credit/debit card receipts containing prohibited card information identified in 15 U.S.C. §1681c(g)(1).

48.     Defendants' knowledge of the FACTA requirements is evidenced by their removal of expiration dates, only, from all their credit and debit card receipts.  In spite of FACTA's simple truncation requirements, defendants affirmatively chose to continue their unlawful practice to display more than the last 5 digits of credit or debit cards, for the sole purpose of distinguishing one customer from another, particularly where two or more random customers use a credit/debit card bearing account numbers with the same last 4 or 5 digits.

49.     By displaying more digits than allowed under FACTA to monitor each customer's specific purchases and returns, compile such data from stores across the United States, and share same within the entire J. Crew network, defendants committed an act specifically prohibited under FACTA and chose to run a risk of violating the law substantially greater than any interpretation of FACTA that is merely careless.

50.     Defendants' violations -- at least until January 4, 2015 -- were not an accident or an isolated oversight.  Rather, defendants knowingly, intentionally, and willfully continued to use devices that were not programmed to, or otherwise did not comply with FACTA in order to distinguish one customer from another and monitor his or her purchases and returns throughout their stores across the entire United States.  Even after updating their credit/debit card equipment, hardware, and software to remove expiration dates in accordance with FACTA, for instance, defendants recklessly chose *not* to comply with other legal truncation requirements and prioritized their internal sales recordkeeping over federal law.

51. Defendants knew that their receipt-printing practices contravened consumer rights under FACTA, or, at a minimum, recklessly disregarded the legal protections afforded by the FACTA. As a result of such knowing, intentional, willful and reckless disregard of the law, plaintiff and the putative class were placed at a much greater risk of credit card fraud and/or identity theft -- precisely what FACTA was enacted to protect against.

## COUNT I

## VIOLATION OF FACTA

52. Plaintiff hereby incorporates by reference the allegations contained in the above paragraphs of this Complaint as if fully set forth herein.

53. Defendants accept credit cards and debit cards in the course of transacting business with persons such as plaintiff and the other class members. In transacting such business, defendants use cash registers or other machines or devices that print receipts electronically for credit card and debit card transactions.

54. After December 4, 2006, the deadline for FACTA compliance, defendants, at the point of sale or transaction, provided plaintiff and the other class members with electronically printed receipts, each of which prominently displayed the first 5 digits *and* last 4 digits of each credit or debit card received and processed for payment.

55. Defendants knew or should have known about the legal truncation requirements and prohibition against the printing of anything more than the last 5 digits of a credit or debit card or were otherwise reckless not knowing such information in light of the information readily available to them.

13 | P a g e

56. Defendants accept Discover, American Express, Visa and MasterCard branded credit and debit cards and, therefore, are a party to a contract(s) requiring compliance with the foregoing truncation requirements.

57. Defendants' use of software, devices and machines that print receipts in violation of FACTA was either willful, knowing or reckless.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as to all issues so triable as a matter of right, pursuant to Fed. R. Civ. P. 38(b)(1) and 38(c).

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff requests the Court to enter judgment in favor of plaintiff and the class members and against defendants, **J. CREW GROUP, INC.**; **J. CREW INC.**; **J. CREW INTERMEDIATE LLC**; **J. CREW INTERNATIONAL, INC.**; **J. CREW OPERATING CORP.**; **J. CREW SERVICES, INC.**; **CHINOS HOLDINGS, INC.**; and **CHINOS ACQUISITION CORPORATION**, jointly and severally, as follows:

   a. Statutory damages of $100 to $1,000 per violation;

   b. Attorneys fees, litigation expenses, and costs;

   c. Any and all such further relief as this Court deems just and proper, including punitive damages.

Date: January 10, 2015

                              **ROBERT A. SOLOMON, P.C.**

By: /s/ *Robert A. Solomon*
    Robert A. Solomon (RS2895)
    rsolomon@metrolaw.com

    91 Pacific Street
    Newark, NJ 07105
    (973) 344-6587 Telephone
    (973) 344-7604 Facsimile

**FRANK & BIANCO LLP**

By: /s/ *Marvin L. Frank*
    Marvin L. Frank (MF1436)
    mfrank@frankandbianco.com

    275 Madison Avenue, Suite 801
    New York, New York 10016
    (212) 682-1818 Telephone
    (212) 682-1892 Facsimile

**NABLI & ASSOCIATES, P.C.**
    Khaled (Jim) El Nabli
    NY Attorney Registration No.: 2865509
    Jim_elnabli@nablilaw.com
    60 East 42nd Street, Suite 1101
    New York, New York 10165
    (212) 808-0716 Telephone
    (212) 808-0719 Facsimile

*Counsel for Plaintiff and the Class*

# J.CREW

Ocean City Tanger Outlet Cente
12741 Ocean Gateway, Suite 760
Ocean City, MD 21842
410-213-7891

```
Trans: 3758      Date: 12/18/14 2:06 PM
Store: 135       Register: 3
Sales Associate:
  344017 (Elise)
Cashier: Lauren
```

| Item | Qty | Price | Amount |
|---|---|---|---|
| 37804:fty oxford shirt., WD6906, XL | | | |
| 099103037002 | 1 | 29.97 | 10.19 |
| 60% Off Clearance | | | (17.98) |
| Item Disc (15%) | | | (1.80) |

```
                    Subtotal      10.19
                    Sales Tax      0.61

                    Total         10.80
```

**Amount Tendered**
Discover                                10.80
             **7908
   Auth #: 01809R
   Transaction Type: Sale
   Entry Method: Swiped
   Auth Time: 2:06 PM

**Change**                                0.00

**Sales Tax Analysis**

| Agency | Rate% | Taxable | Tax |
|---|---|---|---|
| MARYLAND (State) | 6% | 10.19 | 0.61 |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
         You have saved $19.78
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

J.Crew accepts returns of unworn,
unwashed, undamaged or defective
merchandise for full refund or
exchange within 30 days of original
purchase. Original receipt must
accompany merchandise purchased by
cash or check. Requests to
exchange merchandise received as a
gift must be accompanied by a gift
receipt. See store location or

# J.CREW

Rehoboth
36454 Seaside Outlet Drive - S
Rehoboth Beach, DE 19971
302-226-1377

```
Trans: 7568       Date: 12/22/14 3:31 PM
Store: 38         Register: 2
Sales Associate:
 0 (House)
Cashier: Shawnice


Item      Qty        Price       Amount
53602:men's ss poly no pocket tee, BL6844,
XL
099102935709  1    19.50          8.29
Item Disc (50%)                  (9.75)
Item Disc (15%)                  (1.46)


                   Subtotal       8.29
                   Sales Tax      0.00

                   Total          8.29
```

Amount Tendered
Discover
████████**7908                    8.29
   Auth #: 02251R
   Transaction Type: Sale
   Entry Method: Swiped
   Auth Time: 3:30 PM

Change                             0.00

Sales Tax Analysis

Agency              Rate%  Taxable   Tax
DELAWARE (State)    0%     8.29      0.00

************************************************
         You have saved $11.21
************************************************

J.Crew accepts returns of unworn,
unwashed, undamaged or defective
merchandise for full refund or
exchange within 30 days of original
purchase. Original receipt must
accompany merchandise purchased by
cash or check. Requests to
exchange merchandise received as a
gift must be accompanied by a gift
receipt. See store location or
www.jcrew.com for full return policy.

Read our privacy policy at
http://www.jcrew.com/privacy

Thank you for shopping at J.Crew.

SOLD ITEM COUNT = 1


T11313H11411G944AHX13

Customer Copy

# J.CREW

Willowbrook
1665 Willowbrook Mall
Wayne, NJ 07470
973-890-7120

```
Trans: 8400      Date: 1/4/15 2:18 PM
Store: 644       Register: 1
Sales Associate:
  0 (House)
Cashier: Melissa
```

| Item | Qty | Price | Amount |
|---|---|---|---|
| 91918:CLASSIC REPP PQ POLO, BL8133, XL | | | |
| 099102956775 | 1 | 42.50 | 42.50 |

```
                    Subtotal     42.50
                    Sales Tax     0.00

                    Total        42.50
```

**Amount Tendered**
Discover                                42.50
         **7908
    Auth #: 00443R
    Transaction Type: Sale
    Entry Method: Swiped
    Auth Time: 2:17 PM

**Change**                              0.00

**Sales Tax Analysis**

| Agency | Rate% | Taxable | Tax |
|---|---|---|---|
| NEW JERSEY (State) | 0% | 42.50 | 0.00 |

J.Crew accepts returns of unworn,
unwashed, undamaged or defective
merchandise for full refund or
exchange within 30 days of original
purchase. Original receipt must
accompany merchandise purchased by
cash or check. Requests to
exchange merchandise received as a
gift must be accompanied by a gift
receipt. See store location or
www.Jcrew.com for full return policy.

Read our privacy policy at
http://www.Jcrew.com/privacy

Thank you for shopping at J.Crew.

SOLD ITEM COUNT = 1

T1131XQ11311HG44AN77J

Customer Copy