# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

------------------------------------- X
                       :

AHMED KAMAL, on behalf of himself and
the putative class,
                       :   Case No. 2:15-cv-00190-WJM-MF

        Plaintiff,
                       :   *ELECTRONICALLY FILED*

      v.
                       :

J. CREW GROUP, INC., et al.
                       :   Returnable:  April 6, 2015

        Defendants.
                       :   ORAL ARGUMENT REQUESTED

                       :
------------------------------------- X

---

## DEFENDANTS' BRIEF IN SUPPORT OF THEIR
## MOTION TO DISMISS THE COMPLAINT

---

**DLA PIPER LLP (US)**
51 John F. Kennedy Parkway, Suite 120
Short Hills, New Jersey 07078-2704
Telephone No.: (973) 520-2550
Fax No.: (973) 520-2551
*Attorneys for Defendants*

Of Counsel:
    Keara Gordon (*pro hac vice* pending)
    Andrew O. Bunn

On the Brief:
    James V. Noblett
    Steven R. Marino

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................. 1

STATEMENT OF FACTS ...................................................................................... 3

ARGUMENT ............................................................................................................ 7

I.      THE COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A PLAUSIBLE CLAIM OF WILLFUL NON-COMPLIANCE ......................... 7

    A.      Generalized Allegations About FACTA Do Not Plausibly Show That J. Crew Willfully Violated FACTA ......................................................... 7

    B.      Allegations That J. Crew Had Actual Knowledge of FACTA Do Not, Without More, Plausibly Show J. Crew Willfully Violated FACTA .................. 8

    C.      The Complaint is Devoid of any Factual Allegations to Support a Plausible Inference that J. Crew Willfully Violated FACTA ............................ 12

        i.      Plausibility Requires More Than a Possibility and Speculation is Insufficient ............................................................................... 12

        ii.      Mere Guesses and Speculation Are Insufficient, Particularly Given J. Crew's Eight-Year Period of Compliance............................................ 13

II.      DISMISSAL IS APPROPRIATE BECAUSE ACCEPTANCE OF KAMAL'S ARGUMENTS WOULD LEAD TO ABSURD RESULTS ......................... 14

III.      DISMISSAL IS APPROPRIATE BECAUSE FACTA WAS NOT INTENDED TO LEAD TO THE PROLIFERATION OF MERITLESS LITIGATION ................... 15

IV.      AT A MINIMUM, THIS COURT SHOULD DISMISS ALL DEFENDANTS WHO ARE NOT PROPER PARTIES TO THIS LAWSUIT ......................... 16

V.      IN THE ALTERNATIVE, THIS COURT SHOULD STRIKE MEMBERS FROM THE PUTATIVE CLASS WHO WERE ISSUED NON-COMPLIANT RECEIPTS PRIOR TO JANUARY 10, 2010 ................................................ 17

VI.      CONCLUSION........................................................................................... 18

## <u>TABLE OF AUTHORITIES</u>

CASES

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)........................................................................................................12, 14

*Bachrach v. Chase Inv. Servs. Corp.*,
Civ. No. 06-2785 (WJM), 2007 WL 3244186 (D.N.J. Nov. 1, 2007)....................................18

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)..................................................................................................................14

*Beyond Sys. Inc. v. Kraft Foods Inc.*,
--- F.3d ---, 2015 WL 451944 (4th Cir. Feb. 4, 2015) .............................................................4

*Bonner v. Redwood Mortg. Corp.*,
No. C. 10-00479 WHA, 2010 WL 2528962 (N.D. Cal. June 18, 2010)...................................6

*Crupar-Weinmann v. Paris Baguette Am., Inc.*,
No. 13 Civ. 7013(JSR), 2014 WL 2990110 (S.D.N.Y. June 30, 2014),
*recons. den.*, 2014 WL 4337978 (S.D.N.Y. Sept. 2, 2014) ............................................ passim

*Fullwood v. Wolfgang's Steakhouse, Inc.*,
No. 13 Civ. 7174(KPF), 2014 WL 6076733 (S.D.N.Y. Nov. 14, 2014) ........................ passim

*Gardner v. Appleton Baseball Club, Inc.*,
No. 09–C–705, 2010 WL 1368663 (E.D. Wis. March 31, 2010)...........................................11

*Johnson v. Maynard*,
Civil Action No. 11-4677(RMB), 2013 WL 6865584 (D.N.J. Dec. 23, 2013) .............3, 12, 13

*Katz v. Donna Karan Int'l, Inc.*,
14 Civ. 740 (PAC), 2015 WL 405506 (S.D.N.Y. Jan. 30, 2015) ................................... passim

*Long v. Tommy Hilfiger, U.S.A., Inc.*,
671 F.3d 371 (3d Cir. 2012)........................................................................................... passim

*Miller-Huggins v. SpaClinic, LLC*,
No. 09 C 2677, 2010 WL 963924 (N.D. Ill. March 11, 2010) .................................................7

*O'Connor v. Trans Union, LLC*,
No. 05-cv-74498, 2008 WL 4910670 (E.D. Mich. Nov. 13, 2008)..........................................6

*Parker v. Dep't of Justice*,
Civil Action No. 14-4938(RMB), 2014 WL 3954994 (D.N.J. Aug. 13, 2014)......................14

*Pearson v. Component Tech. Corp.*,
    241 F.3d 471 (3d Cir. 2001)............................................................................16

*Peterson v. Imhof*,
    Docket No. 13-cv-537(WJM), 2014 WL 2949438 (D.N.J. June 30, 2014)............................12

*Reed v. Swatch Group (US)*,
    Civil Action No. 14-896(ES), 2014 WL 7370031 (D.N.J. Dec. 29, 2014) ............................6

*Rosenthal v. Longchamp Coral Gables LLC*,
    603 F. Supp. 2d. 1359 (S.D. Fla. 2009) ............................................................7,8

*Safeco Ins. Co. of Am. v. Burr*,
    551 U.S. 47 (2007)....................................................................................2, 6

*Schmidt v. Skolas*,
    770 F.3d 241 (3d Cir. 2014)..........................................................................4

*Seo v. CC CJV Am. Holdings*,
    No. CV 11-05031 DDP, 2011 WL 4946507 (C.D. Cal. Oct. 18, 2011) ...................................7

*Varley v. U.S.*,
    Civil Action No. 14-3832(RMB), 2014 WL 3817150 (D.N.J. Aug. 4, 2014)........................12

*Vidoni v. Acadia Corp.*,
    No. 11-cv-00448-NT, 2012 WL 1565128 (D.Me April 27, 2012) ...........................10

### STATUTES

15 U.S.C. § 1681a(b) ............................................................................................5

15 U.S.C. § 1681c(g)(1) ....................................................................................1, 5

15 U.S.C. § 1681c(g)(3)(A) ............................................................................14

15 U.S.C. § 1681n ............................................................................................2

15 U.S.C. § 1681n(a)(1)(A) ............................................................................2, 6

15 U.S.C. § 1681n(a)(3) ....................................................................................6

15 U.S.C. § 1681n(c) ........................................................................................6

15 U.S.C. § 1681n(d) ...................................................................................15, 16

15 U.S.C. § 1681o ............................................................................................1

15 U.S.C. § 1681o(a)(1) ..................................................................................1, 5

15 U.S.C. § 1681o(a)(2) ...................................................................................................6

15 U.S.C. § 1681o(b) ......................................................................................................6

15 U.S.C. § 1681p .....................................................................................................15, 17

Fair and Accurate Transaction Act of 2003 ....................................................... passim

Fair Credit Reporting Act ...............................................................................................5

Pub.L. No. 110-241, § 2(a)(1) ........................................................................................5

Pub.L. No. 110-241, § 2(a)(3) ...................................................................................15, 17

Pub.L. No. 110-241, § 2(a)(4) ......................................................................................15

Pub.L. No. 110-241, § 2(b) ...........................................................................................16

## OTHER AUTHORITIES

Rule 8 .......................................................................................................................11, 12

Rule 8(a) ..................................................................................................................7, 13, 16

Rule 12(b)(6) ..............................................................................................................3, 16

## PRELIMINARY STATEMENT

Plaintiff Ahmed Kamal, who resides in Manhattan, made one purchase a piece at three separate J. Crew stores between December 18, 2014 and January 4, 2015.  Although J. Crew operates eight stores in Manhattan that sell men's clothes, Kamal did not make a single purchase from one of those locations during this two-and-one-half week period.  Instead, he traveled hundreds of miles to and from Maryland, Delaware, and New Jersey, and he made a nominal purchase at one store in each of those states.  Kamal alleges that for each transaction, J. Crew violated the Fair and Accurate Credit Transaction Act of 2003 ("FACTA") because the receipts issued to him disclosed more than the last five digits of his credit card.  Kamal does not allege that he suffered any actual damages as a result.  However, in what is an apparent attempt to generate class action litigation, Kamal, and his counsel (who are serial filers of FACTA complaints) seek to recover millions of dollars in statutory penalties and attorneys' fees based on J. Crew's purported "willful" violation of FACTA.[1]  Their attempts to do so should be rejected.

FACTA states that retailers shall not "print more than the last 5 digits of the [credit] card number or the expiration date upon any receipt provided to the cardholder."  15 U.S.C. § 1681c(g)(1).  The ability to sustain a private right of action under FACTA depends upon whether the defendant's non-compliance was negligent or willful.  15 U.S.C. § 1681n; 15 U.S.C. § 1681o.  If the conduct is merely negligent, a plaintiff must plead evidence that he or she suffered actual damages—e.g. the customer's receipt was stolen and the information therein was used to make unauthorized purchases.  15 U.S.C. § 1681o(a)(1).  If a plaintiff has no actual damages, he or she may only recover damages if he or she pleads facts that demonstrate the merchant's non-compliance was more than negligent, rising to the level of a "willful" violation.  15 U.S.C. §

---

[1] Several of J. Crew's present and former affiliates that have no involvement in this dispute are improperly included as defendants.  *See* Section IV.  References to "J. Crew" in this Motion only refer to defendant J. Crew Group, Inc.

1681n(a)(1)(A); *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57-58 (2007).  The Complaint asserts a willful violation only.

The Complaint alleges that J. Crew had actual knowledge of FACTA's requirements, and J. Crew's non-compliance with FACTA therefore supports, *ipso facto*, a claim for a willful violation.  This logic is flawed.  Even if J. Crew had actual knowledge of the statute's requirements, FACTA is a two-tier liability scheme that expressly contemplates that non-compliance may be the result of conduct less than willfulness, such as mere negligence.  Indeed, Kamal's New York counsel has twice filed complaints in the Southern District of New York proffering the same theory for willful violations, but in each instance, the district court recognized that willful violations require more than knowledge of FACTA's requirements and non-compliance so as to not write negligence out of the statute.  *See Crupar-Weinmann v. Paris Baguette Am., Inc.*, No. 13 Civ. 7013(JSR), 2014 WL 2990110 (S.D.N.Y. June 30, 2014) (dismissing complaint with prejudice), *recons. den.*, 2014 WL 4337978 (S.D.N.Y. Sept. 2, 2014); *Fullwood v. Wolfgang's Steakhouse, Inc.*, No. 13 Civ. 7174(KPF), 2014 WL 6076733 (S.D.N.Y. Nov. 14, 2014) (finding the complaint failed to meet requisite standard, but granting leave to file an amended complaint).

In an attempt to overcome those adverse decisions in a new forum, the Complaint further alleges that J. Crew acted willfully in order to track its customers.  These allegations fail to meet the willfulness threshold because they are implausible and conclusory.  First, although Kamal alleges that he is a "loyal" J. Crew customer, the first instance of non-compliance that he observed of willful conduct allegedly happened on December 18, 2014.  FACTA's compliance requirements went into effect on December 4, 2006, and there are no facts pled to suggest that J. Crew was not in full compliance with FACTA for eight years, until December 2014.  At most,

the pleading suggests that J. Crew was in partial compliance during the time frame at issue (the month and year of the expiration date and at least some digits of the plaintiff's credit card number were *not* printed).  Yet, Kamal is asking this Court to accept the notion that after eight years of full compliance, J. Crew knowingly or recklessly decided to ignore a federal statute and subject itself to class action litigation and statutory penalties of $100 to $1,000 *per customer*.  It is implausible that J. Crew would suddenly knowingly or recklessly deviate from past practices and risk draconian financial penalties without any potential offsetting gain.

Second, the conclusory allegation that J. Crew desired to track customers is nothing more than Kamal's and his counsel's "mere guesses or . . . self-serving deducements, speculations, [or] bold conclusions" that can be attributed to *any merchant that sells goods*.  *Johnson v. Maynard*, Civil Action No. 11-4677(RMB), 2013 WL 6865584, at *5 (D.N.J. Dec. 23, 2013).  There are no facts alleged to back it up.  Conclusory allegations devoid of any factual predicate do not state a plausible claim for relief.  *Id.*  To hold otherwise and find that the Complaint states a willful violation would "render[] the pleading standards imposed by Rule 12(b)(6) meaningless; in practice, it would essentially permit all plaintiffs alleging willful FACTA violations to bypass Rule 12(b)(6) and proceed to discovery/summary judgment."  *Katz v. Donna Karan Int'l, Inc.*, 14 Civ. 740 (PAC), 2015 WL 405506, at *4 (S.D.N.Y. Jan. 30, 2015).

For these reasons and for those given below, the Complaint should be dismissed.

## STATEMENT OF FACTS

J. Crew is a nationally recognized "apparel and accessories retailer" that "offers a complete assortment of women's and men's apparel and accessories, including outerwear, loungewear, wedding attire, swimwear, shoes, bags, belts, hair accessories and jewelry."[2]  J.

---

[2] J. Crew Group, Inc., Annual Report for the Fiscal Year Ended February 1, 2014 (Form 10-K), at 3, http://www.sec.gov/Archives/edgar/data/1051251/000156459014000961/jcg-

Crew operated 253 retail stores and 118 factory stores in the United States for the fiscal year ended February 1, 2014. (Form 10-K at 19-20). It operated retail stores in forty-three states, plus the District of Columbia, and factory stores in thirty-seven states. *Id.* Kamal resides in Manhattan, where there are eleven J. Crew stores alone, eight of which sell men's clothes.[3] Compl. at ¶ 15.

The Complaint alleges that Kamal made three purchases between December 18, 2014 and January 4, 2015. Compl. at ¶¶ 33-35. None of the purchases were made at a J. Crew location in Manhattan—or even in New York state—but in Maryland, Delaware, and New Jersey:

1. December 18, 2014: Kamal purchased an oxford shirt for $10.80 at the Ocean City, Maryland location;

2. December 22, 2014: Kamal purchased a t-shirt for $8.29 at the Rehoboth Beach, Delaware location; and

3. January 4, 2015: Kamal purchased a polo shirt for $42.50 from the Wayne, New Jersey location (the Willowbrook Mall).[4]

---

10k_20140201.htm (hereinafter "Form 10-K"). This Court may consider "documents filed with the Securities and Exchange Commission because they are "matters of public record of which the court can take judicial notice." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014); *see also In re Intelligroup Secs. Litig.*, 527 F. Supp. 2d 262, 273 (D.N.J. 2007) (taking judicial notice of a Form 10-K in connection with a motion to dismiss).

[3] A listing of stores is available on J. Crew's website at https://stores.jcrew.com.

[4] J. Crew accepts Kamal's allegations as true for purposes of this Motion only. In the event the case survives this Motion (which it should not), J. Crew reserves its right to assert as a defense that Kamal's purchases in Maryland, Delaware, and New Jersey were intentional and part of a litigation strategy. *See, e.g.*, *Beyond Sys. Inc. v. Kraft Foods Inc.*, --- F.3d ---, 2015 WL 451944 (4th Cir. Feb. 4, 2015) (applying doctrine of *volenti non fit injuria*, or "no wrong is done to one who consents" where the plaintiff took steps to facilitate the conduct giving rise to the lawsuits) (internal quotation marks omitted). Indeed, it is unusual that a resident of Manhattan and "loyal" J. Crew customer, Compl. at ¶ 15, did not shop at one of the numerous J. Crew locations in Manhattan. Instead, one month after the Southern District of New York issued its decisions in *Fullwood*—Kamal's New York counsel's second attempt at pleading a willful FACTA violation—Kamal inexplicably traveled to Maryland, Delaware, and New Jersey to shop at J. Crew. Thus, Kamal's conduct suggests a calculated attempt to generate this lawsuit in a new forum in order to avoid the adverse outcomes his lawyers obtained in *Crupar-Weinmann* and *Fullwood* in the Southern District of New York.

*Id.*  In each instance, the receipt displayed, in addition to the last four digits of Kamal's credit card, the first five digits.  *Id.*  J. Crew partially complied with FACTA by redacting Kamal's name, the remaining digits, and the expiration date of his credit card.  *Id.*  There is no allegation that the receipts were given to anyone other than Kamal, or that Kamal suffered actual damages as a result of the appearance of the additional digits on his receipts.

## THE RELEVANT PROVISIONS OF FACTA

FACTA amended the Fair Credit Reporting Act in order to "prevent criminals from obtaining access to consumers' private financial and credit information in order to reduce identity theft and credit card fraud."  Pub. L. 110-241, § 2(a)(1).  The operative provision of FACTA states:

> [N]o person[5] that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction.

15 U.S.C. § 1681c(g)(1).

Liability under FACTA is based on a two-tiered system "dependent upon whether the violation was negligent or willful."  *Long v. Tommy Hilfiger, U.S.A., Inc.*, 671 F.3d 371, 374 (3d Cir. 2012).  First, if the violation was negligent, only "actual damages sustained by the consumer as a result of the failure" are recoverable.  15 U.S.C. § 1681o(a)(1).  In other words, statutory damages are not recoverable for negligent violations.  Second, if, in contrast, the conduct was willful, "actual damages sustained by the consumer as a result of the failure *or* damages of not less than $100 and not more than $1,000" are recoverable.  15 U.S.C. § 1681n(a)(1)(A); *see also*

---

[5] "Person," as defined in FACTA, includes "any individual, partnership, corporation, trust, estate, cooperative, association, government or governmental subdivision of agency, or other entity."  15 U.S.C. § 1681a(b).

*Long*, 671 F.3d at 374 (a plaintiff asserting a willful violation may "elect to recover either actual damages or statutory damages").

Willful violations require a showing that the defendant knowingly or recklessly violated FACTA. *Long*, 671 F.3d at 376 (citing *Safeco*, 551 U.S. at 57-58). A knowing violation occurs when the defendant acts deliberately "with a purpose [to] disobey or disregard the law." *Reed v. Swatch Group (US)*, Civil Action No. 14-896(ES, 2014 WL 7370031, at *3 (D.N.J. Dec. 29, 2014) (alteration in original) (internal quotation marks omitted). Recklessness, on the other hand, entails a "disregard of the safety of another" that leads to an "an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Safeco*, 551 U.S. at 68-69 (internal quotation marks omitted).

FACTA provides for the recovery of attorney's fees and costs upon a "successful action to enforce liability" under either a negligent or willful violation. 15 U.S.C. § 1681n(a)(3); 15 U.S.C. § 1681o(a)(2). FACTA provides in the alternative that if a pleading alleging a negligent or willful violation was "unsuccessful" and "filed in bad faith or for the purpose of harassment, the court shall award to the prevailing party attorney's fees reasonable in relation to the work expended in responding to the pleading." 15 U.S.C. § 1681n(c); 15 U.S.C. § 1681o(b).[6]

---

[6] J. Crew reserves its right to seek attorneys' fees and costs pursuant to 15 U.S.C. § 1681n(c) if this Motion is granted and it is determined that the Complaint was filed in bad faith. *See, e.g.*, *Bonner v. Redwood Mortg. Corp.*, No. C. 10-00479 WHA, 2010 WL 2528962, at *4 (N.D. Cal. June 18, 2010) (granting attorneys' fees pursuant to 15 U.S.C. § 1681n(c) because the plaintiff filed the complaint "in bad faith"); *O'Connor v. Trans Union, LLC*, No. 05-cv-74498, 2008 WL 4910670, at *7 (E.D. Mich. Nov. 13, 2008) (granting attorneys' fees pursuant to 15 U.S.C. § 1681n(c)).

## ARGUMENT

### I.     THE COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A PLAUSIBLE CLAIM OF WILLFUL NON-COMPLIANCE.

The Complaint fails to state a plausible claim that J. Crew willfully violated FACTA. The Complaint contains three categories of allegations:  (1) generalized allegations about FACTA that are non-specific to J. Crew; (2) allegations that J. Crew was aware of FACTA's requirements; and (3) allegations that J. Crew violated FACTA in order to distinguish one J. Crew customer from another.  These allegations do not state a plausible claim under Rule 8(a) that J. Crew willfully violated FACTA.

#### A.     Generalized Allegations About FACTA Do Not Plausibly Show That J. Crew Willfully Violated FACTA.

At the outset, this Court should disregard all allegations regarding the publicity FACTA received after its passage, as well as recitals of contracts merchants in general entered into with credit card companies, such as Visa and MasterCard, that purportedly explained FACTA's requirements.  *See* Compl. at ¶¶ 39, 41-45.  These allegations "fail to establish either [J. Crew's] knowledge of FACTA or its knowing or reckless non-compliance."  *Crupar-Weinmann*, 2014 WL 2990110, at *4.  Instead, they are "generic allegations [that] are applicable to nearly all entities that are subject to FACTA's requirements."  *Id.*; *see also Seo v. CC CJV Am. Holdings*, No. CV 11-05031 DDP (MRWx), 2011 WL 4946507, at *2 (C.D. Cal. Oct. 18, 2011) ("The fact that information about FACTA was available to [defendant] does nothing to support . . . a willful violation of FACTA"); *Miller-Huggins v. SpaClinic, LLC*, No. 09 C 2677, 2010 WL 963924, at *2 (N.D. Ill. March 11, 2010) ("Plaintiff alleges that FACTA's requirements were well-publicized and that credit card companies required compliance with the statute, but these allegations are not specific to the defendant"); *Rosenthal v. Longchamp Coral Gables LLC*, 603 F. Supp. 2d 1359, 1362 (S.D. Fla. 2009) (recklessness "not established by the mere fact that

FACTA's requirements were well-publicized in the media and contained in Defendant's credit card agreements"). Consequently, Paragraphs 39 and 41-45 are not sufficient to raise a plausible inference of a willful violation of FACTA.

> ### B. Allegations That J. Crew Had Actual Knowledge of FACTA Do Not, Without More, Plausibly Show J. Crew Willfully Violated FACTA.

Kamal alleges that J. Crew had actual knowledge of FACTA. Compl. at ¶ 40. However, actual knowledge of FACTA's requirements and non-compliance is not *ipso facto* evidence of a willful violation of FACTA. This is because it is plausible that the non-compliance may have been the result of mere negligent conduct, as opposed to knowing or reckless conduct. Recent decisions in the wake of *Iqbal/Twombly* have reinforced that FACTA's two-tier scheme of liability requires more than actual knowledge of FACTA's requirements and non-compliance to state a claim for a willful violation of FACTA.

Paragraph 40 of the Complaint states as follows:

> VISA, MasterCard, the PCI Security Standards Council -- a consortium founded by VISA, MasterCard, American Express, and JCB -- companies that sell cash registers and other devices for the processing of credit card and debit card payments, and other entities **informed defendants about FACTA**, including its specific requirements concerning the truncation of credit card and debit card numbers and prohibition of the printing of expiration dates, and defendants' need to comply with same.

(Emphasis added). This general allegation *is taken verbatim* from three recent complaints filed in the Southern District of New York alleging FACTA violations, two of which were filed by the same New York counsel as Kamal's counsel here. Specifically, this allegation appears in paragraph 31 of the complaint in *Crupar-Weinmann v. Paris Baguette America, Inc.* and paragraph 31 of the first amended complaint in *Fullwood v. Wolfgang's Steakhouse*, both of which were filed by Kamal's New York counsel. *Crupar-Weinmann* (Case 1:13-cv-07013-JSR, Dkt. Entry #: 1); *Fullwood* (Case 1:13-cv-07174-KPF, Dkt. Entry #: 5). This allegation also

appears in paragraph 38 of the complaint in *Katz v. Donna Karan Int'l, Inc.* (Case 1:14-cv-00740-PAC, Dkt. Entry #: 1). In each case, the defendants filed motions to dismiss. The district court granted the motions *with prejudice* in *Crupar-Weinmann* and *Katz*. *Crupar-Weinmann*, 2014 WL 2990110, at *5; *Katz*, 2015 WL 405506, at *4. In *Fullwood*, the district court found that the first amended complaint did not state a plausible claim of a willful violation, but denied the motion to dismiss in light of a second amended complaint that the plaintiff attached to its opposition to the motion to dismiss. *Fullwood*, 2014 WL 6076733, at *14-16. The defendant in *Fullwood* has since moved to dismiss the second amended complaint. *See* Case 1:13-cv-07174-KPF, Dkt. #: 31. This Court should similarly find that the Complaint does not state a *plausible* claim of a *willful* violation of FACTA.

In *Crupar-Weinmann*, the plaintiff alleged that the defendant was in partial non-compliance with FACTA "by providing her with a receipt that contained the full expiration date of her credit card." *Crupar-Weinmann*, 2014 WL 2990110, at *1. The complaint in that case contained the exact same allegation as contained in Paragraph 40 here, as well as other allegations that the defendant allegedly had actual notice of FACTA and its requirements. *Id.* at *2-3.

The district court dismissed the complaint because regardless of whether the defendant had actual knowledge of FACTA's requirements, there were no allegations that the defendant knowingly or recklessly violated the statute, especially in light of the defendants' partial compliance with the statute:

> However, even those four paragraphs of the Complaint, which are the only allegations that plausibly suggest that defendant knew about FACTA's requirements, **do not support a plausible inference that defendant knew that it was violating FACTA**. The allegations contained in paragraphs 31, 33, and 39 very clearly show only that defendant, at best, was aware of

> FACTA and its requirements because it received information
> on FACTA compliance from credit card companies.
>
> . . . .
>
> . . . However, even this fact, if accepted as true, does not plausibly
> suggest that plaintiff acted knowingly or recklessly to violate
> FACTA.  **Rather, the fact that defendant changed its credit
> card receipt to partially comply with FACTA's requirements
> renders implausible the claim that defendant was attempting
> to willfully evade FACTA's restrictions**. Plaintiff neither
> alleges nor offers any reason for this Court to plausibly infer
> that the defendant would know about FACTA's requirements
> and change its credit card receipt to comply with one
> portion of FACTA, but would intentionally, knowingly,
> or recklessly choose not remove the expiration date.

*Id.* at *4 (emphasis added).  As a result, the district court found that those allegations, at best,

supported an inference "that defendant *negligently* violated FACTA, which does not suffice to

state a claim in a case such as this, in which plaintiff does not allege actual damages." *Id.*

(emphasis in original).  The district court denied the plaintiff's motion for reconsideration and

dismissed the case with prejudice, reiterating that the plaintiff "has pleaded no facts that make it

plausible that defendant was anything other than 'merely careless' in not complying with the

statute." *Crupar-Weinmann v. Paris Baguette Am., Inc.* ("*Crupar-Weinmann II*"), No. 13-cv-

7013(JSR), 2014 WL 4337978, at *1-2 (S.D.N.Y. Sept. 2, 2014).

    This analysis was reiterated in *Katz* and *Fullwood*.[7]  For example, *Katz* applied *Crupar-*

*Weinmann*'s analysis to a receipt that redacted expiration dates, but printed more than the last

---

[7] The principle that actual knowledge of FACTA's requirements is insufficient to state a willful
violation claim is not limited to courts in New York.  In *Vidoni v. Acadia Corp.*, the District
Court of Maine stated:  "Merely being aware of a statute, then, is insufficient to state a claim for
willfulness.  In cases where the Defendant is aware of a statute's requirements, the Plaintiff must
also allege that there was something more than a negligent violation, *i.e.* a voluntary, deliberate,
or intentional violation."  No. 11-cv-00448-NT, 2012 WL 1565128, at *4 (D.Me April 27, 2012).

four digits of the plaintiff's credit card (identical to the allegations here).  *Katz*, 2015 WL 405506, at *1.  Citing *Crupar-Weinmann*, the district court in *Katz* stated:

> Certainly, there are sufficient factual allegations to infer Defendants knew of FACTA's applicability, but there are no factual allegations supporting a plausible inference that Defendants knew their conduct violated the truncation requirements or that Defendants consciously chose to violate FACTA.  Moreover, Plaintiff's claim is **rendered further implausible by the complaint's failure to reconcile Defendants' partial compliance . . . with its alleged willful non-compliance.**
>
> . . . .
>
> At most, Plaintiff's well pleaded facts permit the Court to infer that Defendant negligently violated FACTA.

*Id.* at *4 (citing *Crupar-Weinmann*, 2014 WL 2990110, at *4) (emphasis added); *see also Fullwood*, 2014 WL 6076733, at *7 (stating that the court "further agrees that a complaint 'must plead facts to support a plausible inference that defendant knew that its conduct was violating the statute, and not simply that defendant knew about the existence of the statutory provision at issue,'" and granting the plaintiff leave to amend in accordance with that standard) (quoting *Crupar-Weinmann*, 2014 WL 2990110, at *4).

The same conclusions are required here.  *See, e.g.*, *Gardner v. Appleton Baseball Club, Inc.*, No. 09–C–705, 2010 WL 1368663, at *6 (E.D. Wis. March 31, 2010) ("*Twombly* and *Iqbal* teach that such cut-and-paste jobs are not a substitute for real facts that plausibly 'show,' under Rule 8, that the Plaintiff is entitled to relief").  Here, Kamal asserts that J. Crew willfully violated FACTA, but, as explained further, there are no factual allegations to support a plausible inference that J. Crew knowingly or recklessly violated FACTA.  Kamal does not—and cannot—assert a negligence claim, and the failure to plead a willful violation by J. Crew is the end of the road.

-11-

**C.      The Complaint is Devoid of any Factual Allegations to Support a Plausible Inference that J. Crew Willfully Violated FACTA.**

As is obvious from the dismissal in *Crupar-Weinmann* and *Fullwood*'s reiteration of the standard set forth in that case, Kamal's counsel was on notice that without actual damages (which are absent here), in order to survive a motion to dismiss Kamal must allege specific facts that demonstrate J. Crew knowingly or recklessly violated FACTA.  In an apparent attempt to do so, the Complaint alleges that J. Crew knowingly and/or recklessly violated FACTA in order to distinguish one customer from another.  Compl. at ¶¶ 48-50.  These conclusory allegations are insufficient because they do not support a *plausible* inference that J. Crew *knowingly or recklessly* violated FACTA.

**i.       Plausibility Requires More Than a Possibility, and Speculation is Insufficient.**

In assessing whether a complaint states a plausible claim for relief, it is axiomatic that "plausibility requires more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  It is well-established that a plaintiff "cannot plead his mere guesses or his self-serving deducements, speculations, [or] bold conclusions" to elevate an alleged wrong from possible to plausible.  *Johnson*, 2013 WL 6865584, at *5; *see also Varley v. U.S.*, Civil Action No. 14-3832(RMB), 2014 WL 3817150, at *3 (D.N.J. Aug. 4, 2014) ("Rule 8 should state the *facts* underlying a plaintiff's claim, not . . . plaintiff's self-serving conclusions, bold deducements, factless conjecture or alternative speculations").  Moreover, courts are to "'draw on [their] experience and common sense'" in assessing plausibility.  *Peterson v. Imhof*, Docket No. 13-cv-537(WJM), 2014 WL 2949438, at *2 (D.N.J. June 30, 2014) (quoting *Iqbal*, 556 U.S. at 663-64).

> ii.   **Mere Guesses and Speculation Are Insufficient, Particularly Given J. Crew's Eight-Year Period of Compliance.**

There are no facts pleaded in the Complaint from which a plausible inference can be drawn that J. Crew willfully violated FACTA *in order to track customers*.

As an initial matter, Kamal alleges that J. Crew desired to distinguish customers "within the entire J. Crew network," and brings this action on behalf of a nationwide class.  Compl. at ¶ 27 (defining the class as "all persons" without a geographic limit), ¶ 49.  During fiscal year ended February 1, 2014, J. Crew operated 253 retail stores and 118 factory stores in the United States.  (Form 10-K at 19-20).   During a two-and-one-half week period, Kamal made purchases at three out of 371 total stores (0.8%) across the United States.  *Compare* Compl. at ¶¶ 33-35, *with* Form 10-K at 19-20.  This limited sample hardly supports the claim that J. Crew violated FACTA on a nationwide basis.

Putting aside the geographic claim, the Complaint is nonetheless deficient because the purported explanation as to why J. Crew willfully violated FACTA—to distinguish one customer from another—is conclusory.  The Complaint merely assumes—without any factual support or elaboration—that because J. Crew sells goods, J. Crew *must have* (i) desired to track its customers' purchases, and (ii) to do so, J. Crew knowingly or recklessly made the decision to violate FACTA.  These assumptions are deficient under Rule 8(a) for the following reasons.

- *First*, they are nothing more than Kamal's and his counsel's improper "guesses or [their] self-serving deducements, speculations, [or] bold conclusions."  *Johnson*, 2013 WL 6865584, at *5.  Indeed, this behavior is not specific to J. Crew, but an alleged desire to track customers could be attributed to *any retailer* with a high volume of sales.

- *Second*, Kamal does not allege that J. Crew violated FACTA prior to the first receipt at issue, December 18, 2014.  As an allegedly "loyal customer" of J. Crew, Compl. at ¶ 15, Kamal would have known if J. Crew violated FACTA prior to that date, but he fails to substantiate such a claim with any factual allegations.  Kamal's allegations of willful conduct cannot be reconciled with J. Crew's apparent full compliance with

FACTA for **eight years** and partial compliance for the three receipts at issue.[8]  The notion that J. Crew followed FACTA's dictates for years and then willfully or recklessly decided to change course, violate a federal statute, and subject itself to millions of dollars in potential penalties is absurd and defies all logic.  Doing so would mean that J. Crew effectively decided to risk financial ruin in exchange for no offsetting potential economic gain.

- *Third*, these allegations offer no factual basis to overcome an "obvious alternative explanation" to willful behavior, such as mere negligence or inadvertence resulting from a computer programming error.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 567 (2007).  As previously discussed, Kamal does not plead a negligence claim because he has not suffered any actual damages.  As such, negligent conduct is not enough.

- *Fourth*, these allegations, at best, could suggest a "possibility" of willful behavior.  However, "plausibility requires more than a sheer possibility that a defendant has acted unlawfully."  *Iqbal*, 556 U.S. at 678.

Simply put, "when a litigant bases his claim on mere speculations and self-serving deducements that 'something is clearly amiss,' such allegations are dismissed for failure to state a claim upon which relief can be granted."  *Parker v. Dep't of Justice*, Civil Action No. 14-4938(RMB), 2014 WL 3954994, at *3 (D.N.J. Aug. 13, 2014).

## II.   DISMISSAL IS APPROPRIATE BECAUSE ACCEPTANCE OF KAMAL'S ARGUMENTS WOULD LEAD TO ABSURD RESULTS.

For all of the reasons set forth above, precedent requires dismissal of the Complaint, which ends the inquiry.  It bears noting that, in addition, the Complaint is nothing more than a series of allegations that can be imputed to virtually any merchant that sells goods to consumers.  If an individual buys any type of goods from a retailer and is issued a receipt in non-compliance with FACTA, he or she can file a putative class action lawsuit.  Under Kamal's theory, that individual could proceed past a motion to dismiss and force the defendant into onerous and

---

[8] FACTA was enacted in 2003 and compliance was first required three years later, beginning on December 6, 2006.  15 U.S.C. § 1681c(g)(3)(A).

expensive class discovery spanning a five year period[9] by alleging nothing more than that the retailer must have acted willfully because it wanted to track its customers' purchases.

As *Katz* instructs, Kamal is wrong:

> [A]ttempts at alleging recklessness—a higher standard, triggering statutory damages—cannot be achieved by merely alleging negligence—a lower standard, triggering actual damages. **Such a conflation not only erodes the difference between negligence and recklessness, but it also renders the pleading standards imposed by Rule 12(b)(6) meaningless**; in practice, it would essentially permit all plaintiffs alleging willful FACTA violations to bypass Rule 12(b)(6) and proceed to discovery/summary judgment.

*Katz*, 2015 WL 405506, at *4 (emphasis added).

As a result, dismissal is also appropriate here in order to ensure that the plausibility and willfulness standards are given meaning.

## III. DISMISSAL IS APPROPRIATE BECAUSE FACTA WAS NOT INTENDED TO LEAD TO THE PROLIFERATION OF MERITLESS LITIGATION.

The legislative history is clear that FACTA was not intended to burden companies with abusive litigation, such as the Complaint filed in this case. Therefore, dismissal of the Complaint will be consistent with—and not offensive to—FACTA's underlying purpose.

After FACTA was passed in 2003, "many merchants mistakenly believed that [FACTA] would be satisfied solely by truncating the card number and not the expiration date." *Long*, 671 F.3d at 374; Pub.L. No. 110-241, § 2(a)(3). As a result, "hundreds of lawsuits were filed alleging that the failure to remove the expiration date was a willful violation . . . even where the account number was properly truncated." Pub.L. No. 110-241, § 2(a)(4). In response, Congress amended FACTA so that any merchant who printed an expiration date, but otherwise complied with FACTA up until June 3, 2008, "shall not be in willful noncompliance" with FACTA. 15

---

[9] FACTA's statute of limitations states that no claim may be brought more than "5 years after the date on which the violation that is the basis for such liability occurs." 15 U.S.C. § 1681p.

U.S.C. § 1681n(d).  In doing so, Congress explicitly noted its intent to "ensure that consumers suffering from any actual harm to their credit or identity are protected *while simultaneously limiting abusive lawsuits that do not protect consumers but only result in increased cost to business and potentially increased prices to consumers*."  Pub.L. No. 110-241, § 2(b) (emphasis added).

It is clear that the intent of FACTA was *not* to open the floodgates to litigation.  In order to prevent the stated "abusive lawsuits that do not protect consumers," Rule 8(a) must mean something—a plaintiff is required to plead more than mere speculation in order to state a plausible willful violation of FACTA.  Accordingly, dismissal of the Complaint is appropriate not only under Rule 12(b)(6), but also pursuant to the underlying intent and purpose of FACTA.

## IV.   AT A MINIMUM, THIS COURT SHOULD DISMISS ALL DEFENDANTS WHO ARE NOT PROPER PARTIES TO THIS LAWSUIT.

Even if the Court were to deny this Motion (which it should not), all defendants but J. Crew Group, Inc. should be dismissed because they are not proper parties to this lawsuit.

Kamal alleges that pursuant to a merger, Chinos Holdings, Inc. acquired J. Crew Group, Inc. "by merging its subsidiary defendant, Chinos Acquisition Corporation with . . . J. Crew Group, Inc., which remained the surviving corporation."  Compl. at ¶ 25.  As a result, defendant Chinos Acquisition Corporation no longer exists and should be dismissed from this action. Furthermore, Chinos Holding, Inc. is the parent of J. Crew Group, Inc., and there are no allegations in the Complaint to suggest that the corporate veil of the parent should be pierced. *See Pearson v. Component Tech. Corp.*, 241 F.3d 471, 484 (3d Cir. 2001) (stating it is "deeply ingrained in our economic and legal systems that a parent corporation . . . is not liable for the acts of its subsidiaries").

With respect to the six J. Crew entities listed as defendants, two of them—J. Crew Intermediate LLC and J. Crew Services, Inc.—no longer exist and should be dismissed. Moreover, J. Crew Inc., J. Crew International, Inc., and J. Crew Operating Corp. are subsidiaries of J. Crew Group, Inc. *See* J. Crew Group, Inc., Subsidiaries of J. Crew Group, Inc. (Ex. 21.1), http://www.sec.gov/Archives/edgar/data/1051251/000119312511072649/dex211.htm. Kamal alleges that J. Crew Group, Inc., the surviving corporation from the merger described above, "became the face of the 'J. Crew' name throughout the world," Compl. at ¶ 25, and there are no facts pled alleging its three subsidiaries were involved at all in the purportedly willful decision to violate FACTA. Accordingly, the lack of any specific allegations as to J. Crew Inc., J. Crew International, Inc., and J. Crew Operating Corp. warrant their dismissal, leaving only J. Crew Group, Inc. as the sole defendant (if the case survives this Motion at all).

## V. IN THE ALTERNATIVE, THIS COURT SHOULD STRIKE MEMBERS FROM THE PUTATIVE CLASS WHO WERE ISSUED NON-COMPLIANT RECEIPTS PRIOR TO JANUARY 10, 2010.

Even if the rest of this Motion is denied, this Court should in the alternative strike the allegation in Paragraph 27 that the proposed class is made up of J. Crew customers "to whom defendants provided an electronically printed receipt at the point of sale or transaction occurring *after June 3, 2008* . . . ."[10] Compl. at ¶ 27 (emphasis added).

FACTA is governed by a five-year statute of limitations, 15 U.S.C. § 1681p, and the Complaint was filed on January 10, 2015. Therefore, the broadest permissible class period, if any, would be from January 10, 2010 to January 10, 2015. *See Fullwood*, 2014 WL 6076733, at *16-17 (granting motion to strike where the plaintiff disregarded the five-year statute of

---

[10] In amending FACTA in 2008, Congress provided a grace period against willful violation claims to June 3, 2008 for merchants who mistakenly believed truncating the card number—but not the expiration date—was all that was required to comply with FACTA. *Long, 671 F.3d at 374*; Pub.L. No. 110-241, §2(a)(3).

limitations and also defined the class beginning on June 3, 2008); *see also Bachrach v. Chase Inv. Servs. Corp.*, Civ. No. 06-2785 (WJM), 2007 WL 3244186, at *2 (D.N.J. Nov. 1, 2007) (class was "overinclusive" because it included claims barred by the statute of limitations).

## VI.   CONCLUSION

For the foregoing reasons, the Complaint should be dismissed.


Respectfully submitted,

**DLA PIPER LLP (US)**

s/ Andrew O. Bunn
Andrew O. Bunn
James V. Noblett
Steven R. Marino
DLA Piper LLP (US)
51 John F. Kennedy Parkway, Suite 120
Short Hills, New Jersey 07078-2704
Telephone: (973) 520-2562
Facsimile: (973) 520-2582
*Attorneys for Defendants*

Keara Gordon (*pro hac vice* pending)
DLA Piper LLP (US)
1251 Avenue of Americas
New York, New York 10020-1104
Telephone: (212) 335-4632
Facsimile: (212) 884-8632
*Attorneys for Defendants*

Dated: February 23, 2015