UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AHMED KAMAL, on behalf of himself and the putative class, | ) ) ) ) |
| Plaintiff, | ) Case No. 2:15-cv-00190-WJM-MF ) |
| v. | ) ) Returnable 05/18/2015 |
| J. CREW GROUP, INC., *et al.*, | ) ) |
| Defendants. | ) ) ) |

---

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT

---

**ROBERT A. SOLOMON, P.C.**
91 PACIFIC STREET
NEWARK, NJ 07105
(973) 344-6587
*Attorneys for Plaintiff and the Putative Class*


*On the Brief*

    Robert A. Solomon

## TABLE OF CONTENTS

Table of Authorities ................................................................ ii

    Cases ........................................................................... ii

    Statutes ........................................................................iv

    Rules ............................................................................v

    Secondary Sources ..........................................................v

Preliminary Statement ............................................................1

Facts Pleaded in the Amended Complaint ................................5

Legal Argument ....................................................................8

    Standard for Dismissal ......................................................8

    The Relevant FACTA Sections ..........................................11

    I.  Defendants' violation of FACTA was willful. ..............................12

    II. Defendants' authority cited is irrelevant. ....................................18

    III.J. Crew's request for dismissal of some defendants is premature at best. ....21

Conclusion .........................................................................21

# TABLE OF AUTHORITIES

## Cases

*Arista Records, LLC v. Doe 3,*
    604 F.3d 110 (2d Cir. 2010) ...........................................................................11

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009).......................................................................... 9-10, 20

*Bell Atlantic Corp. v. Twombly,*
    550 U.S. 544 (2007)........................................................................... 8-11, 20

*Caviness v. Aramark Correctional Services, LLC,*
    Civ. Action No. 14-07068 (D.N.J. Apr. 15, 2015) .............................................9

*Cortez v. Trans Union, LLC,*
    617 F.3d 688 (3d Cir. 2010) ........................................................ 14-15

*Crupar-Weinmann v. Paris Baguette America, Inc.,*
    Civ. Action No. 13-07013 (JSR) ................................................. 18-19

*Farmer v. Brennan,*
    511 U.S. 825 (1994).......................................................................13, 16

*Fowler v. UPMC Shadyside,*
    578 F.3d 203 (3d Cir. 2009) ...............................................................9

*Fuges v. Southwest Financial Services, Ltd.,*
    707 F.3d 241 (3d Cir. 2012) .........................................................2-3, 14-15, 17

*Fullwood v. Wolfgang's Steakhouse,*
    Civ. Action No. 13-07174 (KPF) ................................................. 18-19

*Galgay v. Gil-Pre Corp.,*
    864 F.2d 1018 (3d Cir. 1988) ..........................................................19

*Hammer v. Sam's East, Inc.,*
    754 F.3d 492 (8th Cir. 2014) ................................................... 15-16

*Hedges v. United States*,
    404 F.3d 744 (3d Cir. 2005) .................................................................8

*Idahoan Fresh v. Advantage Produce, Inc.*,
    157 F.3d 197 (3d Cir. 1998) ...............................................................11

*Kaplan v. First Options of Chicago, Inc.*,
    19 F.3d 1503 (3d Cir. 1994) ...............................................................*19*

*Katz v. Donna Karan International, Inc.*,
    Civ. Action No. 14-00740 (PAC)......................................................18

*Long v. Sears Roebuck & Co.*,
    105 F.3d 1529 (3d Cir. 1997) ...................................................... 18-19

*Long v. Tommy Hilfiger U.S.A.*,
    671 F.3d 371 (3d Cir. 2012) .....................................2-3, 11, 13-17, 19

*McLaughlin v. Richland Shoe Co.*,
    486 U.S. 128 (1988)............................................................................13

*Morse v. Lower Merion School District*,
    132 F.3d 902 (3d Cir. 1997) .................................................................9

*Phillips v. County of Allegheny*,
    515 F.3d 224 (3d Cir. 2008) .................................................................9

*Piemonte v. Viking Range, LLC*,
    Civ. Action No. 14-00124 (D.N.J. Feb. 9, 2015) ......................... 9-10

*Ransom v. Marrazzo*,
    848 F.2d 398 (3d Cir. 1988) .............................................................190

*Redman v. Radioshack Corp.*,
    768 F.3d 622 (7th Cir. 2014) ................................................... 4, 16-17

*Reed v. The Swatch Group (US) Inc.*,
    Civ. Action No. 14-00896 (Dec. 29, 2014) .........................................9

*Safeco Ins. Co. of America v. Burr*,
    551 U.S. 47 (2007)....................................................................2, 4, 12-15, 17, 20

*Shannon v. Pleasant Valley Community Living Arrangements, Inc.*,
    82 F.Supp.2d 426 (W.D. Pa. 2000).....................................................................18

*Slade v. Board of School Directors*,
    702 F.3d 1027 (7th Cir. 2012) ...........................................................................16

*State Farm Mutual Automobile Insurance Co. v. Bates*,
    542 F.Supp. 807 (N.D. Ga. 1982)......................................................................19

*Threadgill v. Armstrong World Industries, Inc.*,
    928 F.2d 1366 (3d Cir. 1991) .............................................................................19

*Trans World Airlines, Inc. v. Thurston*,
    469 U.S. 111 (1985)............................................................................................13

*Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*,
    140 F.3d 478 (3d Cir. 1998) .................................................................................8

*Umland v. PLANCO Financial Services, Inc.*,
    542 F.3d 59 (3d Cir. 2008) ................................................................................ 8-9

*Warth v. Seldin*,
    422 U.S. 490 (1975)..............................................................................................8

*Wassell v. Adams*,
    865 F.2d 849 (7th Cir. 1989) .............................................................................16

## <u>Statutes</u>

15 U.S.C. §1681 .....................................................................................................1

15 U.S.C. §1681c(g) .........................................................................................1, 21

15 U.S.C. §1681c(g)(1)........................................................................ 11, 17, 19-20

15 U.S.C. §1681n(a) ......................................................................................2-3, 11-12

15 U.S.C. §1681n(d) ................................................................20

## <u>Rules</u>

Fed. R. Civ. P. 8(a)(2) ..............................................................9

Fed. R. Civ. P.  12(b)(6) ................................................ 1, 8-9, 18, 20

## <u>Secondary Sources</u>

Black's Law Dictionary (Bryan A. Garner ed., 8th ed. 2004) ................................16

Prosser and Keeton §34 ............................................................13

Plaintiff, Ahmed Kamal, by and through his undersigned counsel, respectfully submits this memorandum of law in opposition to J. Crew Group, Inc., J. Crew Inc., J. Crew Intermediate LLC, J. Crew International, Inc., J. Crew Operating Corp., J. Crew Services, Inc., Chinos Holdings, Inc. and Chinos Acquisition Corporation's (collectively, "**J. Crew**" or "**Defendants**") motion to dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(6).

### PRELIMINARY STATEMENT

Plaintiff brings this action under the 2003 amendment to the Fair Credit Reporting Act ("**FCRA**"), 15 U.S.C. §1681, *et seq*. -- the Fair and Accurate Credit Transactions Act of 2003 ("**FACTA**"), 15 U.S.C. §1681c(g) -- over certain credit card transactions that took place in Defendants' retail stores located in New Jersey, Maryland and Delaware. FACTA is a remedial statute which Congress enacted 12 years ago to combat the rampant and destructive epidemic of credit card[1] fraud and identity theft arising from the dangerous combination of rapidly enhancing technology in the hands of enterprising criminals.

In order to protect the public, Congress prohibited merchants from printing receipts from credit card purchases that display "*more than the last 5 digits of the card number*," along with the expiration date of the credit card. *Id.* (emphasis added). In wake of the inevitable financial disaster arising from credit card fraud

---

[1] References to credit card(s) also include debit card(s).

and identity theft, Congress mandated harsh penalties[2] for any merchant that recklessly failed to implement this simple adjustment to their receipt printing practices.  This case concerns plaintiff's receipts from 3 different stores owned and operated by J. Crew: Although it followed FACTA in truncating the expiration date of plaintiff's credit card, J. Crew does not dispute that its receipts expose *10 digits* of plaintiff's credit card account number.[3]  Notwithstanding, J. Crew now seeks to dismiss this entire action in any event because it complains that we failed to plead enough to show its willful noncompliance with FACTA.

Strangely, one item missing from J. Crew's moving arguments also happens to be the most important: That is the correct standard for pleading a willful FACTA violation in the Third Circuit.  In recent years, the Third Circuit has rendered two decisions that provide the compass for pleading a willful FACTA violation in accordance with the leading Supreme Court case of *Safeco Ins. Co. of America v. Burr*, 551 U.S. 47 (2007): *Long v. Tommy Hilfiger U.S.A.,* 671 F.3d 371 (3d Cir. 2012), followed by *Fuges v. Southwest Financial Services, Ltd.,* 707 F.3d 241 (3d Cir. 2012).  As we demonstrate below, it is well-settled in the Third Circuit that a defendant's violation of FACTA is reckless -- and thus willful -- where such actionable conduct reflects an "objectively unreasonable" interpretation of the law.  Notwithstanding such guidance, J. Crew asks this Court

---

[2] *See* 15 U.S.C. §1681n(a).
[3] Docket Entry ("**D.E.**") 23-1 at p. 1

to ignore precedent completely and dismiss this entire case because "particularized facts" specifically catered to them have not been alleged.  J. Crew cannot be more mistaken and its want of such detail and particularity comport with a legal standard apparently applicable somewhere other than the Third Circuit.

Notwithstanding FACTA's very straight-forward truncation requirements, J. Crew's decision to run the risk of exposing plaintiff and other credit card customers alike to the dangers of credit card fraud and identity theft -- for at least *12 years* -- can only be explained by an interpretation of FACTA so objectively unreasonable that its admitted noncompliance with FACTA was reckless.  As we demonstrate below, such egregious circumstances trigger liability for statutory damages under Section 1681n(a).  In sum, no matter how FACTA is read or interpreted, there is absolutely no basis in FACTA or the many related decisions from appellate courts across the country to justify J. Crew's conduct or provide any extenuating circumstances to mitigate its liability thereunder, particularly where J. Crew elected to comply with only one of FACTA's two *very simple* requirements. Perhaps realizing that it is otherwise defenseless, J. Crew throws countless red herrings at the Court[4], hoping that one will stick and persuade this Honorable Court to follow one or more *distinguishable* decisions rendered in sister courts, while exerting no effort whatsoever to conceal the fact that *Long* and *Fuges*

---

[4] For instance, J. Crew accuses plaintiff of forum shopping, somehow believing that its *12 stores in the Garden State* will never subject it to litigation in this judicial district.

provide ample guidance.   In the words of Judge Richard Posner, there is an "inference of willfulness" where a defendant's interpretation of a statute is neither "possible" nor "plausible," nor "possibly even correct."[5]  Once its interpretation of the law is considered "objectively unreasonable," a defendant's conduct -- *viz.*, noncompliance with FACTA -- is deemed reckless and thus willful under *Safeco*.

At the end of the day, this is not a case about a defendant having carelessly interpreted FACTA: Nor can any rational argument be made to overcome the "inference of willfulness" that shrouds J. Crew.  This case is about J. Crew's recklessness and willful noncompliance with the simplest instructions not to display "*more than the last 5 digits of the card number*" and imprudent decision to expose plaintiff and many others to credit card fraud and identity theft in violation of federal law.  As this Honorable Court can see, plaintiff's amended complaint is replete with factual allegations which, when assumed true, state a claim under FACTA which is plausible.  Indeed, only one with insider knowledge can allege more, let alone facts reaching the level of "particularity" which J. Crew improperly seeks today.

J. Crew's application should be denied accordingly.

---

[5] *Redman v. Radioshack Corp.*, 768 F.3d 622, 627 (7th Cir. 2014).

## Facts Pleaded in the Amended Complaint

In 2003, FACTA was enacted in an effort to prevent identity theft and credit card fraud. (¶¶19-21.) The statute makes it more difficult for identity thieves to obtain consumers' credit card information by reducing the amount of personal information identity thieves can retrieve from found or stolen credit card receipts. (¶22-23.) Accordingly, Congress required retailers to truncate the personal information on their credit card receipts so that they display no more than "the last 5 digits of the card number or the expiration date[.]" (¶24.) To illustrate the extent of the problem with identity theft and credit card fraud, the consequences for willful noncompliance were purposely made severe: But retailers were given 3 years to comply with FACTA. (¶¶25-27.)

FACTA requirements were widely publicized among merchants and "retail trade associations" in a wide variety of industries. (¶¶28-34.) Since 2007, there has been authoritative Federal Trade Commission guidance on the truncation requirements of FACTA. (¶35.) In 2007, the Department of Justice provided commentary explaining the importance of truncating credit card numbers vis-à-vis the dangers of identity theft and "fraudulent charges." (¶36.)

Defendants had actual knowledge of FACTA's truncation requirements specifically including the requirement that no more than the last 5 digits of the credit card account numbers be printed on receipts presented to customers at the

point of sale. (¶43.)  For instance, VISA, MasterCard, companies that sell cash registers and other devices for the processing of credit card payments, and the PCI Security Standards Council -- a consortium founded by VISA, MasterCard, American Express, and JCB -- among others, informed defendants about FACTA, including its specific requirements concerning the redaction of credit card numbers. (¶44.)  As retailers who accept Discover, American Express, Visa and MasterCard branded credit cards, defendants' contracts with their credit card issuers were in effect at all times and prohibited defendants from printing more than the last 5 digits of customer credit card numbers. (¶¶45-46.)

For example, defendants' agreement concerning Visa-branded cards requires them to comply with "card acceptance guidelines" and "rules" prohibiting the display of more than "the last four digits of the [credit card] account number" on the "cardholder copy of the transaction receipt." (¶¶47-50, 59.)  Defendants' agreement concerning MasterCard-branded cards requires them to comply with "security rules and procedures" prohibiting the display of an expiration date and more than "the last four (4) digits" of any credit card number on a receipt. (¶¶51-54, 59.)  Defendants' agreement concerning Discover-branded cards requires them to comply with "merchant operating regulations," which obligated defendants to "truncate[]" credit card numbers on the "cardholder's copy" of the "transaction receipt." (¶¶55-57, 59.)

Defendants knew about and sought to comply with the foregoing truncation requirements because they printed the last four digits of credit card numbers only (in addition to the first 6 digits discussed below), and also blocked out the middle digits of the credit card number and the expiration date.  (¶¶58, 63.)  Also, J. Crew received communications from its merchant bank (or other entity that clears credit card payments for them), point of sale providers, and various trade associations, reminding it of the obligation to truncate customer credit card account numbers in accordance with FACTA.  (¶¶60-62.)

Importantly, at the behest of their senior management, defendants negotiated liability insurance coverage that specifically excluded FACTA coverage. This decision exposed J. Crew's investors and shareholders to an unjustifiably high, *uninsured* risk of harm that is obvious.   (¶¶64-65.)   Notwithstanding their knowledge of the dangers of identity theft and credit card fraud, Defendants affirmatively chose to present, or programmed their software/printers to issue, receipts to their customers at the point of sale or transaction which unlawfully displayed the first 6 digits of a credit card number.  (¶¶66-67.)

On December 18, 2014, plaintiff purchased one or more items at J. Crew's store in Ocean City, Maryland, with his Discover-branded credit card.  Plaintiff was given a receipt displaying "the first six digits *and* the last four digits" of his card number.  (¶68; D.E. 21 at p. 20.)  On December 22, 2014, plaintiff purchased

one or more items at J. Crew's store in Rehoboth Beach, Delaware, with his Discover-branded credit card.  Plaintiff was given a receipt displaying "the first six digits *and* the last four digits" of his card number.  (¶69; D.E. 21 at p. 21.)  On January 4, 2015, plaintiff purchased one or more items at J. Crew's store in Wayne, New Jersey, with his Discover-branded credit card.  Plaintiff was given a receipt displaying "the first six digits *and* the last four digits" of his card number.  (¶70; D.E. 21 at p. 22.)

## LEGAL ARGUMENT

### Standard for Dismissal

This Honorable Court has already set forth the following standard for dismissal applicable here:

> "Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted.  The moving party bears the burden of showing that no claim has been stated.  *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).  In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff.  *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998).

> Although a complaint need not contain detailed factual allegations, 'a plaintiff's obligation to provide the grounds' of his entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.' *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is 'plausible on its face.' *See id.* at 570; *see also Umland v. PLANCO Financial Services, Inc.*,

542 F.3d 59, 64 (3d Cir. 2008).  A claim has 'facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(*citing Twombly*, 550 U.S. at 556). While '[t]he plausibility standard is not akin to a probability requirement'... it asks for more than a sheer possibility.' *Id.*"

*Piemonte v. Viking Range, LLC*, Civ. Action No. 14-00124 (D.N.J. Feb. 9, 2015)(Martini, J.); *see Fowler v. UPMC Shadyside*, 578 F.3d 203, 211-212 (3d Cir. 2009); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008)(Fed. R. Civ. P. 8(a)(2) requires only "short and plain statement of the claim and its grounds" (quoting *Twombly*, 550 U.S. at 555)); *Morse v. Lower Merion School District*, 132 F.3d 902, 906 (3d Cir. 1997)(court "not required to accept sweeping legal conclusions cast as factual allegations"); *Caviness v. Aramark Correctional Services, LLC*, Civ. Action No. 14-07068 (D.N.J. Apr. 15, 2015)(trial court "must accept all allegations ... as true, viewing them in the light most favorable to the plaintiff" (quoting *Phillips*, *supra*); *Reed v. The Swatch Group (US) Inc.*, Civ. Action No. 14-00896 (Dec. 29, 2014)(on Rule 12(b)(6) motion, court "does not decide factual issues [including "defendant's state of mind, such as knowledge or willfulness"] and takes plaintiff['s] well-pleaded factual allegations as true" (quoting *Fowler*, 578 F.3d at 213)).

We offer a brief rebuttal to J. Crew's want of "particularized facts" specifically catered to Defendants *only*.  Defendants devote more than half their

moving papers to (a) comparing the amended complaint here with pleadings in unrelated matters *still pending* in the State of New York, (b) recycling myriad arguments raised by the defendants in those cases, (c) invoking decisions rendered by New York trial courts and (d) demanding this Court somehow to impose a heightened pleading requirement akin to the "particularity" standard under Fed. R. Civ. P. 9(b) simply because they believe plaintiff's allegations were copied and pasted from other complaints.[6]   There is absolute no basis or legal support -- and J. Crew cites none -- for its absurd proposition.   Notwithstanding Defendants and their attorneys' personal attacks on plaintiff and his representation,[7] J. Crew completely misunderstands and understates the import of *Twombly* and *Iqbal*, as this Court explained in *Piemonte*: *Twombly* specifically does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face."   550 U.S. at 570; *Iqbal*, 556 U.S. at 678.   Not surprisingly, the *Twombly* plausibility standard recognizes pleadings based on

---

[6] Ironically, while defendants accuse us of recycling complaints and arguments, their attorneys piggyback on the arguments raised by our adversaries in unrelated FACTA actions venued in New York.

[7] In their footnote 16, defendants and their attorneys strike us below the belt and refer to a defendant's anticipated Rule 11 motion in an unrelated FACTA case brought by plaintiff's New York counsel here.   (In one form or another, defendants allude to a similar "bad faith" application in their footnote 8.)   This Honorable Court should not condone such unprofessionalism and shameless tactics, which are evidenced by defense counsel's deliberate omission of the Southern District of New York's outright rejection of purported "copy and paste" theories to support a Rule 11 motion.   Not surprisingly, defense counsel in the unrelated action abandoned his imprudent plans.

"information and belief."  *See e.g.*, *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120-121 (2d Cir. 2010).[8]

## The Relevant FACTA Sections

In response to the growing danger to a person's identity and personal information in the wrong hands, Congress enacted FACTA to protect against identity theft and credit card fraud.  In pertinent part, Congress provided:

> "[N]o person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction."

15 U.S.C. §1681c(g)(1).  Like any remedial legislation, FACTA must be "construed broadly to effectuate its purpose."  *Long*, 671 F.3d at 375, *citing Idahoan Fresh v. Advantage Produce, Inc.*, 157 F.3d 197, 202 (3d Cir. 1998).  To incentivize retailers to comply with FACTA, the statute details the liability for willful noncompliance:

> Any person who willfully fails to comply with any requirement imposed under his subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of --
>
> (1)(A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000, whichever is greater;

---

[8] *Twombly* itself is informative because the complaint there alleged an antitrust conspiracy based on information and belief.  The complaint failed not because its allegations were based on information and belief or did not pertain to the defendants, but because it did not support that allegation with sufficient subsidiary factual allegations.

*    *    *

(2) such amount of punitive damages as the court may allow; and

(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

15 U.S.C. §1681n(a).

## I.    Defendants' violation of FACTA was willful

Preliminarily, J. Crew does not dispute having violated FACTA on 3 separate occasions, as set forth in the amended complaint.  Rather, J. Crew's entire position rests on the unsupportable claim that plaintiff has not plausibly pleaded that J. Crew has "willfully" violated FACTA.  Defendants' arguments supporting their application have been tried and tested already in various courts and, in fact, were not only *rejected* long ago by the Supreme Court in *Safeco*, but also contradict controlling law in the Third Circuit and the majority of case law throughout the entire country.

In *Safeco*, the Supreme Court dismissed the argument that a plaintiff must demonstrate the defendants' *knowledge* in order to demonstrate willfulness under FACTA:

> "[Defendants] argue that liability under §1681n(a) for 'willfully fail[ing] to comply' with FCRA goes only to acts known to violate the Act, not to reckless disregard of statutory duty, *but we think they are wrong*. … [W]here willfulness is a statutory condition of civil liability, we have generally taken it to cover not only knowing violations of a standard, but

> reckless ones as well.' *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128,
> 132-133 (1988); ... *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111,
> 125-126 (1985)[.]"

*Safeco*, 551 U.S. at 57. Under *Safeco*, therefore, a company subject to the FCRA

acts in "reckless disregard" where its action taken is a "violation under a

reasonable reading of the statute's terms" and "shows that the company ran a risk

of violating the law substantially greater than the risk associated with a reading that

was merely careless." *Id.*, 551 U.S. at 69. Stated another way,

> "While 'the term recklessness is not self-defining,' the common law has
> generally understood it in the sphere of civil liability as conduct violating
> an objective standard: action entailing 'an unjustifiably high risk of harm
> that is either known or so obvious that it should be known.'[] *Farmer v.
> Brennan*, 511 U.S. 825, 836 (1994); *see* Prosser and Keeton §34, at 213-
> 214."

*Safeco*, 551 U.S. at 68-69 (finding no willfulness where misreading of statute was

"not objectively unreasonable" and reckless due to "dearth of guidance and the

less-than-pellucid statutory text": This "falls well short of raising the 'unjustifiably

high risk' of violating the statute necessary for reckless liability").

Following *Safeco*, the Third Circuit addressed the question of exactly what

conduct evidences reckless or willfulness -- *i.e.*, an interpretation of the law that is

"objectively unreasonable." In *Long*, *supra*, a FACTA case in Pennsylvania where

a retailer was accused of printing *half* the expiration date of the plaintiff's credit

card, the Third Circuit found the defendant's interpretation of FACTA not to be

"objectively unreasonable" because the retailer defendant's decision to truncate

only half the expiration date has "some foundation in the text" of FACTA and the absence of any definition of or appellate court guidance on the term, "expiration date." *Id.*, 671 F.3d at 377.[9]

 Shortly after *Safeco*, the Third Circuit decided *Fuges v. Southwest Financial Services, Ltd.*, 707 F.3d 241 (3d Cir. 2012), a claim seeking statutory "willful" damages over the plaintiff's consumer credit report.  The *Fuges* court also applied the "objective reasonable" test under *Safeco* and based its decision on the same grounds set forth by the Supreme Court:

> "The District Court here was satisfied that conditions similar to those that had rendered *Safeco*'s reading of FCRA 'not objectively unreasonable' were present in this case.  First, the Court decided that the statutory definitions of 'consumer reporting agency' and 'consumer report' were ambiguous as applied to 'a company like Southwest that sells so-called 'current owner reports.' [] Second, the Court determined that Southwest's reading of FCRA[] … has a foundation in the statutory text.' [] Third, the Court found 'an absolute dearth of judicial or agency guidance regarding whether ... FCRA' covers the activities of Southwest. [] The District Court thus concluded that Southwest did not act recklessly with respect to FCRA.
>
>   \*  \*  \*
>
> [T]here is no judicial or agency guidance that would suggest that Southwest's reading of FCRA is contrary to the intended meaning of the provisions in question. [] Under *Safeco*, the inquiry is whether 'the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.' 551 U.S. at 69; *see also Cortez v. Trans Union, LLC*, 617 F.3d 688, 723 (3d Cir.

---

[9] *Safeco* also held that the defendant there did not interpret the law in a manner that is "objectively unreasonable" because the key term there also was not defined and otherwise "silent" vis-à-vis its conduct.

2010)(finding recklessness where defendant 'substantially risked acting in violation of [FCRA]').''

*Id.*, 707 F.3d at 252-253.   (Notwithstanding the relevance of *Fuges* to its application today, J. Crew completely omits the decision in its moving papers.)

Oddly, J. Crew makes no attempt to discuss the applicable willfulness pleading standard in the Third Circuit and devotes no more than a paragraph or two beginning at page 22 to its want of "particularized facts" under a purported standard applicable elsewhere.   Regardless whether he has alleged willfulness through Defendants' subjective knowledge, plaintiff has objectively demonstrated Defendants' recklessness as defined by *Safeco*.   The question of Defendants' recklessness ultimately boils down to a question of common sense: How many years does it take a business accepting credit cards everyday to investigate and implement very simple credit card procedures to avert any finding of "reckless disregard to [its] statutory duty," that is "objectively unreasonable." *Safeco*, *supra*; *see Fuges*, 707 F.3d at 250 (rejecting argument that "subjective bad faith must be taken into account in determining whether a defendant has acted recklessly, and therefore willfully, under FCRA").[10]

---

[10] Even assuming J. Crew attempts the successful arguments employed in *Safeco*, *Long* and *Fuges* (*i.e.*, an interpretation of the law that is objectively *reasonable*), the amended complaint alleges that there is and was administrative agency guidance (Federal Trade Commission) on FACTA's truncation requirements, notwithstanding the existence of appellate court guidance on what constitutes willful noncompliance of the prohibition against printing more than the "last 5 digits" of a credit card number.   *See e.g.*, *Hammer v. Sam's East, Inc.*, 754 F.3d 492 (8th Cir.

Judge Richard Posner's decision in a consolidated appeal captioned *Redman v. Radioshack Corp.*, *supra*, is informative.   Although *Redman* -- like *Long* -- involved receipts that displayed the year, and not the entire expiration date of credit card receipts, its rationale is equally applicable here insofar as the Seventh Circuit further unraveled "willfulness" in reliance on *Safeco*:

> "To act 'willfully' is, for purposes of civil law, to engage in conduct that creates 'an unjustifiably high risk of harm that is either known or so obvious that it should be known,' *Farmer v. Brennan*, 511 U.S. 825, 836 (1994) -- reckless conduct, in other words, as held in *Safeco* [], 551 U.S. [at] 56-60[,] but reckless conduct in the civil sense. Criminal recklessness is generally held to require 'knowledge of a serious risk to another person, coupled with failure to avert the risk though it could easily have been averted,' *Slade v. Board of School Directors*, 702 F.3d 1027, 1029 (7th Cir. 2012); *see also* Black's Law Dictionary 1298-99 (Bryan A. Garner ed., 8th ed. 2004), 'whereas in civil cases at common law it is enough that the risk, besides being serious and eminently avoidable, is obvious; it need not be known to the defendant.' *Slade*[,] 702 F.3d at 1029.
>
> The known or obvious risk in this case would be failing to delete the expiration date on the consumer's credit-card or debit-card purchase receipt, whereas to be guilty merely of negligence it would be enough that a reasonable person would have deleted it.  *See Wassell v. Adams*, 865 F.2d 849, 855 (7th Cir. 1989)."

*Id.*, 768 F.3d at 627.  Notwithstanding the Seventh Circuit's finding an "inference of willfulness" by virtue of its failure to truncate the entire expiration date, the defendant -- like Tommy Hilfiger in *Long* -- escaped FACTA liability because it was able to advance a reasonable interpretation of the statute: An interpretation

---

2014)(finding FACTA violation in Wal-Mart's printing of "more than the last five digits of the card number" but no willfulness on grounds not applicable here).

that is "possible, indeed plausible, possibly even correct" -- according to Judge Posner -- is "enough" to "negate [the] inference of willfulness." *Id.*, 768 F.3d at 640; *see Long*, 671 F.3d at 376 (quoting *Safeco*).

Ultimately, J. Crew cannot avail itself of the reasonable-interpretation defense asserted in *Long*, *Fuges* and *Redman*: No matter how FACTA is read or interpreted, there is absolutely no basis in FACTA or the many related decisions from appellate courts across the country to justify J. Crew's conduct or provide any extenuating circumstances to mitigate its liability thereunder, particularly where J. Crew elected to comply with only one of FACTA's two *very simple* requirements. *See Long*, 671 F.3d at 375 ("[w]ith respect to card numbers, Congress clearly indicated the scope of disclosure allowed by specifically stating that no merchant shall print 'more than the last 5 digits of the card number'" (quoting 15 U.S.C. §1681c(g)(1))).  J. Crew's recklessness -- willfulness -- is *indisputable* given the fact-laden amended complaint and its silence on the issue of recklessness or willfulness is *deafening*.[11]

---

[11] As we briefly mentioned earlier, J. Crew hopes the Court will focus on one of its many red herrings, including its belief that a motive -- or *mens rea* -- is necessary to inculpate a defendant under FACTA.  That is, J. Crew has no incentive *not* to comply with FACTA, willfully or not. However, a defendant's "intent or subjective bad faith … [is] expressly foreclosed by *Safeco*" because such evidence "is irrelevant when there is an objectively reasonable interpretation … that would allow the conduct in question."  *Fuges*, 707 F.3d at 250, *citing Long*, 671 F.3d at 371.

## II.    Defendants' authority cited is irrelevant

Defendants and their attorneys place *incredible* emphasis on 3 *pending* FACTA cases venued in the Southern District of New York: *Crupar-Weinmann v. Paris Baguette America, Inc.*,[12] *Fullwood v. Wolfgang's Steakhouse*,[13] and *Katz v. Donna Karan International, Inc.*[14]  Rather than stop at a New York District Court's rulings in each case and attempt to persuade the District of New Jersey either to adopt or follow them in some shape or form, Defendants spend countless pages comparing and contrasting the amended complaint and Rule 12(b)(6) arguments *here* with pleadings filed and arguments made in *Paris Baguette* and *Wolfgang*. Apparently, however, defendants do not realize that *none* of the decisions cited is relevant to or binding on this Honorable Court's Rule 12(b)(6) inquiry today.  We explain why.

It is well-settled in federal practice that *no* district court opinion -- let alone one seated outside the District of New Jersey -- has precedential value, even if it is published or affirmed (without a published opinion).  *Shannon v. Pleasant Valley Community Living Arrangements, Inc.*, 82 F.Supp.2d 426, 429 n. 8 (W.D. Pa. 2000), *citing Long v. Sears Roebuck & Co.*, 105 F.3d 1529, 1534 n. 7 (3d Cir.

---

[12] Civ. Action No. 13-07013 (JSR), now pending appeal before the Second Circuit under Docket No. 14-03709.

[13] Civ. Action No. 13-07174 (KPF), now pending the defendants' *second* motion to dismiss under Fed. R. Civ. P. 12(b)(6).

[14] Civ. Action No. 14-00740 (PAC), now pending appeal before the Second Circuit under Docket No. 15-00464.

1997); *Ransom v. Marrazzo*, 848 F.2d 398, 411 (3d Cir. 1988); *Kaplan v. First Options of Chicago, Inc.*, 19 F.3d 1503, 1511 n. 12 (3d Cir. 1994)(*citing Galgay v. Gil-Pre Corp.*, 864 F.2d 1018, 1021 & n. 5 (3d Cir. 1988)).   Even assuming defendants' 3 cases cited are venued in the District of New Jersey, the Third Circuit reinforced this notion:

> "Even where the facts of a prior district court case are, for all practical purposes, the same as those presented to a different district court in the same district, the prior 'resolution of those claims does not bar reconsideration by this Court of similar contentions. The doctrine of stare decisis does not compel one district court judge to follow the decision of another.' *State Farm Mutual Automobile Insurance Co. v. Bates*, 542 F.Supp. 807, 816 (N.D. Ga. 1982). [] Where a second judge believes that a different result may obtain, independent analysis is appropriate. *Id.*"

*Threadgill v. Armstrong World Industries, Inc.*, 928 F.2d 1366, 1371 (3d Cir. 1991).   But even had Defendants raised *Paris Baguette* and *Wolfgang* as persuasive authority in that both cases were brought by plaintiff's New York counsel here, the relevance of both cases is questionable at best: Both are distinguishable.

One, both *Paris Baguette* and *Wolfgang* concerned the failure of the FACTA defendants to truncate the *expiration date*, which is a FACTA violation in and of itself.[15]   Therefore, the analysis in *Paris Baguette* and *Wolfgang* varies greatly

---

[15] Strangely, defendants label their failure properly to truncate credit card account numbers as "partial compliance" simply because they truncated the expiration dates.   Under 15 U.S.C. §1681c(g)(1), however, the failure to truncate all but the last 5 digits of the card number" and the failure to truncate the "expiration date" are *each* a violation of FACTA. *Compare Long*, *supra*, (where "partial compliance" evidenced by defendant's truncation of only *half* the expiration date).

from any FACTA case arising from the failure to truncate account numbers because the "willfulness" issues arising from the failure to remove expiration dates are inextricably intertwined with 15 U.S.C. §1681n(d)("Clarification of willful noncompliance"), better known as the Credit and Debit Card Receipt Clarification Act of 2007.   And two, unlike the straightforward account number truncation provision in 15 U.S.C. §1681c(g)(1), any actions arising from the failure to truncate the expiration date alone is subject to Section 1681n(d), which expressly refutes any claim of "willful noncompliance" for printing expiration dates during a certain time period not applicable to the truncation requirement for credit card account numbers.

In spite of the plentiful appellate court guidance in the Third Circuit that is relevant to this Honorable Court's inquiry today under Fed. R. Civ. P. 12(b)(6) and the frequently-litigated issue of willfulness in wake of *Twombly*, *Iqbal*, *Safeco* and their Third Circuit progeny, Defendants apparently have chosen to rely on the 3 foregoing New York cases not for their merit or persuasive value, but in hopes of convincing the District of New Jersey simply to follow the Southern District of New York because defense counsel believes the complaints are either authored by the same lawyers or say the same thing.   To the extent their reliance on countless other favorable FACTA cases outside the Supreme Court and Third Circuit warrants any serious consideration, defendants omit, whether coincidentally or

conveniently, any discussion of the same -- if not greater -- number of FACTA cases within the same circuit or district that are *unfavorable* to them.  Given that the willfulness issue outside the Third Circuit is unsettled at best, defendants' reliance on FACTA decisions spanning from all over the country is misplaced and clouds the issues presented before this Court.

**III.    J. Crew's request for dismissal of some defendants is premature at best**

J. Crew presents no actual facts -- let alone any that are sworn, substantiated or verified -- but an isolated statement that several entities are subsidiaries of one or another, and that one or more defendants should be dismissed as improper parties accordingly.   At best, J. Crew's request is inappropriate at this time, particularly where all of plaintiff's claims in the amended complaint must be assumed true.

CONCLUSION

Plaintiff's allegations are consistent with Congress' intent.   In sum, J. Crew's interpretation of Section 1681c(g) is erroneous and objectively unreasonable given plaintiff's allegations, some of which are unique to them. While it argues relentlessly that the mere "awareness" of a law does not support a claim of a knowing or reckless violation of the law, J. Crew makes no attempt to explain how its many cited cases dealing with "barebones" pleadings are

applicable to the amended complaint.  Plaintiff's detailed allegations -- all presumed true -- state a cognizable and plausible FACTA claim.

For all the foregoing reasons, plaintiff and the putative class respectfully request the Court to deny Defendants' motion in its entirety.  In the event the Court dismisses the action in whole or in part, plaintiff respectfully requests leave to file a second amended complaint.

Dated: May 4, 2015

**ROBERT A. SOLOMON, P.C.**

By: /s/ Robert A. Solomon
    Robert A. Solomon (RS2895)
    rsolomon@metrolaw.com
    91 Pacific Street
    Newark, NJ 07105
    (973) 344-6587 Telephone
    (973) 344-7604 Facsimile

**FRANK & BIANCO LLP**
    Marvin L. Frank (MF1436)
    mfrank@frankandbianco.com
    275 Madison Avenue, Suite 705
    New York, New York 10016
    (212) 682-1853 Telephone
    (212) 682-1892 Facsimile

**NABLI & ASSOCIATES, P.C.**
    Peter Y. Lee (PL2405)
    peter.lee@leeadvocates.com
    Khaled (Jim) El Nabli
    Jim_elnabli@nablilaw.com
    60 East 42nd Street, Suite 1101
    New York, New York 10165
    (212) 808-0716 Telephone
    (212) 808-0719 Facsimile

*Counsel for Plaintiff and the Class*