## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---------------------------------------- X
                                         :
AHMED KAMAL, on behalf of himself and    :
the putative class,                      :  Case No. 2:15-cv-00190-WJM-MF
                                         :
            Plaintiff,                   :  *ELECTRONICALLY FILED*
                                         :
      v.                                 :
                                         :
J. CREW GROUP, INC., et al.              :  Returnable:  May 18, 2015
                                         :
            Defendants.                  :  ORAL ARGUMENT REQUESTED
                                         :
---------------------------------------- X

---

## DEFENDANTS' REPLY BRIEF IN FURTHER SUPPORT OF THEIR
## MOTION TO DISMISS THE AMENDED COMPLAINT

---

**DLA PIPER LLP (US)**
51 John F. Kennedy Parkway, Suite 120
Short Hills, New Jersey 07078-2704
Telephone No.: (973) 520-2550
Fax No.: (973) 520-2551
*Attorneys for Defendants*

Of Counsel:
    Keara M. Gordon (admitted *pro hac vice*)
    Andrew O. Bunn

On the Brief:
    James V. Noblett
    Steven R. Marino

## TABLE OF CONTENTS

Page

I.  KAMAL'S OPPOSITION IS WITHOUT MERIT BECAUSE NEGLIGENCE CANNOT BE WRITTEN OUT OF THE STATUTE ....................................................... 5

II. THERE IS NO LAW IN THE THIRD CIRCUIT TO SUPPORT KAMAL'S INTERPRETATION .................................................................................................. 6

    A.  The Court's Decision in *Safeco* ............................................................... 7

    B.  *Long v. Tommy Hilfiger* Applies *Safeco* to FACTA Allegations Regarding the Printing of an Expiration Date ........................................... 8

    C.  *Fuges v. Southwest Financial Services* Also Fails to Address Recklessness in Relation to the Alleged Noncompliance at Issue Here ..................... 9

III. OTHER FEDERAL COURTS HAVE REJECTED KAMAL'S INTERPRETATION ................................................................................................. 10

IV. WITH THE PROPER STANDARD ARTICULATED, IT IS CLEAR THAT DISMISSAL IS REQUIRED .................................................................................. 12

V.  DISMISSAL IS CONSISTENT WITH CONGRESSIONAL INTENT ...................... 13

## **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Clark v. Rameker*,
    --- U.S. ---, 134 S. Ct. 2242 (2014) ...................................................................................1

*Fuges v. Southwest Financial Services, Ltd.*,
    707 F.3d 241 (3d Cir. 2012) ................................................................................................7

*Huggins v. SpaClinic, LLC*,
    No. 082667, 2010 WL 963924 (N.D. Ill. Mar. 11, 2010) .................................................10

*Johnson v. Maynard*,
    Civil Action No. 11-4677(RMB), 2013 WL 6865584 (D.N.J. Dec. 23, 2013) .............4, 11

*Katz v. Donna Karan Int'l, Inc.*,
    14 Civ. 740 (PAC), 2015 WL 405506 (S.D.N.Y. Jan. 30, 2015) ...............................2, 3, 9

*Long v. Tommy Hilfiger, U.S.A., Inc.*,
    671 F.3d 371 (3d Cir. 2012) ...............................................................................3, 6, 7, 10

*Redman v. Radioshack Corp.*,
    768 F.3d 622 (7th Cir. 2014) ...............................................................................................7

*Reed v. Swatch Group (US)*,
    Civil Action No. 14-896(ES), 2014 WL 7370031 (D.N.J. Dec. 29, 2014) ....................8, 10

*Safeco Insurance Co. of America v. Burr*,
    551 U.S. 47 (2007) ..........................................................................................................5, 6

**STATUTES**

15 U.S.C. § 1681c(g)(1) ................................................................................................................4, 7

15 U.S.C. § 1681m(a) ........................................................................................................................5

15 U.S.C. § 1681n ....................................................................................................................1, 3, 5

15 U.S.C. § 1681o ....................................................................................................................1, 3, 4

Pub.L. No. 110-241, § 2(b) ....................................................................................................2, 3, 11

**COURT RULES**

Rule 8 ..............................................................................................................................................11

Rule 12(b)(6) .................................................................................................................................3, 9

**SECONDARY SOURCES**

15A Fed. Prac. & Proc. Juris. § 3914.6 (2d ed.) ................................................................................8

**INTRODUCTION**

Kamal's opposition makes clear that he is seeking to impose a strict liability standard—if his theory were adopted, *in every instance* in which a company prints more than the last five digits of a credit card number, that company would commit an *ipso facto* reckless (and therefore a willful) violation of FACTA. Kamal's position should be rejected because it is: (i) dependent on re-writing FACTA to remove negligent noncompliance from the statute; (ii) contrary to well-reasoned post-*Twombly/Iqbal* decisions that have addressed the *same allegations* as in the Amended Complaint; and (iii) contravenes the wording, structure, and Congressional intent behind FACTA. Kamal's opposition fails to address these critical points.

*First*, FACTA is not a strict liability statute. Liability under FACTA is based on a two-tiered system dependent upon whether the noncompliance was negligent or willful. 15 U.S.C. § 1681n; 15 U.S.C. § 1681o. Thus, under the plain language of FACTA, if a company prints more than the last five digits of a credit card number, the company's noncompliance may be negligent or willful. Kamal refuses to recognize this distinction in his opposition (there is not even *a single* citation to the negligent noncompliance provision, 15 U.S.C. § 1681o). Instead, he advocates a position that would make it *impossible* for a company's act of printing extra digits of a credit card number to be negligent. Kamal's position should be rejected because "a statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous." *Clark v. Rameker*, --- U.S. ---, 134 S. Ct. 2242, 2248 (2014).

*Second*, in *Katz v. Donna Karan International, Inc.*, the court addressed and rejected this same theory on a motion to dismiss a putative class action alleging that the defendant's act of printing more than the last five digits of a credit card number constituted a willful violation of FACTA. The *Katz* court rejected an *ipso facto* standard and instead held that, in order to

1

maintain the two-tiered scheme enacted by Congress, *Twombly/Iqbal* require the plaintiff to plead facts to demonstrate that the defendant "consciously chose to violate FACTA." *Katz v. Donna Karan Int'l, Inc.*, 14 Civ. 740 (PAC), 2015 WL 405506, at *4 (S.D.N.Y. Jan. 30, 2015). There are no such facts in the Amended Complaint.  (*See* Moving Br. at pp. 22-23).

Although Kamal attempts to scold J. Crew for not citing any decisions from the Third Circuit and instead relying on the Southern District, J. Crew does so because *there are no decisions on point in the Third Circuit*.  Even a cursory review of Kamal's opposition demonstrates that all of the decisions he cites from the Third Circuit address recklessness when the noncompliance was the company's act of printing *the expiration date* of the credit card. Kamal does not allege, however, that J. Crew printed the expiration date of his credit card, but that it printed more than the last 5 digits of his card number.  (Am. Compl. at ¶¶ 68-70).  This is an important distinction because as Kamal himself recognizes, the analysis "concern[ing] the failure of the FACTA defendants to truncate the expiration date . . . **varies greatly** from any FACTA case arising from the failure to truncate account numbers."  (Opp'n Br. at pp. 19-20) (emphasis added).  The decisions cited by Kamal are therefore distinguishable *based on Kamal's own admission*.  In the absence of binding precedent in the Third Circuit, this Court is free to consider and adopt the Southern District's approach (which it should).

*Third*, the intent behind FACTA was to "'ensure that consumers suffering from any *actual harm* to their credit or identity are protected.'"  (Moving Br. at p. 14) (emphasis added) (quoting Pub.L. No. 110-241, § 2(b)).  Kamal does not allege that he has suffered any actual harm.  There are no allegations that he lost the receipts or that his credit or identity were somehow compromised.  Instead, without any alleged injury, Kamal is seeking only statutory penalties, and his counsel is seeking attorneys' fees.  This case is a prime example of the

2

"'abusive lawsuits that do not protect consumers but only result in increased costs to business and potentially increased prices to consumers'" that Congress sought to "'limit[].'"  (*Id.*) (quoting Pub.L. No. 110-241, § 2(b)).

For the foregoing reasons, the court should grant with prejudice J. Crew's motion to dismiss the Amended Complaint.

## ARGUMENT

### I.   KAMAL'S OPPOSITION IS WITHOUT MERIT BECAUSE NEGLIGENCE CANNOT BE WRITTEN OUT OF THE STATUTE.

FACTA is a two-tiered liability scheme based "'upon whether the violation was negligent **or** willful.'"  (*See* Moving Br. at p. 7) (emphasis added) (quoting *Long v. Tommy Hilfiger, U.S.A., Inc.*, 671 F.3d 371, 374 (3d Cir. 2012)).  Specifically, 15 U.S.C. § 1681n provides "[c]ivil liability for willful noncompliance," and 15 U.S.C. § 1681o provides "[c]ivil liability for negligent noncompliance."  (*See also id.* at pp. 7-9).  Noncompliance is therefore the starting point, not the finish line, for pleading a FACTA violation.

To give effect to this two-tiered system, a plaintiff must also plead facts demonstrating that the defendants' noncompliance was more than merely negligent, but in fact, willful (knowing or reckless).  (*See id.* at p. 13) ("'Plaintiffs' attempt at alleging recklessness . . . cannot be achieved by merely alleging negligence . . . .  Such a conflation not only erodes the difference between negligence and recklessness, but it also renders the pleading standards imposed by Rule 12(b)(6) meaningless.'") (emphasis omitted) (quoting *Katz*, 2015 WL 405506, at *4).

The Amended Complaint does not do so.  In fact, Kamal does not even cite or mention in his brief the negligent noncompliance provision, 15 U.S.C. § 1681o.  (*See* Opp'n Br. at Table of Authorities).  By ignoring the negligent noncompliance provision, Kamal is effectively advocating a strict liability standard—under his theory, *in every instance* in which a company

3

prints more than the last five digits of the card number, that company would commit an *ipso facto* willful violation of FACTA.  (*See* Moving Br. at pp. 14-15).  This interpretation must be rejected.

To illustrate, assume a company knows of FACTA's requirements, but then, through a programming error or computer glitch, prints extra digits of a credit card number on receipts without intending to do so.  (*See id.* at p. 15).  Under Kamal's interpretation, this inadvertent infraction would automatically be deemed willful, making the two-tiered structure of the statute irrelevant—*no violation could ever be considered negligent*, notwithstanding Congress's clear intention to the contrary.  (*Id.*).  Kamal does not—because he cannot—explain how his interpretation squares with the plain language of FACTA's two-tiered system of liability.

## II.     THERE IS NO LAW IN THE THIRD CIRCUIT TO SUPPORT KAMAL'S INTERPRETATION.

Kamal asserts in his opposition that "plentiful appellate court guidance in the Third Circuit" exists to support his interpretation.  (Opp'n Br. at p. 20).  Kamal is incorrect.

A company violates FACTA when it prints either "more than the last 5 digits of the card number **or** the expiration date." U.S.C. § 1681c(g)(1) (emphasis added).  Kamal alleges only that J. Crew[1] printed "more than the last 5 digits of [his] card number"—there are no allegations that J. Crew also printed the expiration date of his credit card.[2]  (Am. Compl. at ¶¶ 68-70).

---

[1] The conduct Kamal complains of is attributable only to one defendant, J. Crew Group, Inc.  (*See* Moving Br. at pp. 23-24).  Absent from Kamal's opposition is any serious attempt to support the inclusion of the non-J. Crew Group, Inc. defendants, and the Amended Complaint alleges only that these companies exist.  (*See* Opp'n Br. at p. 26; Am. Compl. at ¶¶ 2-11).

[2] The original Complaint alleged, pursuant to the receipts attached thereto, that J. Crew violated FACTA on December 18, 2014, December 22, 2014, and January 4, 2015.  (Compl. at ¶¶ 33-35).  The Amended Complaint attaches the same three receipts, but Kamal now alleges in the Amended Complaint that J. Crew has been in violation of FACTA *for twelve years*.  (Am. Compl. at ¶ 42); (*see also* Opp'n Br. at p. 8).  In the absence of any new receipts or any other factual support, this is just another example of an unsupported allegation.  *See Johnson v.*

This is an important distinction. Kamal himself recognizes the importance of this distinction, as he states in his opposition that the analysis "concern[ing] the failure of the FACTA defendants to truncate the <u>expiration date</u> . . . **varies greatly** from any FACTA case arising from the failure to truncate <u>account numbers</u>." (Opp'n Br. at pp. 19-20) (emphasis added).

As a result, the only decisions relevant to the disposition of this Motion are those that address recklessness in the context of a company's failure to truncate <u>account numbers</u>. As will be explained below, the Third Circuit has not applied to this scenario the Supreme Court's definition of recklessness from *Safeco Insurance Co. of America v. Burr*, 551 U.S. 47 (2007).

### A. The Court's Decision in *Safeco*.

The Supreme Court in *Safeco* addressed whether the defendant's failure to send notice to consumers that were subjected to "'adverse action . . . based in whole or in part on any information contained in a consumer [credit] report'" constituted a willful violation of 15 U.S.C. § 1681n.[3] *Safeco*, 551 U.S. at 52 (quoting 15 U.S.C. § 1681m(a)). The Supreme Court first held that "'where willfulness is a statutory condition of civil liability, we have generally taken it to cover not only knowing violations of a standard, but reckless ones as well.'" (Moving Br. at p. 2) (quoting *Safeco*, 551 U.S. at 57). The Court then defined recklessness to entail a "'disregard of safety of another' that leads to an 'unjustifiability high risk of harm that is either known or so

---

*Maynard*, Civil Action No. 11-4677(RMB), 2013 WL 6865584, at *5 (D.N.J. Dec. 23, 2013) ("'[T]he pleading standard of Rule 8 is that detailed in *Iqbal*; thus, Plaintiff cannot plead his mere guesses or self-serving deducements, speculations, [or] bold conclusions . . . .'").

[3]   Notice was required to be sent under the Fair Credit Reporting Act ("FCRA"). FCRA was amended in 2003 by enacting FACTA. (Moving Br. at p. 6). Thus, whereas the remedial provision in *Safeco*—a willful violation under 15 U.S.C. § 1681n—is similar to the alleged remedial provision here, the underlying violation in *Safeco* was of FCRA, not FACTA.

5

obvious that it should be known.'" (*Id.* at p. 7) (quoting *Safeco*, 551 U.S. at 68-69). Quoting the Restatement (Second) of Torts § 500, the Court explained:

> The actor's conduct is in reckless disregard of the safety of another if he does an act or intentionally fails to do an act which it is the duty to the other to do, knowing or having reason to know of facts which would lead a reasonable man to realize, not only that his conduct creates an unreasonable risk of physical harm to another, but also that such risk is substantially greater than that which is necessary to make his conduct negligent.

*Safeco*, 551 U.S. at 69 (quotations and citations omitted).[4]

The issue was then whether the defendant's interpretation of "adverse action" was reckless. (*Id.* at 60). The Court determined that although the defendant's interpretation of FCRA was technically incorrect, the defendant did not act recklessly because its interpretation was not "objectively unreasonable." (*Id.* at 69). Thus, after holding that "willful" includes recklessness, the Court applied the recklessness standard solely in the context of when reasonable minds may differ as to meaning of statutory language.

### B. *Long v. Tommy Hilfiger* Applies *Safeco* to FACTA Allegations Regarding the Printing of an Expiration Date.

The Third Circuit in *Long v. Tommy Hilfiger, U.S.A., Inc.*, 671 F.3d 371 (3d Cir. 2012) applied *Safeco* for the first time in this circuit to FACTA. In that case, the plaintiff received a receipt that "displayed the month, but not the year, of his card's expiration date." *Id.* at 373. Noting that "[t]he phrase 'expiration date' is not defined in the statute," the Third Circuit determined that the printing of either the expiration month or year constitutes a technical violation of FACTA. *Id.* at 375.

---

[4] Comment g to this section of the Restatement (Second) of Torts states that reckless misconduct differs from negligence "in that reckless misconduct requires a *conscious choice* of a course of action, either with knowledge of the serious danger to others involved in or with knowledge of facts which would disclose this danger to any reasonable man." Restatement (Second) of Torts § 500 cmt. g (emphasis added).

6

The Third Circuit was then tasked to determine whether Tommy Hilfiger's interpretation of FACTA's prohibition against printing the "expiration date" was reckless. *Id.* at 374. The Third Circuit applied the "objectively unreasonable" definition of recklessness from *Safeco* and concluded that Tommy Hilfiger did not recklessly violate FACTA:

> In light of *Safeco*, we conclude that Hilfiger's interpretation of the statute is not 'objectively unreasonable' and, thus, that Long has not stated a claim for a willful violation of FACTA. Just as in *Safeco*, Hilfiger's interpretation of § 1681c(g)(1) has some foundation in text, as Hilfiger could believe that the statute did not apply based on what it considered to be the plain meaning of the phrase "expiration date." That phrase is not in the statute itself, just as the statute in *Safeco* was silent as to the point from which [an adverse action occurs].

*Id.* at 377.

Consequently, there is no discussion in *Long* as to recklessness when the noncompliance relates to printing a receipt showing more than the last five digits of the credit card number (i.e., when there is no dispute as to the statute's requirements).

### C. *Fuges v. Southwest Financial Services* Also Fails to Address Recklessness In Relation to the Alleged Noncompliance at Issue Here.

The second (and only other) Third Circuit decision cited by Kamal is *Fuges v. Southwest Financial Services, Ltd.*, 707 F.3d 241 (3d Cir. 2012).[5] However, like *Safeco* and *Long*, *Fuges* addressed whether the defendant's interpretation of statutory language (whether the defendant as a "consumer reporting agency" as governed by FCRA) was objectively unreasonable. *Id.* at 243. *Fuges* is therefore also unhelpful to Kamal.

---

[5] Kamal also cites a Seventh Circuit case, *Redman v. Radioshack Corp.*, 768 F.3d 622 (7th Cir. 2014), for support. It is ironic that Kamal, on the one hand, chastises J. Crew for citing case law outside the Third Circuit, yet, on the other hand, does the same thing. Regardless, *Redman* is distinguishable on the merits because the court there explicitly stated that "[t]he present case concern[s] the *expiration date*" printing prohibition of FACTA. *Id.* at 626 (emphasis added); (*see also* Opp'n Br. at p. 16) (acknowledging that "*Redman* – like *Long* – involved receipts that displayed the year, and not the entire expiration date of credit card receipts"). No further discussion is therefore required.

As a result, it is unclear what relevant "appellate court guidance in the Third Circuit" Kamal is referring to, as neither *Long* nor *Fuges* address a FACTA allegation in which the defendant printed more than the last five digits of a credit card number (i.e., when there is no dispute as to the statute's requirements).[6] In fact, Kamal does not cite a *single decision from any jurisdiction* that addresses this type of FACTA claim.

### III.   OTHER FEDERAL COURTS HAVE REJECTED KAMAL'S INTERPRETATION.

Three cases in the Southern District have addressed squarely the remedies provisions of FACTA and how pleadings distinguish negligent and willful noncompliance through the lens of *Twombly/Iqbal*. (*See* Moving Br. at pp. 10-14). All three were addressed at the motion to dismiss stage.[7] (*Id.*). The second of the three cases, *Fullwood v. Wolfgang's Steakhouse, Inc., et al.*, explicitly addressed the question that neither *Long* nor *Fuges* did:

> Courts have found that *Safeco* defined the standard for all willful violations of the FCRA. **Yet it is unclear how to apply the *Safeco* Court's standard for a knowing or reckless violation of the FCRA when the proper interpretation of the particular statutory provision is <u>not</u> in doubt.** If there is only one reasonable reading of the statute, does a willful violation flow automatically once knowledge of the statute's requirements is demonstrated? Or must there be awareness that the defendant's behavior violates or recklessly runs the risk of violating those requirements?

*Id.* at *8; (*see also* Moving Br. at p. 12) (quoting portion of above). The *Fullwood* court agreed "'with the latter camp' because, pursuant to *Twombly*, the 'key…is for a complaint to cross the

---

[6]   For completeness, J. Crew notes that Judge Salas also decided a FACTA expiration date claim in *Reed v. Swatch Group (US)*, Civil Action No. 14-896(ES), 2014 WL 7370031 (D.N.J. Dec. 29, 2014). Kamal does not address *Reed*.

[7]   Kamal disparages these three cases as "pending." (Opp'n Br. at p. 18). Kamal is wrong here too. *Crupar-Weinmann* and *Katz* were *dismissed with prejudice*. *See* 15A Fed. Prac. & Proc. Juris. § 3914.6 (2d ed.) ("Orders granting dismissal of all claims among all parties ordinarily are final."). Furthermore, the fact that *Fullwood* was dismissed without prejudice does not diminish the persuasive effect of its legal findings and conclusions.

8

line from a level of knowledge of FACTA's requirements from which it is merely possible to infer a willful violation, to a level from which it is plausible to infer such a violation.'" (Moving Br. at p. 12) (quoting *Fullwood*, 2014 WL 6076733, at *14). Indeed, "to hold otherwise would mean that 'if receipt of information regarding the statute's requirements is all that is necessary, Congress's two-tiered liability scheme would effectively have negligence read out of the statute.'" (*Id.*) (quoting *Fullwood*, 2014 WL 6076733, at *9-10). Kamal does not address this language from *Fullwood*.

The Southern District in *Katz v. Donna Karan International, Inc.*, the third case in the trilogy, addressed the same allegations in the Amended Complaint regarding the printing of extraneous <u>credit card numbers</u> (but not the expiration date):

| Amended Complaint | Complaint in *Katz* |
|---|---|
| Paragraphs 68-70: "At the point of sale, Plaintiff was given a receipt containing the first six digits *and* the last four digits of Plaintiff's credit card number." | Paragraph 25: "At the completion of his purchase, Plaintiff was given a customer copy of a computer-generated receipt that published the first six digits of Plaintiff's credit card number. The customer copy of the receipt also published the last four digits of Plaintiff's credit card number."[8] |

The court reaffirmed the interplay between the remedial nature of FACTA and its two-prong standard articulated originally in *Crupar-Weinmann*, and applied it to this type of FACTA claim:

> [T]here are no factual allegations supporting a plausible inference that Defendants knew their conduct violated the truncation requirement or that Defendants consciously chose to violate FACTA. Moreover, Plaintiff's claim is rendered further implausible by the complaint's failure to reconcile Defendants' partial compliance . . . with its alleged willful non-compliance. At most, Plaintiff's well-pleaded facts permit the Court to infer that Defendant negligently violated FACTA. . . .
>
> . . . Plaintiff's attempt at alleging recklessness—a higher standard, triggering statutory damages—cannot be achieved by merely

---

[8] (*Id.* at p. 13) (quoting Case 1:14-cv-00740-PAC, Dkt. Entry #1 at ¶¶ 24-25).

> alleging negligence—a lower standard, triggering actual damages. *Such a conflation not only erodes the difference between negligence and recklessness, but it also renders the pleading standards imposed by Rule 12(b)(6) meaningless; in practice, it would essentially permit all plaintiffs alleging willful FACTA violations to bypass Rule 12(b)(6) and proceed to discovery/summary judgment.*

(*Id.* at p. 13) (quoting *Katz*, 2015 WL 405506, at *4) (emphasis in original).

Kamal's response to the three Southern District decisions is telling. First, Kamal attempts to distinguish *Crupar-Weinmann* and *Fullwood* because they "concerned the failure of the FACTA defendants to truncate the *expiration date*." (Opp'n Br. at p. 19). Yet, *Long* addressed the same question as in *Crupar-Weinmann* and *Fullwood*—"The question in this case is whether a retailer willfully violates that statute by printing the [expiration date] of the credit card on a receipt." *Long*, 671 F.3d at 372. Thus, if *Crupar-Weinmann* and *Fullwood* are distinguishable because they involve truncation of the expiration date, then *Long* is too. Kamal makes no effort to otherwise reconcile those cases. Second, although *Katz* addresses the precise alleged noncompliance at issue, printing more than the last five digits of the card number, Kamal's opposition *is completely silent as to Katz.*

## IV. WITH THE PROPER STANDARD ARTICULATED, IT IS CLEAR THAT DISMISSAL IS REQUIRED.

The two-prong standard articulated by the Southern District (and not controverted by any law in the Third Circuit) is therefore persuasive authority and should be adopted by this Court.

As to the first prong, actual knowledge of FACTA and its requirements, Kamal makes no serious effort to address J. Crew's arguments:

- Category One – General Advertisements and Publicity Related to FACTA: Kamal does not argue that any of these advertisements were actually delivered to or reviewed by J. Crew. *See Huggins v. SpaClinic, LLC*, No. 082667, 2010 WL 963924, at *2 (N.D. Ill. Mar. 11, 2010) (dismissing a FACTA claim when plaintiff alleged that "FACTA's requirements were well-publicized" because those allegations were "not specific to the defendant").

10

- Category Two – Contracts with Credit Card Companies:  Kamal has no response to Judge Salas' statement in *Reed* that "the fact that credit card companies advised *merchants* of FACTA's requirements is in no way specific to Defendant, and such a generalized fact could be alleged against any alleged FACTA violation, and as such [it is] essentially boilerplate." *Reed*, 2014 WL 7370031, at *3.

- Category Three – Other Communication Purportedly Received by J. Crew: Kamal presents no facts to demonstrate that J. Crew *actually* received and/or reviewed any of these alleged communications.

- Category Four – Purported Correspondence From J. Crew's Liability Insurer: Kamal is not privy to what type of insurance coverage J. Crew may or may not have, whether coverage is or is not available, and whether any such coverage determination has been communicated to J. Crew.  *See Johnson*, 2013 WL 6865584, at *5 ("'[T]he pleading standard of Rule 8 is that detailed in *Iqbal*; thus, Plaintiff cannot plead his mere guesses or self-serving deducements, speculations, [or] bold conclusions . . . .").

(*See* Moving Br. at pp. 15-22).

As to the second prong, facts to support a plausible inference of something more than a negligent violation, Kamal made the tactical decision not to plead in the Amended Complaint *any* facts to satisfy this prong.  (*Id.* at pp. 22-23).  The Southern District makes clear that more than actual knowledge of FACTA and its requirements is necessary to plead a claim under *Iqbal/Twombly*.  Kamal therefore does not meet this prong, and he and his counsel are therefore foreclosed—in the absence of any actual damages—from recovery.

**V.    DISMISSAL IS CONSISTENT WITH CONGRESSIONAL INTENT.**

The intent behind FACTA was to "ensure that consumers suffering from any *actual harm* to their credit or identity are protected."  (*Id.* at p. 14) (emphasis added) (quoting Pub.L. No. 110-241, § 2(b)).  Kamal has not suffered any actual harm.  There are no allegations that he lost the receipts or that his credit or identity were somehow compromised.  Instead, without any injury, the Amended Complaint is an "'abusive lawsuit[] that do[es] not protect consumers but

11

only result[s] in increased costs to business and potentially increased prices to consumers'" that Congress sought to "'limit[].'"[9] (*Id.*) (quoting Pub.L. No. 110-241, § 2(b)).

## CONCLUSION

The Amended Complaint should be dismissed because Kamal has failed to state a claim for a willful violation of FACTA. That dismissal should be with prejudice because Kamal has already amended his pleading once. (*See* Moving Br. at pp. 24-25).

Respectfully submitted,

**DLA PIPER LLP (US)**

s/ Andrew O. Bunn

| | |
|---|---|
| Andrew O. Bunn | Keara M. Gordon (admitted *pro hac vice*) |
| James V. Noblett | DLA Piper LLP (US) |
| Steven R. Marino | 1251 Avenue of Americas |
| DLA Piper LLP (US) | New York, New York 10020-1104 |
| 51 John F. Kennedy Parkway, Suite 120 | Telephone: (212) 335-4632 |
| Short Hills, New Jersey 07078-2704 | Facsimile: (212) 884-8632 |
| Telephone: (973) 520-2562 | *Attorneys for Defendants* |
| Facsimile: (973) 520-2582 | |
| *Attorneys for Defendants* | |

Dated: May 11, 2015

---

[9] In fact, the United States Supreme Court recently granted certiorari to answer whether "Congress may confer Article III standing upon a plaintiff who suffers no concrete harm, and who therefore could not otherwise invoke the jurisdiction of a federal court, by authorizing a private right of action based on a bare violation of a federal statute." *Spokeo, Inc. v. Robins* (13-1339).