UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------X

            :

CYNTHIA M. FULLWOOD,     :

            :

             Plaintiff,    :

            :

         v.        :

            :

WOLFGANG'S STEAKHOUSE, INC., *et al.*, :

            :

             Defendants. :

            :

------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: July 23, 2015

13 Civ. 7174 (KPF)

OPINION AND ORDER

KATHERINE POLK FAILLA, District Judge:

      Plaintiff Cynthia M. Fullwood sued Defendants Wolfgang's Steakhouse, Inc. ("Wolfgang's") and ZMF Restaurants LLC, alleging that Defendants willfully violated the Fair and Accurate Credit Transactions Act of 2003 ("FACTA"), Pub. L. No. 108-159, 117 Stat. 1952, by printing credit card receipts that included the expiration date of customers' cards. Defendants previously moved to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiff had not plausibly alleged a willful violation of FACTA. Plaintiff, in responding, included a proposed Second Amended Complaint. The Court denied the motion without prejudice to refiling once Plaintiff filed the Second Amended Complaint. *See Fullwood* v. *Wolfgang's Steakhouse, Inc.* ("*Fullwood I*"), No. 13 Civ. 7174 (KPF), 2014 WL 6076733, at *1 (S.D.N.Y. Nov. 14, 2014). Defendants now move to dismiss the Second Amended Complaint. For the reasons set forth in remainder of this Opinion, Defendants' motion to dismiss is denied.

# BACKGROUND[1]

## A.    Factual Background

The Court assumes familiarity with its prior opinion, but briefly retraces the relevant facts, particularly as Plaintiff's Second Amended Complaint is somewhat more specific than her Amended Complaint.

Plaintiff dined at Defendants' Park Avenue location on October 3, 2013. (Compl. ¶¶ 6, 15).  After paying for her meal with a credit card, she received an electronically printed receipt displaying the expiration date.  (*Id.*).  Plaintiff does not allege that any actual damages flowed from this act, but sues for the statutory damages available for a willful violation of FACTA, on behalf of herself and a class of similarly situated plaintiffs.  (*See generally* Compl.).[2]

Under FACTA, and as clarified by the Credit and Debit Card Receipt Clarification Act of 2007 (the "Clarification Act"), Pub. L. No. 110-241, 122 Stat. 1565, merchants should print neither the expiration date nor more than four digits of customers' credit card numbers on their receipts.  Plaintiff alleges that Defendants were or should have been aware of these requirements through a number of avenues.

As a general matter, FACTA's requirements were widely publicized during its phase-in period between passage and effect.  (*See* Compl. ¶¶ 30-36).  This

---

[1]    As is necessary on a motion to dismiss, the facts as set forth in the Second Amended Complaint ("Compl.") are accepted here as true.  For convenience, Defendants' opening brief is referred to as "Def. Br."; Plaintiff's opposition brief as "Pl. Opp."; and Defendants' reply brief as "Def. Reply."

[2]    The Court previously struck from the class those diners who fell outside FACTA's five-year statute of limitations.  *Fullwood I*, 2014 WL 6076733, at *8.  Accordingly, the putative class consists of diners at Wolfgang's since October 10, 2008.  (Compl. ¶ 9).

publicity was only increased by the passage of the Clarification Act in 2007. (*Id.* at ¶¶ 45-46).

More specific to Defendants,[3] Plaintiff alleges that Defendants had been informed of FACTA's requirements by numerous companies with which they had commercial relationships, including Visa, MasterCard, American Express, the PCI Security Standards Council (a consortium of credit card companies), and others. (Compl. ¶ 50). Plaintiff alleges that throughout the relevant period Defendants received the Card Acceptance Guidelines for Visa merchants (the "Visa Rules") and the MasterCard Security Rules and Procedures, Merchant Edition (the "MasterCard Rules"), both of which instructed merchants (including Defendants) not to print more than the last four digits of credit card numbers or any expiration dates. (*Id.* at ¶¶ 52-60). As the Court previously noted, neither the Complaint nor the brochures indicate that this guidance came from FACTA rather than Visa's or Mastercard's own determination of best practices. *See Fullwood I*, 2014 WL 6076733, at *1.

Plaintiff further alleges that Defendants received information specifically referencing their obligations under FACTA in monthly statements from their merchant bank, their Point of Sale ("POS") provider or providers, and trade associations. (Compl. ¶¶ 62-65). Critically, Plaintiff further alleges that Defendants partially complied with FACTA by changing their credit and debit

---

[3]    Defendants point out that similar allegations have been made regarding a number of businesses in other litigations, often by Plaintiff's counsel. (*See* Def. Br. 4-5, 6-7; Shiminoff Declaration Ex. B, C, D). Yet nothing prevents an attorney from utilizing knowledge acquired regarding general industry practice in multiple litigations.

card receipts to remove all but the last four digits of the card number.  (*Id.* at ¶ 65).[4]

Finally, Plaintiff alleges that on October 29, 2013, Plaintiff was advised that Defendants' insurance carrier was denying coverage because the governing "Policy specifically excludes violations of the Fair and Accurate Credit Transactions Act."  (Compl. ¶ 67).  From this, Plaintiff infers that Defendants specifically negotiated a contract that carved out an exclusion for FACTA, suggesting knowledge of its applicability.  (*Id.* at ¶¶ 68-69).

## B.    Procedural Background

Plaintiff filed suit on October 10, 2013, and filed her Amended Complaint on November 4, 2013.  (Dkt. #1, 5).  Pursuant to the Court's Order, Defendants moved to dismiss the Amended Complaint on January 10, 2014.  (Dkt. #13). Plaintiff included in her opposition to the motion to dismiss a proposed Second Amended Complaint.  (Dkt. #18 Ex. H).  On July 17, 2014, the Court stayed the case on consent of both parties during the pendency of a motion for reconsideration in a highly similar case, *Crupar-Weinmann* v. *Paris Baguette America, Inc.*, No. 13 Civ. 7013 (JSR).  After the Honorable Jed S. Rakoff denied the motion for reconsideration, 2014 WL 4337978 (S.D.N.Y. Sept. 2, 2014), the Court lifted the stay in the instant litigation on October 1, 2014.  (Dkt. #25). On November 14, 2014, finding that the proposed Second Amended Complaint

---

[4]    Plaintiff also notes in the Second Amended Complaint a 2011 incident of identity theft targeting Wolfgang's customers.  (Compl. ¶ 66).  As the Court stated in its previous Opinion, that incident — which was carried out by employees using sophisticated electronic credit card "skimmers" — bears little relationship to Defendants' ostensible noncompliance with FACTA.  *Fullwood I*, 2014 WL 6076733, at *1 n.3.

"may or may not demonstrate that Defendants were sufficiently informed [of FACTA's requirements and applicability] so as to plausibly infer a willful violation," such that repleading would not be futile, the Court denied the motion to dismiss without prejudice to refiling, and instructed Plaintiff to file her Second Amended Complaint. *Wolfgang I*, 2014 WL 6076733, at *8. Plaintiff did so on December 1, 2014 (Dkt. #27), and pursuant to the Court's Order Defendants moved to dismiss the Second Amended Complaint on January 30, 2015 (Dkt. #31-34). Plaintiff filed her brief in opposition on March 2, 2015 (Dkt. #36), and the briefing was complete upon submission of Defendants' reply brief on March 16, 2015 (Dkt. #38).

## DISCUSSION

### A. Applicable Law

#### 1. Motions to Dismiss Under Rule 12(b)(6)

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court should "draw all reasonable inferences in Plaintiff['s] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber* v. *Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 570 (2007)).

"While *Twombly* does not require heightened fact pleading of specifics, it does require enough facts to 'nudge [a plaintiff's] claims across the line from conceivable to plausible.'" *In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 (2d Cir. 2007) (quoting *Twombly*, 550 U.S. at 570). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Moreover, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 663.

## 2. Willful Violations of FACTA

FACTA was passed in 2003 to amend the Fair Credit Reporting Act of 1970 (the "FCRA"), Pub. L. No. 91-508, 84 Stat. 1114, and requires in part that "no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction." 15 U.S.C. § 1681c(g)(1). FACTA adopts the two-tiered system of liability set forth in the FCRA: negligent noncompliance with the statute creates liability for actual damages and attorney's fees, *see* 15 U.S.C. § 1681o(a), while willful noncompliance creates liability for actual damages or statutory damages between $100 and $1,000, in addition to punitive damages and attorney's fees, *see id.* § 1681n(a).

6

As the Court explained more fully in *Fullwood I*, there is significant confusion over what constitutes a "willful" violation of FACTA. The Supreme Court has explained that willfulness includes "not only knowing violations of a standard, but reckless ones as well." *Safeco Ins. Co. of Am.* v. *Burr*, 551 U.S. 47, 57 (2007). In the context of violations of potentially ambiguous statutory language, the Supreme Court held that "a company subject to FCRA does not act in reckless disregard of it unless the action is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." *Id.* at 69.

*Safeco*'s holding, however, has limited applicability to situations in which the statutory language — as here — is unambiguous, and the question is simply whether a defendant violated FACTA negligently or willfully. The Court in *Fullwood I* explained that district courts have divided over the proper application of FACTA to situations such as the instant case: some have held that the only defense to a willful violation is unclear statutory language; others have held that a plaintiff must plead only the defendant's awareness of FACTA's requirements to plausibly allege a willful violations; and yet others have held that a plaintiff must plead both knowledge of FACTA's requirements and an intentional or deliberate violation of those requirements. *See Fullwood I*, 2014 WL 6076733, at *6 (collecting cases).

The Court found, surveying these cases and referencing other statutory schemes incorporating a similar two-tiered liability system, that "a willful

7

violation does not require merely that a defendant know of FACTA's requirements and violate them, but also that the defendant have knowledge of or recklessness as to the fact that its behavior violates the statute." *Fullwood I*, 2014 WL 6076733, at *3. Plaintiff has objected to this formulation, arguing that the Court has imposed a requirement of subjective knowledge of the statute's provisions that is not in keeping with *Safeco*'s understanding of civil recklessness. (Pl. Br. 2-3 & n.4 (citing *Safeco*, 551 U.S. at 68 n.18)). The Court acknowledges that its prior Opinion may have been inartfully phrased; since virtually every Plaintiff can plausibly plead subjective knowledge of FACTA, the Court was concerned with whether such subjective knowledge suffices to plead a willful violation. A more precise formulation would be that a defendant willfully violates FACTA when it knows itself to be in violation of FACTA, or acts in a manner that entails an unjustifiably high risk of violating FACTA that is so obvious that it should be known. *Cf. Safeco*, 551 U.S. at 68 (quoting *Farmer* v. *Brennan*, 511 U.S. 825, 836 (1994)).

Even under this formulation, it is not enough to show simply that there was awareness — either general or specific — of FACTA's requirements and a failure to take the steps necessary to ensure compliance with those requirements. At the same time, as the Court explained, if a plaintiff alleges a sufficiently high degree of knowledge of the statute's requirements on the part of the defendant, "[i]t would be plausible to infer — indeed, implausible not to infer — that at some point the [defendant] or its agents became aware of a violation of FACTA's requirements, or at least recklessly endeavored to avoid

8

learning of a potential violation." *Fullwood I,* 2014 WL 6076733, at *7. "The key, then, is for a complaint to cross the line from a level of knowledge of FACTA's requirements from which it merely possible to infer a willful violation, to a level from which it is plausible to infer such a violation." *Id.* (citing *Twombly,* 550 U.S. at 557).

**B.      Plaintiff Has Plausibly Alleged a Willful Violation of FACTA**

Plaintiff alleges that Defendants were specifically and repeatedly informed of FACTA's existence, applicability, and potential imposition of liability. In addition to the general press coverage of FACTA and the Clarification Act, and the industry publications that were circulated on the subject, Plaintiff alleges that Defendants' insurance contract specifically excluded violations of FACTA from coverage. (Compl. ¶ 67). From this, Plaintiff plausibly infers that Defendants specifically negotiated this provision, further suggesting a knowledge of FACTA's existence and potential implications.

Plaintiff also alleges that Defendants were informed not merely of FACTA's existence, but also its requirements, by a series of regular statements from Defendants' merchant bank, POS provider or providers, and trade associations. (Compl. ¶¶ 62-64).[5] In addition, the parties place great stress

---

[5]      Defendants submit, as Exhibits A and B to the D'Amato Declaration, purported statements from their merchant bank in the months before the incident giving rise to the Complaint that make no mention of FACTA. Yet as this Court has repeatedly noted, the doctrine of incorporation by reference should not be read so broadly as to allow a defendant to claim that a document represents the entire set of materials that a broadly phrased complaint could possibly be referring to; "the Court would have to rely on Defendants' assertion that the [materials] are produced in context and form the entirety of the alleged ... conduct. Such reliance would properly require the Court to convert the motion to dismiss to a Rule 56 motion for summary judgment, and allow Plaintiff 'a reasonable opportunity to present all the material that is pertinent to the motion.'"

9

upon Defendants' partial compliance with FACTA by omitting all but the last four digits of card numbers on their receipts: Defendants argue that such partial compliance shows mere negligence in the absence of a motive to violate FACTA, while Plaintiff argues that it shows clear knowledge of FACTA's requirements and thus recklessness as to a violation thereof.  As the Court found previously, Defendants' partial compliance, standing alone, lends itself to an "'obvious alternative explanation' of negligence."  *Fullwood I*, 2014 WL 6076733, at *7 (quoting *Twombly*, 550 U.S. at 567).  Yet combined with Defendants' negotiation of insurance contract provisions specifically highlighting FACTA, and their repeated information by multiple sources of FACTA's requirements, the picture looks different.  Plaintiff has adequately alleged that Defendants, knowing of FACTA's importance and being informed of its requirements, either read or implemented those requirements in such a reckless, haphazard manner as to run an unjustifiably high risk of violating FACTA.  To require more at the pleading stage, prior to discovery into a defendant's internal communications or compliance procedures, would effectively read FACTA's willfulness tier out of the statute.

---

*Catapano-Fox* v. *City of New York*, No. 14 Civ. 8036 (KPF), 2015 WL 3630725, at *1 n.1 (S.D.N.Y. June 11, 2015) (quoting Fed. R. Civ. P. 12(d)); *see also BWP Media USA, Inc.* v. *Gossip Cop Media, LLC*, No. 13 Civ. 7574 (KPF), 2015 WL 321863, at *3 (S.D.N.Y. Jan. 26, 2015).  Accordingly, Plaintiff's request that the Court not consider the D'Amato Declaration is granted.  (Pl. Opp. 14).

10

## CONCLUSION

For the reasons set forth in this Opinion, Defendants' motion to dismiss is DENIED.  Defendants are directed to file an answer no later than **August 13, 2015**.  The parties are directed to submit a Case Management Plan, a form for which can be found on the Court's website, no later **August 20, 2015**.

The Clerk of Court is directed to terminate the motion pending at Docket Entry 31.

SO ORDERED.

Dated:      July 23, 2015
          New York, New York

                                               KATHERINE POLK FAILLA
                                      United States District Judge