UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| AHMED KAMAL, on behalf of himself and the putative class, | ) ) ) |
| Plaintiff, | ) Case No. 2:15-cv-00190-WJM-MF |
| v. | ) ) |
| J. CREW GROUP, INC., *et al.*, | ) Returnable 09/21/2015 ) |
| Defendants. | ) ) ) |

---

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT J. CREW GROUP, INC.'S MOTION FOR STAY

---

**FRANK LLP**
275 MADISON AVENUE, SUITE 705
NEW YORK, NY 10075

*Attorneys for Plaintiff and the Putative Class*

*On the Brief*

Marvin L. Frank
Gregory A. Frank
Peter Y. Lee
Robert A. Solomon

## <u>TABLE OF CONTENTS</u>

I.  PRELIMINARY STATEMENT ........................................................................1

II.  BACKGROUND .......................................................................................3

 A.  Procedural History Of This Case ................................................3

 B.  There Is No "Split" Over Article III Standing ..............................4

III.  LEGAL ARGUMENT ..............................................................................7

 A.  Imposing A Stay Would Not Promote Judicial Efficiency .......................9

 B.  A Stay Would Prejudice Plaintiff ...............................................11

 C.  Declining To Impose A Stay Would Not Prejudice J. Crew ...................12

 D.  Imposing A Stay Is Appropriate Only When An Emerging Area Of The Law
        Is Plagued By Uncertainty .......................................................16

IV.  CONCLUSION ........................................................................18

# TABLE OF AUTHORITIES

**Cases**

*Akishev v. Kapustin,*
   23 F. Supp. 3d 440 (D.N.J. 2014)................................................................. 10, 13

*Alston v. Countrywide Fin. Corp.,*
   585 F.3d 753 (3d Cir. 2009) ....................................................................... 4, 5, 15

*Backhaut v. Apple Inc.,* No. 14-CV-02285-LHK,
   2015 U.S. Dist. LEXIS 107519 (N.D. Cal. Aug. 13, 2015)...................... 3, 11, 15

*Bais Yaakov of Spring Valley v. Peterson's NelNet, LLC,* No. 11-0011,
   2011 U.S. Dist. LEXIS 102743 (D.N.J. Sept. 12, 2011).....................................16

*Beaudry v. TeleCheck Servs., Inc.,*
   579 F.3d 702 (6th Cir. 2009) .................................................................................5

*Bechtel Corp. v. Local 215 Laborers' Int'l Union of N. Am.,*
   544 F.2d 1207 (3d Cir. 1976) ...............................................................................8

*City Select Auto Sales, Inc. v. David Randall Assocs., Inc.,*
   296 F.R.D. 299 (D.N.J. 2013) .........................................................................4, 15

*Clinton v. Jones,*
   520 U.S. 681 (1997) ............................................................................................11

*Constantino v. City of Atlantic City,* No. 13-6667 (RBK/JS),
   2015 U.S. Dist. LEXIS 18666 (D.N.J. Feb. 17, 2015)...................................1, 11

*David v. Alphin,*
   704 F.3d 327 (4th Cir. 2013) ................................................................................7

*Ferrari N. Am., Inc. v. St. Louis Motorsports, LLC,* No. 11-4487 (KSH) (PS),
   2012 U.S. Dist. LEXIS 24001 (D.N.J. Feb. 24, 2012).......................................13

*First Am. Fin. Corp. v. Edwards,*
   132 S. Ct. 2536 (2012)........................................................................................10

*Fontenot v. McCraw*,
  777 F.3d 741 (5th Cir. 2015) ...................................................................5

*Forrest v. Corzine*,
  757 F. Supp. 2d 473 (D.N.J. 2010)...........................................................7

*Garcia v. Ocean County*, No 07-5665 (FLW),
  2011 U.S. Dist. LEXIS 39574 (D.N.J. Apr. 12, 2011)...........................17

*Gillespie v. Blitt & Gaines, P.C.*, No. 14 C 9176,
  2015 U.S. Dist. LEXIS 96211 (N.D. Ill. July 23, 2015) .......... 3, 11, 15

*Gold v. Johns-Manville Sales Corp.*,
  723 F.2d 1068 (3d Cir. 1983) ...................................................................8

*Golden Quality Ice Cream Co. v. Deerfield Specialty Papers, Inc.*,
  87 F.R.D. 53 (E.D. Pa. 1980) ...................................................................7

*Haas v. Burlington County*, No. 08-1102 (JHR/JS),
  2009 U.S. Dist. LEXIS 110173 (D.N.J. Nov. 24, 2009)........................17

*Hammer v. Sam's E., Inc.*,
  754 F.3d 492 (8th Cir. 2014) ...................................................................6

*Hertz Corp. v. Gator Corp.*,
  250 F. Supp. 2d 421 (D.N.J. 2003)...........................................................9

*Homa v. Am. Express Co.*, No. 06-2985 (JAP),
  2010 U.S. Dist. LEXIS 110518 (D.N.J. Oct. 18, 2010) ........ 8, 9, 10, 17

*In re Schering-Plough Corp. Intron/Temodar Consumer Class Action*,
  678 F.3d 235 (3d Cir. 2012) ...................................................................14

*Kendall v. Emps. Ret. Plan of Avon Prods.*,
  561 F.3d 112 (2d Cir. 2009) .....................................................................7

*Landis v. N. Am. Co.*,
  299 U.S. 248 (1936) ........................................................................ 7, 8, 16

*Larson v. Trans Union LLC*, No. 12-cv-05726-WHO,
   2015 U.S. Dist. LEXIS 83459 (N.D. Cal. June 26, 2015) ...................................12

*Lockyer v. Mirant Corp.*,
   398 F.3d 1098 (9th Cir. 2005) ...................................................................................13

*McDonald v. Novartis Pharm. Corp.*, No. 07-655 (JBS),
   2007 U.S. Dist. LEXIS 86140 (D.N.J. Nov. 20, 2007) ................................. 17, 18

*Melnarowicz v. Pierce & Assocs., P.C.*, No. 14 C 07814,
   2015 U.S. Dist. LEXIS 107841 (N.D. Ill. Aug. 17, 2015) ....................... 3, 11, 15

*Miller v. Wolpoff & Abramson, L.L.P.*,
   321 F.3d 292 (2d Cir. 2003) ...............................................................................5, 7

*Murray v. GMAC Mortg. Corp.*,
   434 F.3d 948 (7th Cir. 2006) .....................................................................................5

*Neal v. ASTA Funding, Inc.*, No. 13-3438 (KM) (MAH),
   2014 U.S. Dist. LEXIS 64349 (D.N.J. Jan. 6, 2014) ............................................7

*Neal v. ASTA Funding, Inc.*, No. 13-3438 (KM) (MAH),
   2013 U.S. Dist. LEXIS 170801 (D.N.J. Dec. 4, 2013) .......................................13

*New York v. Hill*,
   528 U.S. 110 (2000) ...................................................................................................11

*Nken v. Holder*,
   556 U.S. 418 (2009) .....................................................................................................8

*Pa. State Troopers Ass'n v. Pawlowski*, No. 1:09-CV-1748,
   2011 U.S. Dist. LEXIS 8 (M.D. Pa. Jan. 3, 2011) .................................................9

*Pollard v. Law Office of Mandy L. Spaulding*,
   766 F.3d 98 (1st Cir. 2014) .......................................................................................5

*Robey v. Shapiro, Marianos & Cejda, L.L.C.*,
   434 F.3d 1208 (10th Cir. 2006).................................................................................6

*Robins v. Spokeo, Inc.*,
    742 F.3d 409 (9th Cir. 2014) ........................................................................ 1, 4, 5

*Sacchi v. Care One, LLC*, Nos. 2:14-cv-00698, 2:14-cv-07175,
    2015 U.S. Dist. LEXIS 84599 (D.N.J. June 30, 2015) ........................................15

*Salvati v. Deutsche Bank Nat'l Trust Co.*,
    575 F. App'x 49 (3d Cir. 2014) ...................................................................5, 14

*Shaw v. Marriott Int'l, Inc.*,
    605 F.3d 1039 (D.C. Cir. 2010) ............................................................................6

*Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd.*,
    7 F. Supp. 2d 523 (D.N.J. 1998) ...........................................................................1

*Wolf v. Lyft, Inc.*, No. C 15-01441 JSW,
    2015 U.S. Dist. LEXIS 94234 (N.D. Cal. July 20, 2015) ...................................13

## Statutes

15 U.S.C. § 1681 et seq. ...........................................................................................3

15 U.S.C. § 1681c(g) ................................................................................................3

29 U.S.C. § 1001 et seq. ...........................................................................................6

## Other Authorities

Joan Biskupic, *'Why the Delay' on Supreme Court's Campaign-Finance Case?*,
    USA Today (Dec. 29, 2009) ...................................................................................9

Petition for Writ of Certiorari, *Spokeo, Inc. v. Robins*,
    No. 13-1339 (U.S. May 2014) ...............................................................................6

Plaintiff Ahmed Kamal, by and through his undersigned counsel, respectfully submits this memorandum of law in opposition to Defendant J. Crew Group, Inc.'s ("J. Crew") motion for a stay pending a Supreme Court appeal in an unrelated matter. [1]

## I.   PRELIMINARY STATEMENT

Staying a civil proceeding is an extraordinary remedy. [2]  This Court is not obligated to stay this litigation purely on the off chance that the Supreme Court in *Spokeo, Inc. v. Robins*[3] **might** dramatically change the law in J. Crew's favor one year hence.

J. Crew has failed to meet its burden of demonstrating any unique circumstances here that would justify a stay.  A stay would only serve to prejudice Plaintiff, and his fellow Class members, by preventing their claims from being addressed in a timely fashion.  As J. Crew would have it, this Court and Plaintiff

---

[1]   Plaintiff has named as Defendants in this action J. Crew Group, Inc., J. Crew Inc., J. Crew Intermediate LLC, J. Crew International, Inc., J. Crew Operating Corp., J. Crew Services, Inc., Chinos Acquisition Corp., and Chinos Holdings, Inc. ("Defendants").  (Pl.'s Am. Compl. (Dkt. No. 21)).  Only Defendant J. Crew Group, Inc. now moves for a stay.  (Def. J. Crew Group, Inc.'s Mot. to Stay (Dkt. No. 35)).

[2]   *E.g.*, *Constantino v. City of Atlantic City*, No. 13-6667 (RBK/JS), 2015 U.S. Dist. LEXIS 18666, at *8 (D.N.J. Feb. 17, 2015) (citing *Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd.*, 7 F. Supp. 2d 523, 526 (D.N.J. 1998)).

[3]   *Robins v. Spokeo, Inc.*, 742 F.3d 409 (9th Cir. 2014), *cert. granted*, 135 S. Ct. 1892 (Apr. 27, 2015) (No. 13-1339).

must patiently await Supreme Court guidance that might or might not ever come, while witnesses' memories concerning Defendants' awareness of the underlying statutory violations become increasingly hazy.  J. Crew's Motion to Stay flies in the face of well-established principles of judicial expediency and fairness, and should be denied.

Tellingly, J. Crew mischaracterizes the present state of the law surrounding the appeal in *Spokeo*.  Contrary to J. Crew's depiction of a profound circuit split over the question presented in the *Spokeo* appeal, the vast majority of the federal appellate courts, including the Third Circuit, follow the rule that the petitioner in *Spokeo*, a corporation-defendant, is attempting to overturn.  This Court is not obligated to halt its timely administration of justice based on the mere possibility that the Supreme Court might dramatically upend the current state of the law. Staying this litigation in light of the granting of certiorari in *Spokeo* would be rash, and the costs of doing so would outweigh the benefits.

J. Crew claims that it intends, at some point in the future, to raise the same standing arguments that are at the heart of the appeal in *Spokeo*—yet it has thus far relinquished every opportunity to do so.  J. Crew's persistent failure to challenge Plaintiff's standing nullifies any argument it might raise that Plaintiff lacks standing under current Third Circuit precedent.

Plaintiff does not dispute that the Supreme Court **might** issue a decision in *Spokeo* that denies standing to litigants in his position. "But, if and until that day, this Court must follow the current rule in this Circuit[,]" and, "[a]ssuming an outcome favorable to [J. Crew] in *Spokeo*, the parties will need to address the [standing] issue [at that time] . . . ." *Melnarowicz v. Pierce & Assocs., P.C.*, No. 14 C 07814, 2015 U.S. Dist. LEXIS 107841, at *6 (N.D. Ill. Aug. 17, 2015); *see Backhaut v. Apple Inc.*, No. 14-CV-02285-LHK, 2015 U.S. Dist. LEXIS 107519, at *16–17 (N.D. Cal. Aug. 13, 2015); *Gillespie v. Blitt & Gaines, P.C.*, No. 14 C 9176, 2015 U.S. Dist. LEXIS 96211, at *13 (N.D. Ill. July 23, 2015).

## II.    BACKGROUND

### A. Procedural History Of This Case

Plaintiff brings this action under the 2003 amendment to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.—the Fair and Accurate Credit Transactions Act of 2003 ("FACTA"), Pub. L. No. 108-159, 117 Stat. 1952 (codified as amended at 15 U.S.C. § 1681c(g))—over certain credit card[4] transactions that took place in J. Crew and its codefendants' retail stores located in New Jersey, Maryland and Delaware.

---

[4] References to "credit card(s)" also include debit card(s).

J. Crew has thus far filed a motion to dismiss Plaintiff's Complaint (Dkt. No. 15), and a motion to dismiss Plaintiff's Amended Complaint (Dkt. No. 23).[5]  In neither filing did J. Crew challenge Plaintiff's standing to pursue his claims. (Defs.' Br. in Supp. of their Mot. to Dismiss the Compl. 1–18; Defs.' Br. in Supp. of their Mot. to Dismiss the Am. Compl. 1–25).  This was not a careless oversight on J. Crew's part—J. Crew has chosen not to challenge Plaintiff's standing because it is well settled in this Circuit that a plaintiff enjoys Article III standing when his action is premised on the defendant's statutory violations.  *See, e.g.*, *City Select Auto Sales, Inc. v. David Randall Assocs., Inc.*, 296 F.R.D. 299, 310 (D.N.J. 2013) (citing *Alston v. Countrywide Fin. Corp.*, 585 F.3d 753, 763 (3d Cir. 2009)).

## B. There Is No "Split" Over Article III Standing

The present state of the law nationwide is that Congress may confer Article III standing upon a party who is not able to show actual damages.  In *Robins v. Spokeo, Inc.*, the Ninth Circuit reversed the district court's ruling that the plaintiff—who accused the defendant of FCRA violations—lacked standing under Article III, Section 2 because the defendant's statutory violations did not cause the plaintiff to suffer actual damages.  742 F.3d 409, 410–14 (9th Cir. 2014), *cert. granted*, 135 S. Ct. 1892 (Apr. 27, 2015).  In reversing the lower court, the Ninth Circuit stressed that "alleged violations of [a plaintiff's] statutory rights are

---

[5]  This Court denied J. Crew and its codefendants' Motion to Dismiss the Amended Complaint.  (Dkt. Nos. 33–34).

sufficient to satisfy the injury-in-fact requirement of Article III."  742 F.3d at 413–14.

The Ninth Circuit's interpretation of Article III standing places it in good company.  Under the current precedent of the First, Second, Third, Fifth, Sixth, Seventh, Eighth, Tenth, and District of Columbia Circuits, a plaintiff suffers injury-in-fact sufficient to establish Article III standing when his statutory rights have been violated.  *Pollard v. Law Office of Mandy L. Spaulding*, 766 F.3d 98, 102–03 (1st Cir. 2014) (Article III standing as to violations of Fair Debt Collection Practices Act ("FDCPA")); *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 307 (2d Cir. 2003) (Article III standing as to violations of FDCPA), *cert. denied*, 540 U.S. 823 (2003), *cited with approval in Salvati v. Deutsche Bank Nat'l Trust Co.*, 575 F. App'x 49, 56 (3d Cir. 2014); *Alston*, 585 F.3d at 763 (Article III standing, in Third Circuit, as to violations of Real Estate Settlement Procedures Act); *Fontenot v. McCraw*, 777 F.3d 741, 746–47 (5th Cir. 2015) (Article III standing as to state agency's failure to properly maintain driving records); *Beaudry v. TeleCheck Servs., Inc.*, 579 F.3d 702, 707 (6th Cir. 2009) (Article III standing as to violations of FCRA), *cert. denied*, 559 U.S. 1092 (2010); *Murray v. GMAC Mortg. Corp.*, 434 F.3d 948, 952–53 (7th Cir. 2006) ("That actual loss is small and hard to quantify is why statutes such as the Fair Credit Reporting Act provide for modest damages without proof of injury."); *Hammer v. Sam's E., Inc.*, 754 F.3d

492, 498–99 (8th Cir. 2014) (Article III standing as to violations of FACTA), *cert. denied*, 135 S. Ct. 1175 (2015); *Robey v. Shapiro, Marianos & Cejda, L.L.C.*, 434 F.3d 1208, 1211–12 (10th Cir. 2006) (Article III standing as to violations of FDCPA); *Shaw v. Marriott Int'l, Inc.*, 605 F.3d 1039, 1042 (D.C. Cir. 2010) (Article III standing as to violations of District of Columbia Consumer Protection Procedures Act).

While it is clear that a majority of the federal appellate courts share the Ninth Circuit's view of Article III standing, it is not clear whether **any** of them would **disagree** with the result reached by the Ninth Circuit in *Spokeo*.

In petitioning for a writ of certiorari, the defendant in *Spokeo* argued that the current precedent of the Second and Fourth Circuits conflicts with that of the majority of the other federal appellate courts.  Petition for Writ of Certiorari at 9–10, *Spokeo, Inc. v. Robins*, No. 13-1339 (U.S. May 2014), *available at* https://www.appellate.net/wp-content/uploads/2015/07/13-1339-Spokeo-v-Robins-Cert-Petition-for-filing.pdf.  However, the Second and Fourth Circuit decisions in question discussed standing under the Employee Retirement Income Security Act, 29 U.S.C. § 1001 et seq.—which, unlike many statutes creating a private right of action, does not allow for recovery on an individual basis (as it instead allows for recovery on behalf of a pension fund).  *See David v. Alphin*, 704 F.3d 327, 332–33

(4th Cir. 2013) (citing 29 U.S.C. § 1132(a)(2)); *Kendall v. Emps. Ret. Plan of Avon Prods.*, 561 F.3d 112, 119–20 (2d Cir. 2009).

In addition, the Second Circuit has held, in the context of violations of a statute that allows for individual recovery on a private cause of action (as does the FCRA), that proof of actual damages is **not** a prerequisite for standing. *See Miller*, 321 F.3d at 307 ("[A]ctual damages are not required for standing under the FDCPA.").[6]

If the appeal in *Spokeo* did expose a judicial split concerning Article III standing—and we do not believe that it did—that split is nowhere near as deep as J. Crew would have this Court believe.

## III.  LEGAL ARGUMENT

Courts are reluctant to grant stay motions because "'[ever]y plaintiff in the federal courts enjoys the right to pursue his case and to vindicate his claim expeditiously.'"  *Forrest v. Corzine*, 757 F. Supp. 2d 473, 478 (D.N.J. 2010) (quoting *Golden Quality Ice Cream Co. v. Deerfield Specialty Papers, Inc.*, 87 F.R.D. 53, 56 (E.D. Pa. 1980)).  This reluctance reflects the long-recognized principle that "[o]nly in rare circumstances" will it be appropriate to force a litigant "to wait upon the outcome of a controversy to which he is a stranger." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936); *accord, e.g.*, *Neal v. ASTA Funding, Inc.*, No.

---

[6]  The Third Circuit has expressly approved of the Second Circuit's holding in *Miller*.  *See Salvati*, 575 F. App'x at 56 (citing *Miller* with approval).

13-3438 (KM) (MAH), 2014 U.S. Dist. LEXIS 64349, at *12–13 (D.N.J. Jan. 6, 2014).

The decision to grant a stay motion lies solely within the discretion of a district court, based upon its need to timely dispense justice in the cases on its docket. *Bechtel Corp. v. Local 215 Laborers' Int'l Union of N. Am.*, 544 F.2d 1207, 1215 (3d Cir. 1976). "It is well settled that before a stay may be issued, the petitioner must demonstrate 'a clear case of hardship or inequity,' if there is 'even a fair possibility' that the stay would work damage on another party." *Gold v. Johns-Manville Sales Corp.*, 723 F.2d 1068, 1075–76 (3d Cir. 1983) (quoting *Landis*, 299 U.S. at 255). "[A] stay is not a matter of right, even if irreparable injury might otherwise result . . . ." *Nken v. Holder*, 556 U.S. 418, 419 (2009) (citation and internal quotation marks omitted).

Imposing a stay is fitting only when (1) the court, in its discretion, concludes that doing so would help it maintain an efficient docket; (2) granting the stay motion would not prejudice the non-movant; (3) denying the stay motion would unquestionably prejudice the movant; and (4) granting the stay motion will inevitably benefit both parties because it will lead to a clearer understanding of the issues at the heart of the litigation. *See, e.g.*, *Homa v. Am. Express Co.*, No. 06-2985 (JAP), 2010 U.S. Dist. LEXIS 110518, at *21–24 (D.N.J. Oct. 18, 2010).

**A. Imposing A Stay Would Not Promote Judicial Efficiency**

The prospect of a lengthy stay in this litigation, simply because of an unlikely, but potentially impactful, decision from the Supreme Court in *Spokeo*, illustrates why courts disfavor imposing stays, which threaten to subvert the courts' duty to "promote fair and efficient adjudication." *Hertz Corp. v. Gator Corp.*, 250 F. Supp. 2d 421, 424 (D.N.J. 2003) (citations and internal quotation marks omitted).

This case implicates **none** of the litigation scenarios that would typically compel a court to impose a stay, as a matter of judicial prudence. This Court is not here faced with the Hobson's choice of either granting a stay, or allowing this litigation to proceed under a rule of law that is followed only by courts within this Circuit and that is on the brink of being definitively overturned by the Supreme Court. *See Pa. State Troopers Ass'n v. Pawlowski*, No. 1:09-CV-1748, 2011 U.S. Dist. LEXIS 8, at *3 (M.D. Pa. Jan. 3, 2011). Nor is this Court being asked to follow a rule of law whose likely reversal has been presaged by recent Supreme Court decisions. *See Homa*, 2010 U.S. Dist. LEXIS 110518, at *10–11.[7] Nor is

---

[7] J. Crew presumes that any decision by the Supreme Court in *Spokeo* would be handed down within one year's time. (Brief in Supp. of Def.'s Mot. to Stay at 11). However, the length of time that it takes the Supreme Court to resolve a given appeal varies greatly and depends upon, among other factors, the importance and complexity of the underlying case. *See generally* Joan Biskupic, *'Why the Delay' on Supreme Court's Campaign-Finance Case?*, USA Today (Dec. 29, 2009, 11:12 PM), http://usatoday30.usatoday.com/news/washington/judicial/2009-12-29-court-

this Court obligated to impose a stay pending an expected decision in an appeal before the Supreme Court, because the Third Circuit has already seen fit to do so in an analogous case. *See id.* at *9–10.[8] Nor is there any parallel litigation in another jurisdiction that will necessarily resolve the factual issues in dispute here. *See, e.g.*, *Akishev v. Kapustin*, 23 F. Supp. 3d 440, 445–46 (D.N.J. 2014).

J. Crew posits that "granting a stay will conserve judicial resources and promote judicial efficiency." (Brief in Supp. of Def.'s Mot. to Stay at 2). This assertion would be true **only if** the Supreme Court were to ultimately use the appeal in *Spokeo* to effect a sea change in the law on Article III standing. The standing that Plaintiff currently enjoys cannot be altered by J. Crew's speculation. While "*Spokeo* **may** address whether the actual injury requirement of Article III can be satisfied solely by a defendant's invasion of a statutory legal right[, in] the absence of a contrary decision from the United States Supreme Court," Plaintiff

---

FEC_N.htm (discussing the lack of a Supreme Court decision, in the closely watched appeal in *Citizens United v. Federal Election Commission*, by the date on which appellate law experts had expected Court's decision to be issued). Moreover, it is entirely possible that the Supreme Court will conclude that it should not have even granted certiorari in *Spokeo* in the first place. *See, e.g.*, *First Am. Fin. Corp. v. Edwards*, 132 S. Ct. 2536 (2012) (dismissing certiorari as improvidently granted, following both briefing and oral argument, in appeal that also concerned Article III standing for plaintiffs injured by statutory violations).

[8] Plaintiff notes that the Second Circuit is currently going forward with an appeal concerning the meaning of "willful noncompliance" with FACTA in the context of a suit that does not allege actual harm. Notice of Hearing Date, *Cruper-Weinmann v. Paris Baguette Am., Inc.*, No. 14-3709 (2d Cir. Aug. 14, 2015), ECF No. 88.

has standing to pursue his FACTA claims.  *Backhaut*, 2015 U.S. Dist. LEXIS 107519, at *16–17 (emphasis added); *see Melnarowicz*, 2015 U.S. Dist. LEXIS 107841, at *6; *Gillespie*, 2015 U.S. Dist. LEXIS 96211, at *13.

This Court is not required to interrupt the timely and just resolution of a case on its docket simply because there is a possibility that the Supreme Court might reject the widely prevailing consensus concerning Article III standing for plaintiffs injured by statutory violations.

### B. A Stay Would Prejudice Plaintiff

Because Plaintiff is entitled to a reasonably expedient discovery process, staying this litigation for any significant period of time would invariably prejudice him.  *See New York v. Hill*, 528 U.S. 110, 117 (2000) ("Delay[ing litigation] can lead to a less accurate outcome as witnesses become unavailable and memories fade."); *Clinton v. Jones*, 520 U.S. 681, 707–08 (1997) ("[Delaying a litigation] increase[s] the danger of prejudice resulting from the loss of evidence, including the inability of witnesses to recall specific facts, or the possible death of a party."); *Constantino v. City of Atlantic City*, No. 13-6667 (RBK/JS), 2015 U.S. Dist. LEXIS 18666, at *9 (D.N.J. Feb. 17, 2015) ("If a stay is granted [P]laintiff's efforts to promptly and efficiently prosecute h[is] case would be hampered.").

A primary issue in this case is what Defendants knew, and when they knew it, as their knowledge goes to their willfulness in violating FACTA.  (Ct. Op. 2–4

(Dkt. No. 33)).  With no depositions having yet been taken, the evidence regarding Defendants' knowledge grows staler by the day.   J. Crew's contention that delaying this litigation for a year or more will have no impact on the quality of the evidence is simply unfounded.  *Cf. Larson v. Trans Union LLC*, No. 12-cv-05726-WHO, 2015 U.S. Dist. LEXIS 83459, at *23 (N.D. Cal. June 26, 2015) (granting stay in light of *Spokeo* certiorari where "many key witnesses have already been deposed [and] their memories can be refreshed at trial by their deposition transcripts, or, if they are unavailable, their deposition transcripts can be read into the record").

Imposing a stay would further unjustly burden Plaintiff because he will be deprived of an orderly administration of this action.  This Court has not yet issued any pretrial orders, including for consolidation of future actions and other matters. Plaintiff's counsel has been contacted by at least one attorney representing other purportedly injured parties and threatening to file follow-on actions.   Duplicate litigation would complicate Plaintiff's ability to prosecute his case.

### C. Declining To Impose A Stay Would Not Prejudice J. Crew

Denying  J. Crew's  stay  motion  would  not  burden  J. Crew  and  its codefendants—it would simply mean that they would continue to defend against Plaintiff's valid FACTA claims, as they are obligated to do under current Third Circuit law.  *See generally Wolf v. Lyft, Inc.*, No. C 15-01441 JSW, 2015 U.S. Dist.

LEXIS 94234, at *6 (N.D. Cal. July 20, 2015) ("[While defendant] argues [in its brief] that it 'will be irreparably harmed by being forced to litigate if this Court ultimately lacks jurisdiction[,]' . . . [t]he fact that [defendant] might be 'required to defend a suit, without more, does not constitute a clear case of hardship or iniquity within the meaning of *Landis*.'") (quoting *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005)).

This litigation presents none of the dire scenarios that have previously compelled courts in this District to grant stay motions.   J. Crew and its codefendants are not faced with the likelihood of having to defend against multiple parallel litigations involving the same factual issues if a stay is not granted here. *See Akishev*, 23 F. Supp. 3d at 445–46; *Ferrari N. Am., Inc. v. St. Louis Motorsports, LLC*, No. 11-4487 (KSH) (PS), 2012 U.S. Dist. LEXIS 24001, at *1– 5, *29 (D.N.J. Feb. 24, 2012).   Nor is there a risk that, if a stay is not imposed, J. Crew and its codefendants will have to litigate before this Court factual issues that have already been addressed during arbitration (or vice versa).   *See Neal v. ASTA Funding, Inc.*, No. 13-3438 (KM) (MAH), 2013 U.S. Dist. LEXIS 170801, at *1– 8, *10–14 (D.N.J. Dec. 4, 2013); *see also Homa*, 2010 U.S. Dist. LEXIS 110518, at *26 (granting stay pending Supreme Court decision on controversy over Federal Arbitration Act preemption of state contract law, because allowing case to proceed

in the face of that uncertainty could ultimately result in "re-litigation by the parties").

Furthermore, Defendants' own litigation tactics belie J. Crew's specific contentions as to how denying a stay would unduly burden them.   J. Crew disingenuously asserts, for the first time in this case, that Plaintiff lacks Article III standing under Third Circuit law.  (Brief in Supp. of Def.'s Mot. to Stay at 5).  It then pledges that it will engage in subsequent—and, apparently, expensive—motion practice concerning this issue.  (Brief in Supp. of Def.'s Mot. to Stay at 10).  Yet while J. Crew and its codefendants have **twice** moved to dismiss this action, (Defs.' Br. in Supp. of their Mot. to Dismiss the Compl. 1–18; Defs.' Br. in Supp. of their Mot. to Dismiss the Am. Compl. 1–25), they have **never** argued that Plaintiff lacks standing, as would have a defendant with a viable lack-of-standing challenge.  *See generally In re Schering-Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012) ("A motion to dismiss for want of standing is properly brought pursuant to [Federal] Rule [of Civil Procedure] 12(b)(1) . . . .") (citation, internal quotation marks, and internal ellipsis omitted).

The reason why J. Crew has thus far failed to challenge plaintiff's standing is obvious: it knows that Plaintiff has Article III standing under current Third Circuit law.  *See Salvati*, 575 F. App'x at 56 ("[U]nder the FDCPA, a plaintiff may collect statutory damages even if he has suffered no actual damages."); *Alston*, 585

14

F.3d at 763 ("A plaintiff need not demonstrate that he or she suffered actual monetary damages" in order to enjoy Article III standing in suit alleging statutory violations); *Sacchi v. Care One, LLC*, Nos. 2:14-cv-00698 (SDW)(SCM), 2:14-cv-07175 (SDW)(SCM), 2015 U.S. Dist. LEXIS 84599, at *13 (D.N.J. June 30, 2015) ("A statute may permit recovery of statutory damages for statutory violations even when the plaintiff has not suffered actual damages."); *City Select Auto Sales*, 296 F.R.D. at 309–10 (citing *Alston* approvingly in rejecting defendant's argument that "the plaintiff must attribute a specific injury" to defendant's statutory violations).

Even if a substantive motion by J. Crew and/or its codefendants challenging Plaintiff's standing were properly before this Court, the granting of certiorari in *Spokeo* would not obligate this Court to stay this litigation or ignore Plaintiff's valid standing under the prevailing judicial consensus on Article III standing.  *Cf. Melnarowicz*, 2015 U.S. Dist. LEXIS 107841, at *6 ("[I]f and until th[e] day" when a Supreme Court decision in *Spokeo* overturns the current precedent on Article III standing, plaintiff alleging injury from statutory violations enjoys standing); *Backhaut*, 2015 U.S. Dist. LEXIS 107519, at *16–17 (plaintiff injured by statutory violations has Article III standing under current precedent "in the absence of a contrary decision from the United States Supreme Court [in *Spokeo*]"); *Gillespie*, 2015 U.S. Dist. LEXIS 96211, at *13 ("Unless and until the

Supreme Court says otherwise," plaintiff injured by statutory violations has Article III standing).

### D. Imposing A Stay Is Appropriate Only When An Emerging Area Of The Law Is Plagued By Uncertainty

Federal court precedent on staying litigation is grounded in the principle that, when an emerging area of the law is plagued by uncertainty, the need for timely dispensation of justice yields to the need for legal clarity. *See Landis*, 299 U.S. at 256 (deeming stay appropriate when pending bellwether trial on validity of new statute "may not settle every question of fact and law in [the parallel] suits [concerning the same issue], but **in all likelihood** it will settle many and **simplify them all**") (emphases added).

It is therefore inappropriate to stay litigation absent some degree of certainty that the Supreme Court appeal that has prompted a stay motion will result in a decision that, regardless of its outcome, aids in resolution of the instant action. This ordinarily occurs when a case implicates novel, controversial legal theories, and when the impending Supreme Court decision will, one way or the other, offer guidance on the instant substantive issues. Such is not the case here. *See Bais Yaakov of Spring Valley v. Peterson's NelNet, LLC*, No. 11-0011, 2011 U.S. Dist. LEXIS 102743, at *1–5 (D.N.J. Sept. 12, 2011) (granting stay in light of pending Supreme Court decision as to contentious question of whether federal courts have federal question jurisdiction over Telephone Consumer Protection Act claims);

*Garcia v. Ocean County*, No 07-5665 (FLW), 2011 U.S. Dist. LEXIS 39574, at *3–10 (D.N.J. Apr. 12, 2011) (granting stay pending Supreme Court decision on controversy as to validity of Fourth Amendment claims over suspicionless strip searches following arrests for minor offenses); *Homa*, 2010 U.S. Dist. LEXIS 110518, at *8–9, *25–26 (granting stay of litigation pending Supreme Court decision when Third Circuit had itself stayed mandate of its own decision concerning heavily debated issue of the extent of the Federal Arbitration Act's preemption of state contract law, and when defendant in instant litigation had previously raised unsuccessful argument regarding that issue); *see also Haas v. Burlington County*, No. 08-1102 (JHR/JS), 2009 U.S. Dist. LEXIS 110173, at *1–7 (D.N.J. Nov. 24, 2009) (granting stay pending decision from Third Circuit as to validity of civil rights claims similar to those in *Garcia*); *McDonald v. Novartis Pharm. Corp.*, No. 07-655 (JBS), 2007 U.S. Dist. LEXIS 86140, at *1–8 (D.N.J. Nov. 20, 2007) (granting stay pending decision from Third Circuit concerning "[t]he preemptive effect of the [Food and Drug Administration's] pharmaceutical labeling regulations[,] an issue that has divided the courts in the Third Circuit").

Here, the concept that litigants such as Plaintiff enjoy Article III standing is not controversial to the vast majority of the federal appellate courts. There is a strong likelihood that the Supreme Court will resolve *Spokeo* in a manner that has no bearing on this case whatsoever. Given the utter lack of any certainty that a

Supreme Court ruling in *Spokeo* would alter the course of this litigation, imposing a stay now would be imprudent, and would unfairly prejudice Plaintiff.

J. Crew contends that "a stay will simplify [the] issues" now before this Court because any "ruling by the Supreme Court in *Spokeo* will directly affect this proceeding . . . ."  (Brief in Supp. of Def.'s Mot. to Stay at 6–7) (citing *McDonald*, 2007 U.S. Dist. LEXIS 86140, at *3).  In fact, the **only** way that a Supreme Court ruling in *Spokeo* would impact this case is if the Supreme Court were to reject the consensus view on Article III standing.  J. Crew's overly simplistic logic renders the issue-simplification consideration meaningless—whenever the Supreme Court grants certiorari in a particular case, any decision it might issue has the potential for far-reaching effects.

### IV.   CONCLUSION

Staying this litigation would harm Plaintiff, who currently enjoys Article III standing.  Denying J. Crew's motion would neither harm Defendants, nor waste judicial resources.  This Court should not halt this litigation in the off chance that the Supreme Court might issue a decision that benefits Defendants, and J. Crew's arguments that this Court is so obligated should be rejected.

J. Crew has failed to show the existence of the type of unusual circumstances that would compel this Court to cede both Plaintiff's and its own interest in the expeditious resolution of this matter.

Dated: September 8, 2015

FRANK LLP

By: /s/ Marvin L. Frank
    Marvin L. Frank (MF1436)
    mfrank@frankllp.com
    Gregory A. Frank (Not Admitted)
    gfrank@frankllp.com
    275 Madison Avenue, Suite 705
    New York, New York 10016
    (212) 682-1853 Telephone
    (212) 682-1892 Facsimile

NABLI & ASSOCIATES, P.C.
    Peter Y. Lee (PL2405)
    peter.lee@leeadvocates.com
    Khaled (Jim) El Nabli (Not Admitted)
    Jim_elnabli@nablilaw.com
    60 East 42nd Street, Suite 1101
    New York, New York 10165
    (212) 808-0716 Telephone
    (212) 808-0719 Facsimile

ROBERT A. SOLOMON, P.C.
    Robert A. Solomon (RS2895)
    rsolomon@metrolaw.com
    91 Pacific Street
    Newark, NJ 07105
    (973) 344-6587 Telephone
    (973) 344-7604 Facsimile

*Counsel for Plaintiff and the Class*