UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

AHMED KAMAL, on behalf of himself and the putative class,

    Plaintiff,

v.

J. CREW GROUP, INC., et al.

    Defendants.

---

Case No. 2:15-cv-00190-WJM-MF

*ELECTRONICALLY FILED*

Returnable: September 21, 2015

ORAL ARGUMENT REQUESTED

---

# REPLY BRIEF IN FURTHER SUPPORT OF J. CREW'S MOTION TO STAY CASE PENDING DECISION BY U.S. SUPREME COURT IN *SPOKEO, INC. v. ROBINS*

---

**DLA PIPER LLP (US)**
51 John F. Kennedy Parkway, Suite 120
Short Hills, New Jersey 07078-2704
Telephone No.: (973) 520-2550
Fax No.: (973) 520-2551
*Attorneys for Defendants*

Of Counsel:
    Keara Gordon (*pro hac vice*)
    Andrew O. Bunn

On the Brief:
    James V. Noblett
    Steven R. Marino

## **TABLE OF CONTENTS**

**Page**

I. PRELIMINARY STATEMENT ........................................................................................ 1

II. ARGUMENT .................................................................................................................... 3

    A. Kamal Concedes that *Spokeo* Will Resolve the Threshold Issue of Standing in This Case ................................................................................................ 3

    B. The Vast Majority of Courts that Have Addressed this Issue Have Granted Stays Based on *Spokeo* Under Identical Circumstances ......................................... 4

    C. Kamal Admits that He Suffered No Actual Harm, and Therefore, Lacks Standing to Sue Under Third Circuit Law ............................................................... 6

    D. Kamal Will Not Be Prejudiced By a Stay ................................................................ 9

III. CONCLUSION ................................................................................................................ 10

## **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Alston v. Countrywide*,
   585 F.3d 753 (3d Cir. 2009)..................................................................................7, 8, 9

*Backhaut v. Apple, Inc.*,
   No. 15-CV-02285-LHK, 2015 U.S. Dist. LEXIS 107519 (N.D. Cal. Aug. 13, 2015)..............5

*Bais Yaakov Valley v. Peterson's Nelnet, LLC*,
   No. 11-0011, 2011 WL 4056318 (D.N.J. Sept. 12, 2011) .........................................................4

*Bechtel Corp. et al. v. Local 215, Laborers' Int'l Union of N. Am. et al.*,
   544 F.2d 1207 (3d Cir. 1976)...................................................................................................3

*Boise v. Ace USA, Inc.*,
   No. 15-21264, 2015 WL 4077433 (S.D. Fl. July 6, 2015) ....................................................2, 4

*City Select Auto Sales, Inc. v. David Randall Associates, Inc.*,
   296 F.R.D. 299 (D.N.J. 2013)................................................................................................8, 9

*Clark v. Burger King Corp*,
   255 F.Supp.2d 334 (D.N.J. 2003) .............................................................................................7

*Doe v. National Medical Examiners*,
   199 F.3d 146 (3d Cir. 1999)..................................................................................................6, 7

*Garcia v. Ocean County*,
   No. 07-5665, 2011 WL 1375683 (D.N.J. April 12, 2011).........................................................4

*Gillespie v. Blitt & Gaines, P.C.*,
   14 C 9176, 2015 U.S. Dist. LEXIS 96211 (N.D. Ill. July 23, 2015) .........................................5

*Hillson v. Kelly Services, Inc.*,
   No. 15-10803, 2015 WL 4488493 (E.D. Mich July 15, 2015) .............................................2, 4

*Homa v. American Express Co.*,
   No. 06-2985, 2010 WL 4116481 (D.N.J. Oct 18, 2010) ..........................................................4

*Kratzer v. Gamma Management Group, Inc.*,
   Civ. A. No. 04-6031, 2005 WL 2644996 (E.D. Pa. Oct. 12, 2005).........................................7

*Landis v. North American* Co.,
   299 U.S. 248, 254 (1936).................................................................................................2, 3, 5

*Larson v. Trans Union, LLC*,
   No. 12-05726, 2015 WL 3945052 (N.D. Cal. June 26, 2015) ............................................. 2, 4

*McDonald v. Novartis Pharmaceuticals Corp.*,
   No. 07-655, 2007 WL 4191750 (D.N.J. Nov. 20, 2007) ......................................................... 3

*Melnarowicz v. Pierce & Assoc., P.C.*,
   No. 14 C 07814, 2015 U.S. Dist. LEXIS 107841 (N.D. Ill. Aug. 17, 2015) ............................ 5

*Miller v. Trans Union, LLC*,
   No. 3:12-cv-1715 (M.D. Pa. Aug. 3, 2015) ....................................................................... 2, 4

*National Org. for Women, Inc. v. Scheidler*,
   510 U.S. 249 (1994) ................................................................................................................. 9

*Pennsylvania State Troopers Ass'n. v. Pawlowski*,
   No. 1:09-cv-1748, 2011 WL 9114 (M.D. Pa. Jan. 3, 2011) ..................................................... 4

*Polanco v. Omnicell, Inc.*,
   988 F. Supp. 2d 451 (D.N.J. 2013) ........................................................................................... 7

*Ramirez v. Trans Union, LLC*,
   No. 3:12–cv–00632 (N.D. Cal. June 22, 2015) .................................................................. 2, 5

*Salvatore v. MicroBilt Corp.*,
   No. 4:14-CV-1848, 2015 WL 5008856 (M.D. Pa. Aug. 20, 2015) ............................... 2, 5, 6, 9

*Stone v. Sterling Infosystems, Inc.*,
   No. 14-711, 2015 WL 4602968 (E.D. Cal. July 29, 2015) ................................................... 2, 4

*Syed v. M-I, LLC*,
   No. 14-742, 2015 WL 3630310 (E.D. Cal. May 29, 2015) ................................................... 2, 4

*United States v. Hays*,
   515 U.S. 737 (1995) ................................................................................................................. 9

*Williams v. Elephant Insurance Co.*,
   No. 15-119, 2015 WL 3631691 (E.D. Va. May 27, 2015) ................................................... 2, 5

**STATUTES**

Americans with Disabilities Act. ................................................................................................... 7

Real Estate Settlement Procedures Act of 1974 ............................................................................ 7

**OTHER AUTHORITIES**

Supreme Court Rule 25 .................................................................................................................. 9

I.      **PRELIMINARY STATEMENT**

Plaintiff Ahmed Kamal ("Kamal") does not dispute that the Supreme Court, by granting certiorari in *Spokeo v. Robins*, has agreed to resolve a threshold jurisdictional issue that bears directly on whether this case may proceed at all. Specifically, the Supreme Court will decide whether the allegation of a bare statutory violation unaccompanied by any actual harm suffices to establish constitutional standing under Article III.

Because Kamal cannot distinguish *Spokeo* from his own case, his principal argument in opposition to a stay is that he has standing under current Third Circuit law, and further, that it is unlikely that the Supreme Court will overturn the Ninth Circuit's decision in *Spokeo*. *See* Pltfs.' Opp. Br. at 3. Kamal's argument, however, misses the point entirely. The reason that a stay pending the Supreme Court's resolution of a related case makes sense is to avoid the potential waste of time and resources (both the Court's and the parties') that would result from continuing to preside over litigation while the outcome in the Supreme Court remains uncertain.

These concerns are heightened here where the jurisdictional issues before the Supreme Court bear on this Court's very power to hear Kamal's claims in the first place. If this case were to proceed now to expensive and time consuming discovery and motions practice, and the Supreme Court later issues a ruling in *Spokeo* compelling this Court to hold that it lacks subject-matter jurisdiction over Kamal's claims, all of the time and effort expended by this Court and the parties will have been for naught. Instead, judicial economy would best be served by holding this case in abeyance pending the Supreme Court's potentially dispositive resolution of the threshold jurisdictional presented here.[1]

---

[1] To be clear, J. Crew seeks to stay the case for all parties, including the incorrectly named defendants: J. Crew Inc., J. Crew Intermediate LLC, J. Crew International, Inc., J. Crew Operating Corp., J. Crew Services, Inc., Chinos Acquisition Corp., and Chinos Holdings, Inc.

Indeed, at least nine federal district courts have issued stays in similar cases pending the outcome of the Supreme Court's decision in *Spokeo*. *See Salvatore v. MicroBilt Corp.*, No. 4:14-CV-1848, 2015 WL 5008856, at *1 (M.D. Pa. Aug. 20, 2015); *Miller v. Trans Union, LLC*, No. 3:12-cv-1715, at *1 (M.D. Pa. Aug. 3, 2015) (Dkt. No. 119); *Stone v. Sterling Infosystems, Inc.*, No. 14-711, 2015 WL 4602968, at *2-3 (E.D. Cal. July 29, 2015); *Hillson v. Kelly Services, Inc.*, No. 15-10803, 2015 WL 4488493, at *1 (E.D. Mich July 15, 2015); *Boise v. Ace USA, Inc.*, No. 15-21264, 2015 WL 4077433, at *5 (S.D. Fl. July 6, 2015); *Larson v. Trans Union, LLC*, No. 12-05726, 2015 WL 3945052, at *3 (N.D. Cal. June 26, 2015); *Syed v. M-I, LLC*, No. 14-742, 2015 WL 3630310, at *1 (E.D. Cal. May 29, 2015); *Ramirez v. Trans Union, LLC*, No. 3:12–cv–00632, at *2 (N.D. Cal. June 22, 2015) (Dkt. No. 115); *Williams v. Elephant Insurance Co.*, No. 15-119, 2015 WL 3631691, at *1 (E.D. Va. May 27, 2015). Kamal does not address, distinguish or criticize any of these decisions. Moreover, many of these decisions arise in circuits where the plaintiff—like Kamal here—claims to enjoy Article III standing based solely on alleged statutory violations.

Kamal's argument that he has standing under Third Circuit law is also misplaced. Kamal ignores the case law cited in J. Crew's Moving Brief holding that a mere statutory violation without actual harm is insufficient to confer standing. Instead, he cites to cases where the courts *inferred actual injury* from the defendant's conduct. Here, Kamal admits that he suffered no actual harm. Therefore, the cases he cites are inapposite. In any event, even if Kamal were correct about his interpretation of Third Circuit law—which he is not—that would have no bearing on whether the Court should grant a *Landis* stay because the Supreme Court could reverse the Ninth Circuit and eliminate standing without actual harm.

Finally, Kamal will not be prejudiced by a short stay until the Supreme Court decides *Spokeo*. That case is fully briefed and listed for argument on November 2, 2015. In accordance with the Supreme Court's customary practice, a decision is expected by the end of June 2016. In contrast to any theoretical prejudice Kamal imagines, the prejudice to J. Crew of proceeding is real: discovery in this putative class action will undoubtedly be expensive and burdensome.

Accordingly, the Court should stay this matter pending the outcome of the Supreme Court's decision in *Spokeo*.

## II. ARGUMENT

### A. Kamal Concedes that *Spokeo* Will Resolve the Threshold Issue of Standing in This Case.

Kamal does not dispute that the Supreme Court will resolve whether he has Article III standing. *See* Opp. Br. at 3 ("Plaintiff does not dispute that the Supreme Court **might** issue a decision in *Spokeo* that denies standing to litigants in his position.") (emphasis in original). Instead, he devotes a substantial portion of his opposition expressing views about why he currently has standing under Third Circuit law, and hypothesizing that it is unlikely that the Supreme Court will rule in favor of the petitioner in *Spokeo*. *Id.* at 4-7.

These arguments misconstrue the standard for issuing a stay. The standard for issuing a stay focuses on whether "the outcome of another [case] may substantially affect [] or be dispositive of the issues" in the current case. *See Bechtel Corp. et al. v. Local 215, Laborers' Int'l Union of N. Am. et al.*, 544 F.2d 1207, 1215 (3d Cir. 1976). Moreover, the Court must be satisfied that each of the *Landis* factors weighs in favor of granting a stay. *See McDonald v. Novartis Pharmaceuticals Corp.*, No. 07-655, 2007 WL 4191750, at *1 (D.N.J. Nov. 20, 2007) (citing *Landis v. North American* Co., 299 U.S. 248, 254 (1936).

While Kamal is correct that the Supreme Court has yet to rule on the merits of *Spokeo*, he fails to appreciate that the grant of certiorari signifies that the Supreme Court *will decide* the merits of the jurisdictional issue presented in that case—and that decision will unquestionably bind this Court. Kamal does not dispute that if the petitioner in *Spokeo* prevails in the Supreme Court, then Kamal's lawsuit cannot proceed in this Court. Thus, there is no reason to risk a potentially massive waste of judicial resources before the Supreme Court rules.

In fact, numerous courts in this circuit have recognized this very point. *See Garcia v. Ocean County*, No. 07-5665, 2011 WL 1375683, at *2-3 (D.N.J. April 12, 2011) (continuing stay of class action challenging prison strip searches pending outcome of Supreme Court case raising similar Fourth Amendment issues); *Homa v. American Express Co.*, No. 06-2985, 2010 WL 4116481, at *7-9 (D.N.J. Oct 18, 2010) (staying litigation in which unconscionability of class arbitration waivers was at issue pending outcome of Supreme Court case considering the same issue); *Bais Yaakov Valley v. Peterson's Nelnet, LLC*, No. 11-0011, 2011 WL 4056318, at *2 (D.N.J. Sept. 12, 2011) (granting stay pending a Supreme Court decision on the grounds that the "decision will resolve the dispositive jurisdictional issues presently in dispute"); *Pennsylvania State Troopers Ass'n. v. Pawlowski*, No. 1:09-cv-1748, 2011 WL 9114, at *1 (M.D. Pa. Jan. 3, 2011) ("[I]t is of no benefit to either party to incur substantial costs litigating an issue that the Supreme Court may well determine is not actionable in the course of these proceedings").

**B.     The Vast Majority of Courts that Have Addressed this Issue Have Granted Stays Based on *Spokeo* Under Identical Circumstances.**

As set forth in J. Crew's Moving Brief, the overwhelming majority of courts that have addressed this issue have issued stays pending the outcome of the Supreme Court's decision in *Spokeo*. *Miller*, No. 3:12-cv-1715, at *1; *Stone*, 2015 WL 4602968, at *2-3; *Hillson*, 2015 WL 4488493, at *1; *Boise*, 2015 WL 4077433, at *5; *Larson*, 2015 WL 3945052, at *3; *Syed*, 2015

WL 3630310, at *1; *Ramirez v. Trans Union, LLC*, No. 3:12–cv–00632, at *2; *Williams*, 2015 WL 3631691, at *1. As these courts have recognized: (1) a decision in *Spokeo* may directly impact the plaintiff's standing pursue his or her claims against the defendant; (2) the plaintiff would not suffer any material prejudice from a stay; (3) the Supreme Court is likely to issue a stay in less than one year; and (4) if the case is not stayed, all of the parties would face the risk of dedicating substantial resources to proceedings that may ultimately prove unnecessary.

Kamal does not attempt to distinguish any of these cases from his own, nor can he identify a single case where a court expressly declined to issue a stay in light of *Spokeo*.[2]

Moreover, after J. Crew filed its Moving Brief, the Middle District of Pennsylvania granted a stay in another case based on *Spokeo*. *See Salvatore*, 2015 WL 5008856 at *1. In that case, the plaintiff asserted claims against the defendant for violations of FACTA (the same statute Kamal invokes here) for allegedly failing to redact the plaintiff's social security number from correspondence sent to the plaintiff.[3] *Id.* Although the plaintiff suffered no actual damages, he asserted statutory and punitive damages against the defendant. *Id.* The defendant moved to stay the litigation based on *Spokeo*, and the court granted the motion. *Id.*

In granting the stay, the court noted that the question presented in *Spokeo* "lies at the heart of the instant case." *Id.* The court then found that each of the *Landis* factors weighed in favor of granting a stay:

---

[2] Although Kamal cites *Melnarowicz v. Pierce & Assoc., P.C.*, No. 14 C 07814, 2015 U.S. Dist. LEXIS 107841, at *6 (N.D. Ill. Aug. 17, 2015), *Backhaut v. Apple, Inc.*, No. 15-CV-02285-LHK, 2015 U.S. Dist. LEXIS 107519, at *16-17 (N.D. Cal. Aug. 13, 2015), and *Gillespie v. Blitt & Gaines, P.C.*, 14 C 9176, 2015 U.S. Dist. LEXIS 96211, at *13 (N.D. Ill. July 23, 2015), those cases are not persuasive. Opp Br. at 3. The defendants did not request stays in light of *Spokeo*. More importantly, the courts did not analyze any of the factors for a *Landis* stay. They simply mentioned *Spokeo in dicta*.

[3] This is substantively and analytically identical to Kamal's claim that he (and he alone) received receipts showing more digits of his own credit card number than FACTA permitted.

> First, we find that the parties face potential hardship if the stay were denied [because they will be] required to expend time and resources engaging in fact and expert discovery over the course of the next year while *Spokeo* remains pending . . .
>
> Second, and relatedly, a stay is likely to promote a more orderly course of justice, and judicial economy, by allowing the court and the parties to await the Supreme Court's guidance before proceeding further, as other courts have found in similar circumstances.
>
> Third, a stay pending resolution of *Spokeo* is by definition not indefinite, since briefing in that case concludes this summer and a decision is expected by the end of June 2016, in accordance with the Supreme Court's customary practice.
>
> Further, we do not find that the plaintiff will suffer any real harm here, and any harm that the plaintiff may arguably face is substantially outweighed by the importance that a decision in *Spokeo* likely will have on this litigation, and the benefits to be realized by placing the litigation on hold while that case is decided.

*Id.* at *2. The same reasoning applies here.

### C. Kamal Admits that He Suffered No Actual Harm, and Therefore, Lacks Standing to Sue Under Third Circuit Law.

Kamal does not dispute that he suffered no actual harm as a result of J. Crew's alleged violation of FACTA. *See generally*, Opp. Br. Moreover, he fails to distinguish any of the case law cited in J. Crew's moving brief that a statutory violation alone is insufficient to confer Article III standing. *Id.* As such, Kamal is wrong when he claims that J. Crew misrepresented the law in this circuit on the issue of standing.

As set forth in J. Crew's Moving Brief, under Third Circuit law, an analysis of standing focuses on "whether the plaintiff suffered an actual injury, not on whether a statute was violated." Moving Br. at 5 (citing See *Doe v. National Medical Examiners*, 199 F.3d 146, 148 (3d Cir. 1999). In *Doe*, the plaintiff medical student obtained an accommodation to take a standardized exam. The National Board of Medical Examiners marked Doe's test results with

the statement "Testing Accommodations" on the front, and a comment on the back stating, "Following review and approval of a request from the examinee, testing accommodations were provided in the administration of the examination." *Id.* at 150.  Doe sought a preliminary injunction to have those statements removed from his transcript, alleging that they identified him as disabled (albeit without revealing the nature of his disability), and thus made him susceptible to discrimination in violation of the Americans with Disabilities Act.  *Id.* at 153.

The Third Circuit, however, found that the plaintiff did not have standing to sue for "infringement of the right to be free from discrimination under the [ADA]" reasoning that the district court's "formulation of standing . . . incorrectly equate[d] a violation of a statute with an injury sufficient to confer standing." *Id.*  The Third Circuit did note that because the plaintiff was identified as disabled on the transcript, standing was conferred because the "injury to his interest in keeping his disability private is concrete." *Id.*  While the preliminary injunction was vacated, the Third Circuit clarified that "[t]he proper analysis of standing focuses on whether the plaintiff suffered an actual injury, not on whether a statute was violated." *Id.*  Doe is thus directly controlling where, as here, Kamal alleges only a statutory violation.[4]

Kamal's reliance on *Alston v. Countrywide* is misplaced.  There, the defendant was alleged to have violated the Real Estate Settlement Procedures Act of 1974 by paying kickbacks

---

[4] Since *Doe*, courts in this circuit have routinely held that a mere statutory violation alone is insufficient to confer Article III standing. *See e.g.*, *Polanco v. Omnicell, Inc.*, 988 F. Supp. 2d 451 (D.N.J. 2013) ("merely asserting violations of certain statutes is not sufficient to demonstrate injury-in-fact for purposes of establishing standing under Article III, and the Court rejects Plaintiff's assertions on this point"); *Clark v. Burger King Corp*, 255 F.Supp.2d 334, 342 (D.N.J. 2003) ("The proper analysis of standing focuses on whether the plaintiff suffered an actual injury, not on whether a statute was violated") (citations omitted); *Kratzer v. Gamma Management Group, Inc.*, Civ. A. No. 04-6031, 2005 WL 2644996 *2 (E.D. Pa. Oct. 12, 2005) ("Where a plaintiff asserts an injury as a result of a statutory violation, an analysis of the plaintiff's standing must focus on whether the plaintiff suffered an actual injury, and not whether the statute was violated.") (citations omitted).

and providing "sham" reinsurance coverage. 585 F.3d 753, 757 (3d Cir. 2009). That statutory violation, thus, resulted in an actual, "particularized injury" sufficient to confer standing. *Id.*

Similarly, in *City Select Auto Sales, Inc. v. David Randall Associates, Inc.*—another case relied upon by Kamal—the defendant sent unsolicited fax advertisements to the plaintiff, but the plaintiff had no "information about, recollection of, or record of the faxes that he [allegedly] received from the [defendant]." 296 F.R.D. 299, 304 (D.N.J. 2013). In finding that the plaintiff did show an injury in fact, the court focused on the fact that the "[t]he TCPA does not specifically require proof of receipt," and the plaintiff's expert analysis provided "circumstantial proof of receipt." *Id.* Thus, the court was satisfied that the defendant had invaded the plaintiff's privacy rights by sending unsolicited faxes.[5]

Here, the alleged statutory violation—J. Crew providing Kamal with a credit card receipt that revealed more than the last five digits of his credit card number—resulted in no actual harm to Kamal. Moreover, there is no allegation that J. Crew provided Kamal's credit card receipt to anyone other than him. Unlike in *Alston* or *City Select*, there is no evidence—circumstantial or otherwise—that Kamal's privacy rights were violated.

---

[5]   According to a U.S. Government Accountability Report ("GAO Report"), the TCPA "prohibit[s] invasive telemarketing practices, including the faxing of unsolicited advertisements, known as 'junk faxes,' to individual consumers and businesses. *See* http://www.gpo.gov/fdsys/pkg/GAOREPORTS-GAO-06-425/html/GAOREPORTS-GAO-06-425.htm. As noted in the GAO Report, "[j]unk faxes create costs for consumers (paper and toner) and disrupt their fax operations." *Id.*; *see also In the Matter of Westfax, Inc. Petition for Consideration and Clarification*, DA 15-977, http://assets.law360news.com/0697000/697323/da-15-977a1.pdf ("Unwanted fax advertisements can annoy consumers, costing them time and money by way of interfering transmissions, and unplanned uses of paper and toner, as well as wear and tear on equipment."); *see also See State of Missouri, ex rel. Jeremiah W. (Jay) Nixon v. American Blast Fax, Inc.*, 323 F.3d 649, 652 (8th Cir. 2003) ("unsolicited fax advertising shifts costs to the recipients who are forced to contribute ink, paper, wear on their fax machines, as well as personnel time").

As a result, this case ultimately should be dismissed for lack of standing.[6] But even if Kamal were correct in his interpretation of *Alston* and *City Select*—which he is not—that would only provide a greater reason to wait for the Supreme Court's upcoming guidance in *Spokeo*.

### D. Kamal Will Not Be Prejudiced By a Stay.

Kamal's claim that he will suffer prejudice if a stay is granted is misplaced. Specifically, he claims that witnesses' memories may fade while we await the Supreme Court's guidance *Spokeo*. Opp. Br. at 2. He even goes so far as to say that "Supreme Court guidance . . . *might never come.*" *Id.* (emphasis added). Kamal's cries of prejudice ring hollow because:

- The Supreme Court's decision in *Spokeo* is listed for argument on Monday, November 2, 2015 http://www.supremecourt.gov/oral_arguments/argument_calendars/monthlyargumentcalnovember2015.pdf; and

- The *Spokeo* case is fully briefed: http://www.americanbar.org/publications/preview_home/2015_2016_briefs/13-1339.html; and

- The Supreme Court's decision is expected by the end of June 2016, in accordance with the Supreme Court's customary practice. *See Supreme Court Rule 25* (deadlines for merits briefing after petition for writ of certiorari).

Moreover, the court in *Salvatore* specifically found that a stay pending resolution of Spokeo "is by definition not indefinite," since briefing in that case has concluded and a decision is expected by the end of June 2016. *Salvatore*, 2015 WL 5008856 at *2.

Finally, Kamal's claim of prejudice is specious because the alleged statutory violations occurred less than a year ago, and therefore, witnesses' memories are still fresh. *See* Amended Complaint, Dkt. No. 21, at ¶¶ 68-70. In contrast to the spurious claims of prejudice by Kamal,

---

[6] Kamal has not cited any cases supporting his contention that J. Crew waived its lack of standing argument by not raising it in its motion to dismiss. *See generally*, Opp. Br. In fact, the Supreme Court has expressly held that standing cannot be waived. *See e.g., United States v. Hays*, 515 U.S. 737, 742 (1995) ("The question of standing is not subject to waiver"); *National Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 255 (1994) ("Standing represents a jurisdictional requirement which remains open to review at all stages of the litigation.").

proceeding without a stay will undoubtedly cause J. Crew to expend substantial amounts of time and money conducting discovery and defending against claims that Kamal has no standing to pursue.

### III. CONCLUSION

For the foregoing reasons, the Court should stay this matter pending the outcome of the Supreme Court's decision in *Spokeo*.

Respectfully submitted,

**DLA PIPER LLP (US)**

s/ Andrew O. Bunn

| | |
|---|---|
| Andrew O. Bunn | Keara Gordon (*pro hac vice*) |
| James V. Noblett | DLA Piper LLP (US) |
| Steven R. Marino | 1251 Avenue of Americas |
| DLA Piper LLP (US) | New York, New York 10020-1104 |
| 51 John F. Kennedy Parkway, Suite 120 | Telephone: (212) 335-4632 |
| Short Hills, New Jersey 07078-2704 | *Attorneys for Defendants* |
| Telephone: (973) 520-2562 | |
| *Attorneys for Defendants* | |

Dated:  September 15, 2015