<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **AHMED KAMAL, on behalf of himself and the putative class,**<br><br>                  **Plaintiff,**<br><br>v.<br><br>**J. CREW GROUP, INC.; J. CREW INC.; J. CREW INTERMEDIATE LLC; J. CREW INTERNATIONAL, INC.; J. CREW OPERATING CORP.; J. CREW SERVICES, INC.; CHINOS HOLDINGS, INC.; and CHINOS ACQUISITION CORPORATION**<br><br>                  **Defendants.** | **Civil Action No. 15-0190 (WJM)**<br><br><u>**OPINION**</u> |

<u>**FALK, U.S.M.J.**</u>

      Before the Court is Defendants' motion to stay the case. [CM/ECF No. 35.] The motion is opposed. No oral argument was heard. Fed. R. Civ. P. 78 (b). Based upon the following, the motion is **granted**.

      Defendants J. Crew, a clothing apparel conglomerate, owns and operates more than 300 retail stores throughout the United States. Plaintiff, Ahmed Kamal, is a New York resident, and according to the Complaint [CM/ECF No. 1] a loyal customer of J. Crew clothing. On January 10, 2015, Plaintiff filed a class action Complaint based upon Defendants' alleged violation of the Fair and Accurate Credit Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act, 15

U.S.C. § 1681 et seq. [CM/ECF No. 1.]  On February 23, 2015, J. Crew moved to dismiss the Complaint based on Plaintiff's failure to state a willful violation of FACTA. [CM/ECF No. 15.] On March 25, 2015, Plaintiff filed an Amended Complaint alleging that J. Crew willfully violated FACTA by disclosing more than the last five digits of Plaintiff's credit card number on three of his receipts.  Plaintiff seeks to represent a class of all persons or entities to whom Defendants provided an electronically printed receipt in a sale or transaction occurring after January 10, 2010.  Plaintiff seeks statutory and punitive damages.

J. Crew has now moved to stay this litigation based on the fact that the Supreme Court has granted a petition for writ of certiorari review of *Spokeo, Inc. v. Robins*, No. 13-1339 (U.S. Apr. 27, 2015).  The Supreme Court is going to address the issue of "whether Congress may confer Article III standing upon a plaintiff who suffers no concrete harm, and who therefore could not otherwise invoke the jurisdiction of a federal court, by authorizing a private right of action based on a bare violation of a federal statute."*Spokeo, Inc. v. Robins,* 13–1339, "Question Presented," available at http://www.supremecourt.gov/search.aspx?filename=/docketfiles/13–1339.htm (last visited December 17, 2015).  If the Court agrees with those courts that have rejected "statutory standing" Plaintiff will have no standing to proceed with the current case.  Oral arguments were heard on November 2, 2015.  While no one can definitively predict when or how the Supreme Court will rule, a decision is expected by some by June 2016.

Plaintiff opposes a stay. He argues this Court is not obligated to stay this litigation purely on the chance that the Supreme Court decision in *Spokeo* might change the law. He also argues that a stay would prejudice him and his fellow class members by preventing their claims from being addressed in a timely fashion.

A stay of civil litigation is discretionary.  See, e.g., Bechtel Corp. v. Local 215 Laborers' Int'l Union of N.A., 544 F.2d 1207, 1215 (3d Cir. 1976) ("A United States District Court has broad powers to stay proceedings.").  Deciding whether to stay a case requires "an exercise of judgment, which must weigh competing interests and maintain an even balance." Landis v. North Am. Co., 299 U.S. 248, 255-56 (1936).  Considerations include: the hardship to the moving party should the case proceed; the potential prejudice to the non-moving party; the length of the requested stay; the similarity of issues; and judicial economy.  See, e.g., Ford Motor Credit v. Chiorazzo, 529 F. Supp. 2d 535, 542 (D.N.J. 2008); Local 478 Trucking & Allied Indus. Pen. Fund v. Jayne, 778 F. Supp. 1289, 1324 (D.N.J. 1991).

A stay is appropriate here. First, the Supreme Court's ruling in *Spokeo* will undoubtedly affect this case. In granting certiorari in *Spokeo*, the Supreme Court has agreed to resolve a circuit split on the threshold standing issue in this case. Apparently, the Fifth, Sixth, Seventh, and Ninth Circuits have held that actions without actual damages may be based solely on an alleged statutory violations. The Second, Third, and Fourth Circuits have arguably held that standing may not be conferred by statute violation alone, without any actual injury.  Of course, this is a much simplified statement of the respective circuit holdings presented to show the importance of the *Spokeo* holding to the instant case.  Third Circuit courts have commonly stayed proceedings where the outcome of a case pending before the Supreme Court may substantially affect, or prove to be dispositive of the matter.  Plaintiff does not dispute that the Supreme Court's decision will bear directly on whether this case may be able to proceed. Faced with similar motions at least nine federal district courts have issued stays in similar cases pending the outcome of *Spokeo*.[1]

---

[1] *See Miller v. Trans Union, LLC,* No. 3:12-cv-1715 at *1 (M.D. Pa. Aug. 3, 2015); *Stone v. Sterling Infosystems, Inc.*, No. 14-711, 2015 WL 4602986, at *2-3 (E.D. Cal. July 29, 2015); *Hillson v. Kelly Services, Inc.*, No. 15-10803, 2015 WL 4488493 (E.D. Mich. July 15, 2015); *Boise v. Ace USA, Inc.*, No. 15-21264, 2015 WL 4077433, at *5 (S.D. Fl. July 6, 2015); *Larson*

3

The existence of a related proceeding in the Supreme Court while this case is still in its infancy also weighs heavily in favor of a stay.

Second, balancing of the parties' interest weighs in favor of a stay. Absent a stay, Defendant could be compelled to expend significant resources defending this action. Attempting to identify members of the class is a significant undertaking. It seems that the size of this class could be quite large and it may be difficult and expensive to determine which individuals fall into the class. If the Supreme Court rules that a plaintiff who suffers no concrete harm does not have standing, all of the resources expended will be useless. In contrast, Plaintiff has not expended significant costs or time on this case. Plaintiff contends that he and fellow class members could be harmed by a stay for this period of time because witnesses will forget their testimony. This Court believes it is implausible a stay of six months or so will cause this or any other significant harm to Plaintiffs. Plaintiff has not demonstrated that any prejudice will result from a brief stay while the Supreme Court considers a central threshold issues in this case.

Third, consideration of judicial economy favor a stay. It would be a waste of judicial resources for this Court to consider the merits of Plaintiff's Complaint and continue in the early stages of litigation at the same time the Supreme Court could ultimately rule that Plaintiff in this case lacks standing. The Court believes that granting a stay would promote judicial efficiency. It seems likely the length of the stay will be relatively short based on the Supreme Court's customary practice. In sum, Plaintiff will not likely suffer any real harm and in any event, any inconvenience to Plaintiff is outweighed by the importance that a decision in *Spokeo* could have

---

*v. Trans Union, LLC*, No. 12-05726, 2015 WL 3945052, at *3 (N.D. Cal. June 26, 2015); *Syed v. M-1, LLC*, No. 14-742, 2015 WL 363031, at *1 (E.D. Cal. May 29, 2015); *Ramirez v. Trans Union, LLC*, No. 3:12-cv-00632, at *2 (N.D. Cal. June 22, 2015); *Williams v. Elephant Insurance Co.*, No. 15-119, WL 3631691. at *1 (E.D. Va. May 27, 2015); *Salvatore v. MicroBilt Corp.*, No. 4:14-cv-1884, 2015 WL 5008856, at *1 (M.D. Pa. Aug. 20, 2015).

on this litigation.

Base on the above, Defendants' motion to stay [CM/ECF No. 35.] is granted. This action will stayed pending the Supreme Court's decision in *Spokeo*. The Court reserves the right to revisit this decision based on how the *Spokeo* matter proceeds and any other factor bearing on the equities herein.

Dated: December 29, 2015             s/ Mark Falk
                                                        **Mark Falk**
                                                        **United States Magistrate Judge**