# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

               :

AHMED KAMAL, on behalf of himself and
the putative class,             :   Case No. 2:15-cv-00190-WJM-MF

               :

       Plaintiff,          :   *ELECTRONICALLY FILED*

               :

      v.              :

               :

J. CREW GROUP, INC., et al.     :   Returnable:  July 18, 2016

               :

      Defendants.       :   ORAL ARGUMENT REQUESTED

               :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

---

## DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS THE AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1) DUE TO LACK OF STANDING

---

**DLA PIPER LLP (US)**
51 John F. Kennedy Parkway, Suite 120
Short Hills, New Jersey 07078-2704
Telephone No.: (973) 520-2550
Fax No.: (973) 520-2551
*Attorneys for Defendants*

Of Counsel:
     Keara M. Gordon (admitted *pro hac vice*)
     Andrew O. Bunn

On the Brief:
     James V. Noblett
     Steven R. Marino

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ...................................................................................1

SUMMARY OF THE ALLEGATIONS AND RELIEF SOUGHT  IN THE AMENDED COMPLAINT ..........................................................................................................2

RELEVANT PROCEDURAL HISTORY ....................................................................3

SUMMARY OF SPOKEO AND THE SUPREME COURT'S DECISION ...............3

ARGUMENT ................................................................................................................7

   I.    THE AMENDED COMPLAINT SHOULD BE DISMISSED FOR LACK OF SUBJECT-MATTER JURISDICTION BECAUSE KAMAL DOES NOT HAVE STANDING. ...............................................................................................7

     A.   Kamal Has Not Pled an "Injury in Fact". ..................................................8

      i.    Kamal Does Not Allege that he Suffered any "Concrete Harm".............8

      ii.   Kamal Alleges Only a "Bare Procedural Violation". ...........................11

  II.   THE AMENDED COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE.......11

CONCLUSION............................................................................................................12

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

Ballentine v. United States,
   486 F.3d 806 (3d Cir. 2007) ................................................................7

Bateman v. Am. Multi-Cinema, Inc.,
   623 F.3d 708 (9th Cir. 2010) ..............................................................4

Clapper v. Amnesty Int'l USA,
   568 U.S. __, 133 S. Ct. 1138 (2013) ...................................................9

Constitution Party of Pa. v. Aichele,
   757 F.3d 347 (3d Cir. 2014) ................................................................7

Crisafulli v. Amertias Life Ins. Corp.,
   Civil Action No. 13-5937, 2015 WL 1969176 (D.N.J. April 30, 2015) ................................10

Faurelus v. Aviles,
   Civil Action No. 13-6964(WJM), 2014 WL 791816 (D.N.J. Feb. 24, 2014) .........................7

FW/PBS, Inc. v. Dallas,
   493 U.S. 215 (1990) ...........................................................................7

In re Horizon Healthcare Servs., Inc. Data Breach Litig.,
   Civil Action No. 13-7418(CCC), 2015 WL 1472483 (D.N.J. March 31, 2015) ...................10

In re Schering Plough Corp. Intron/Temodar Consumer Class Action,
   678 F.3d 235 (3d Cir. 2012) ................................................................7

Khan v. Children's Nat'l Health Sys.,
   __ F. Supp. 3d __, 2016 WL 2946165 (D.Md. May 19, 2016) ...................................6, 7, 10

Long v. Tommy Hilfiger U.S.A., Inc.,
   671 F.3d 371 (3d Cir. 2012) ................................................................3

Love v. New Jersey State Police,
   Civil Action No.: 14-1313(FLW)(TJB), 2016 WL 3046257 (D.N.J. May 26, 2016)............11

Lujan v. Defenders of Wildlife,
   504 U.S. 555 (1992) ......................................................................5, 6, 8

MSA Prods., Inc. v. Nifty Home Prods., Inc.,
   883 F. Supp. 2d 535 (D.N.J. 2012) ....................................................11

Reilly v. Ceridian Corp.,
   664 F.3d 38 (3d Cir. 2011), cert. denied, 132 S.Ct. 2395 (2012) ......................9, 10

Robins v. Spokeo,
   Case No. 2:10-cv-5306-ODW-AGR (C.D.Cal.) ...................................................4

Robins v. Spokeo, Inc.,
   742 F.3d 409 (9th Cir. 2014) .............................................................................5

Robins v. Spokeo, Inc.,
   No. CV10-05306(ODW)(AGRx), 2011 WL 597867 (C.D.Cal. Jan. 27, 2011) ......................5

Smith v. The Ohio State University,
   2:15-cv-3030, 2016 WL 3182675 (S.D.Ohio June 8, 2016) ...................................6

Spokeo, Inc. v. Robins,
   __ U.S. __, 135 S. Ct. 1892 (2015) ...................................................................3

Spokeo, Inc. v. Robins,
   __ U.S. __, 136 S.Ct. 1540 (2016) ...........................................................passim

Steel Co. v. Citizens for Better Environment,
   523 U.S. 83 (1988) ............................................................................................8

Warth v. Seldin,
   422 U.S 490 (1975) .......................................................................................7, 8

**STATUTES**

15 U.S.C. § 1681, et. seq. ......................................................................................3

15 U.S.C. § 1681n ...............................................................................................4, 9

15 U.S.C. § 1681n(a)(1)(A) .............................................................................3, 9, 11

Fair and Accurate Credit Transaction Act of 2003 ("FACTA") .........................passim

**RULES**

Federal Rule of Civil Procedure 12(b)(1) ..........................................................2, 7, 12

**OTHER**

Pub. L. No. 108-159, 117 Stat. 1952 (2003) ...........................................................3

U.S. Const. art. III, § 2 ...................................................................................passim

## PRELIMINARY STATEMENT

In this lawsuit, Plaintiff Ahmed Kamal ("Kamal") does not allege that he has suffered any actual, concrete harm.  Kamal does not allege that anyone other than him has seen any credit card receipt he got from J. Crew, that he lost his receipts, or that they were stolen, or that anyone has used any information on them to commit fraud or theft or that his identity was compromised in any way.  Kamal does not purport to allege that he is facing a substantial risk of imminent future harm.  Kamal alleges that J. Crew allegedly gave him three receipts in December 2014 and January 2015 that disclosed more than the last five digits of his credit card number and that this action, which had no discernible impact on Kamal, violated the Fair and Accurate Credit Transaction Act of 2003 ("FACTA").  He seeks to recover – on behalf of a putative class of anyone in the country who similarly received a receipt with additional credit card digits in the last six years – statutory damages.  Kamal's attempt should be rejected and the Amended Complaint should be dismissed because Kamal does not allege that he suffered a "concrete" injury and thus he fails to meet the "injury in fact" standing requirements of Article III of the Constitution.

In December, 2015, this Court stayed this action pending the United States Supreme Court's resolution of the question presented in Spokeo v. Robbins: "[w]hether Congress may confer Article III standing upon a plaintiff who suffers no concrete harm, and who therefore could not otherwise invoke jurisdiction of a federal court, by authorizing a private right of action based on a bare violation of a federal statute."  (ECF No. 44 p. 2).  In so doing, the Court recognized that "[i]f the Court agrees with those Courts that have rejected 'statutory standing' Plaintiff will have no standing to proceed with the current case."  (Id.).

The United States Supreme Court has now answered the question; it held that "Article III standing requires a concrete injury even in the context of a statutory violation.  For that reason, [the plaintiff in Spokeo] could not, for example, allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III."  Spokeo, Inc. v. Robins,  __ U.S. __, 136 S.Ct. 1540, 1549 (2016).  A "concrete" injury is one that is "real" and not "abstract"—"it must actually exist."  Spokeo, 136 S. Ct. at 1548 (internal quotation marks omitted).  A concrete injury is required "even in the context of a statutory violation."  Id. at 1549.

This ruling eviscerates Kamal's claims of standing.  He does not allege that he suffered any harm, let alone "concrete harm" that "actually exist[s]".  Instead, a "bare procedural violation" is all that Kamal alleges.  Because Kamal lacks standing to sue, this Court lacks subject-matter jurisdiction, and the Amended Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1).

## SUMMARY OF THE ALLEGATIONS AND RELIEF SOUGHT IN THE AMENDED COMPLAINT

The Amended Complaint alleges that Kamal made three purchases at three separate J. Crew[1] stores between December 18, 2014 and January 4, 2015.  (Am. Compl. at ¶¶ 68-70).  In each instance, the receipt displayed, in addition to the last four digits of Kamal's credit card, the first six digits.  (Id.).  J. Crew partially complied with FACTA by redacting Kamal's name, the remaining digits, and the expiration date of his credit card.  (Id.).

---

[1]     Several of J. Crew's present and former affiliates that have no involvement in this dispute are improperly included as defendants.  (See ECF No. 23-1, Motion to Dismiss Amended Complaint, at pp. 23-24).  However, all defendants seek to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), and for convenience purposes they will collectively be referred to as "J. Crew."

There is no allegation that anyone other than Kamal ever saw or possessed his receipts, ever used his credit card number, that his identity was compromised, or that Kamal suffered actual damages as a result of the appearance of the additional digits on his receipts.  Moreover, there is no allegation that Kamal will suffer actual or imminent future harm.

Kamal alleges that the partial non-compliance by J. Crew was "willful" (id. at ¶ 74) and, as a result, he (and every member of the putative class) is entitled to statutory damages "of not less than $100 and not more than $1,000" (id. at p. 19, "WHEREFORE," ¶ a; see also 15 U.S.C. § 1681n(a)(1)(A)).

## RELEVANT PROCEDURAL HISTORY

On August 20, 2015, J. Crew filed a motion to stay pending resolution by the United States Supreme Court of Spokeo, Inc. v. Robins, __ U.S. __, 135 S. Ct. 1892 (2015) (granting petition for writ of certiorari).  (ECF No. 35).  This Court granted J. Crew's motion to stay on December 29, 2015.  (ECF Nos. 44 and 45).  The Supreme Court issued its opinion in Spokeo on May 16, 2016 (as revised on May 24, 2016).  On June 1, 2016, this Court granted J. Crew permission to proceed by way of a formal Motion to dismiss for lack of standing based on the Supreme Court's guidance in Spokeo.  (ECF. No. 49).

## SUMMARY OF SPOKEO AND THE SUPREME COURT'S DECISION

In Spokeo, the Supreme Court clarified the "concrete and particularized" requirements to establish an injury in fact as applied to a plaintiff seeking statutory damages under The Fair Credit Reporting Act of 1970 ("FCRA), 15 U.S.C. § 1681, et. seq.[2]  136 S.Ct. at 1548.

---

[2]   FCRA was amended in 2003, to include FACTA, the statutory scheme involved in this case.  See Long v. Tommy Hilfiger U.S.A., Inc., 671 F.3d 371, 373 (3d Cir. 2012) ("In 2003, Congress amended the Fair Credit Reporting Act by enacting FACTA) (internal citation omitted) (citing Pub. L. No. 108-159, 117 Stat. 1952 (2003)).

Spokeo, Inc. ("Spokeo") operates a "'people search engine'" that "conducts a computerized search in a wide variety of databases and provides information about the subject of the search."  Id. at 1544.  A search of Thomas Robins ("Robins") showed "some" information that allegedly was "incorrect."  Id.  Robins learned of these alleged inaccuracies and filed a putative class action complaint.  (Bunn Declaration ("Bunn Decl."), Ex. A, Amended Complaint in Robins v. Spokeo, Case No. 2:10-cv-5306-ODW-AGR (C.D.Cal.)).

Robins alleged that Spokeo, which he alleged to be a consumer reporting agency under FCRA, "maintains an inaccurate consumer report about [him] on its website."  (Id. at ¶ 30).  Robins alleged that he suffered the following harm:

> ¶ 34:   Defendant's inaccurate report is particularly harmful to Plaintiff in light of the fact that he is currently out of work and seeking employment.  In fact, Mr. Robins has been actively seeking employment throughout the time that Spokeo has displayed inaccurate consumer reporting information about him and he has yet to find employment.

> ¶ 35:   Defendant has caused Plaintiff actual and/or imminent harm by creating, displaying, and marketing inaccurate consumer reporting information about Plaintiff.  Specifically, and in light of the fact that Plaintiff remains unemployed, Defendant has caused actual harm to Plaintiff's employment prospects.  This harm is also imminent and ongoing.

> ¶ 36:   Because Plaintiff is unemployed, he has lost and continues to lose money.

> ¶ 37:   Additionally, Plaintiff has suffered actual harm in the form of anxiety, stress, concern, and/or worry about his diminished employment prospects.

(Id. at ¶¶ 34-37).  Robins alleged that Spokeo willfully violated the FCRA and, as a result, he sought "the maximum statutory damages available under 15 U.S.C. § 1681n."  (Id. at ¶¶ 65, 71, 75; see also id. at "Prayer for Relief," ¶(C) ("Award Plaintiff and the Class statutory damages to the maximum extent allowable.")).[3]

---

[3]      Robins sought the same statutory damages Kamal seeks.  (Compare Am. Compl. at ¶¶ 40-41 (seeking statutory damages of $100 to $1,000 under 15 U.S.C. § 1681n), with Bunn Decl.,

The District Court dismissed the complaint for lack of standing. Robins v. Spokeo, Inc., No. CV10-05306(ODW)(AGRx), 2011 WL 597867 (C.D.Cal. Jan. 27, 2011). Specifically, the District Court rejected Robins's argument "that he has met the requirements of standing simply by alleging that [Spokeo] is in violation of a statute that grants individuals a private right of action," because "even when asserting a statutory violation, the plaintiff must allege the Article III minima of injury-in-fact." Id. at *1 (internal quotation marks omitted). The District Court concluded that Robins's "concern that he **will** be adversely affected by [Spokeo's] website in the future, is an insufficient injury to confer standing." Id. (emphasis in original).

The Ninth Circuit reversed, finding that the injury-in-fact requirement of Article III of the Constitution was satisfied because: (i) "[the plaintiff] alleges that Spokeo violated **his** statutory rights, not just the rights of other people, so he is 'among the injured'"; and (ii) "Robins's personal interests in the handling of his credit information are individualized rather than collective." Robins v. Spokeo, Inc., 742 F.3d 409, 413-14 (9th Cir. 2014) (emphasis in original) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 578 (1992)).

The Supreme Court vacated, holding that the Ninth Circuit "failed to fully appreciate the distinction between concreteness and particularization" in its injury in fact standing analysis. Spokeo, 136 S. Ct. at 1550. The Supreme Court reiterated that the "'irreducible constitutional minimum' of standing consists of three elements. The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Id. at 1547 (quoting Lujan, 504 U.S. at 560).

---

Ex. A at ¶¶ 65, 71, 75 (seeking "the maximum statutory damages available under 15 U.S.C. § 1681n")). A violation of FACTA, a subset of FCRA, is subject to standard FCRA remedies. See, e.g., Bateman v. Am. Multi-Cinema, Inc., 623 F.3d 708, 715 (9th Cir. 2010) (stating that "FACTA and other provisions of the FCRA share the same statutory damages provisions, see 15 U.S.C. § 1681n").

The first element, injury in fact, requires a showing by the plaintiff "that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" Id. at 1547-48 (quoting Lujan, 504 U.S. at 560). The Supreme Court found that the two reasons advanced by the Ninth Circuit in favor of standing both "concern particularization, not concreteness." (Id. at 1548). The Supreme Court reinforced that "an injury in fact must be both concrete **and** particularized," and that concreteness "is quite different from particularization." (Id.) (emphasis in original).

The Supreme Court made clear that "**Article III standing requires a concrete injury even in the context of a statutory violation**." Id. at 1549 (emphasis added). "Congress' role in identifying and elevating intangible harms does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." Id. The Supreme Court then concluded that, "**Robins could not, for example, allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III.** Id. (emphasis added). The Supreme Court then added:

> In the context of this particular case, these general principles tell us two things:  On the one hand, Congress plainly sought to curb the dissemination of false information by adopting procedures designed to decrease that risk.  **On the other hand, Robins cannot satisfy the demands of Article III by alleging a bare procedural violation.  A violation of one of the FCRA's procedural requirements may result in no harm**. . . .

(Id. at 1549-50) (emphasis added); see also Smith v. The Ohio State University, 2:15-cv-3030, 2016 WL 3182675, at *4 (S.D.Ohio June 8, 2016) (post-Spokeo decision dismissing putative claim action under FCRA because plaintiffs "did not suffer a concrete consequential damage as a result of [defendant's] alleged breach of the FCRA"); Khan v. Children's Nat'l Health Sys., __

F. Supp. 3d __, 2016 WL 2946165 (D.Md. May 19, 2016) (post-<u>Spokeo</u> decision dismissing putative class action because the plaintiff did "not allege[] an injury in fact as required to establish Article III standing").

The Supreme Court remanded the case because the Ninth Circuit "did not address the question framed by our discussion, namely, whether the particular procedural violation alleged in this case entails a degree of risk sufficient to meet the concreteness requirement." <u>Id.</u> at 1550.

## ARGUMENT

**I.   THE AMENDED COMPLAINT SHOULD BE DISMISSED FOR LACK OF SUBJECT-MATTER JURISDICTION BECAUSE KAMAL DOES NOT HAVE STANDING.**

"[T]he exercise of judicial power depends upon the existence of a case or controversy because Article III of the Constitution limits the judicial power of federal courts to 'cases or controversies' between parties." <u>Faurelus v. Aviles</u>, Civil Action No. 13-6964(WJM), 2014 WL 791816, at *2 (D.N.J. Feb. 24, 2014) (quoting U.S. Const. art. III, § 2). "The courts have developed several justiciability doctrines to enforce the case-or-controversy requirement, and perhaps the most important of these doctrines is the requirement that a litigant have standing to invoke the power of a federal court." <u>In re Schering Plough Corp. Intron/Temodar Consumer Class Action</u>, 678 F.3d 235, 244 (3d Cir. 2012) (internal quotation marks omitted). Accordingly, "[a] motion to dismiss for want of standing is . . . properly brought pursuant to Rule 12(b)(1), because standing is a jurisdictional matter." <u>Constitution Party of Pa. v. Aichele</u>, 757 F.3d 347, 357 (3d Cir. 2014) (citing <u>Ballentine v. United States</u>, 486 F.3d 806, 810 (3d Cir. 2007)).

The plaintiff bears the burden of establishing that he or she has standing. <u>Spokeo</u>, 136 S.Ct. at 1547 (citing <u>FW/PBS, Inc. v. Dallas</u>, 493 U.S. 215, 231 (1990)); <u>see also Warth v. Seldin</u>, 422 U.S 490, 502 (1975) (stating that in a class action, the court looks to injuries alleged

by the named plaintiff(s), not unnamed member(s) of the putative class, to assess Article III

standing). The "'irreducible constitutional minimum' of standing consists of three elements.

The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged

conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."

Id. (quoting Lujan, 504 U.S. at 560). "Where, as here, a case is at the pleading stage, the

plaintiff must 'clearly . . . allege facts demonstrating' each element." Id. (quoting Warth, 422

U.S. at 518).

### A. Kamal Has Not Pled an "Injury in Fact".

Kamal does not satisfy the "[f]irst and foremost" of standing's three requirements, injury

in fact. Steel Co. v. Citizens for Better Environment, 523 U.S. 83, 103 (1988). The Spokeo

Court explained that an "injury in fact" requires a showing of "'an invasion of a legally protected

interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or

hypothetical.'" Spokeo, 136 S.Ct. at 1548 (quoting Lujan, 504 U.S. at 560). That standard holds

true "even in the context of a statutory violation." Id. at 1549.

Here, the requisite analysis is whether Kamal satisfies the "concrete" component of an

"injury in fact" necessary to confer standing. As explained below, Kamal does not allege that he

suffered any "concrete harm," but instead alleges solely a "bare procedural violation" that the

Supreme Court found insufficient to "satisfy the injury-in-fact requirement of Article III." Id. at

1549. This Court need not go further and address either of standing's other two requirements.

### i. Kamal Does Not Allege that he Suffered any "Concrete Harm".

"A 'concrete injury must be 'de facto'; that is, it must actually exist." Id. at 1549

(quoting Black's Law Dictionary 479 (9th ed. 2009)). No concrete harm "actually exist[s]" here

because Kamal does **not** allege he suffered any actual damages from the date of the first

allegedly partially non-compliant receipt, December 18, 2014, to the present.  While Kamal

alleges that identity thieves may attempt to obtain "credit card receipts that are lost or discarded,

or through theft, and use the information on them to commit fraud and theft" (Am. Compl. at

¶ 20), here, there is no allegation that anyone but Kamal saw his credit card receipts, that he lost

them, or they were stolen, or that anyone has used any information on them to commit fraud or

theft, or the receipts were used to make unauthorized purchases that caused him to incur fees

and/or costs or that his identity was compromised in any way.  See, e.g., Reilly v. Ceridian

Corp., 664 F.3d 38, 42 (3d Cir. 2011) (affirming dismissal for lack of standing in the data breach

context because "[a]ppellants have not suffered any injury; there has been no misuse of the

information, and thus, no harm"), cert. denied, 132 S.Ct. 2395 (2012).

The relief Kamal seeks does not include actual damages.  Kamal invokes 15 U.S.C.

1681n (the same one Robins invoked in Spokeo), which provides that "[a]ny person who

willfully fails to comply with any requirement imposed under this subchapter . . is liable" for

"any actual damages sustained by the consumer as a result of the failure **or** damages of not less

than $100 and not more than $1,000."  15 U.S.C. 1681n(a)(1)(A) (emphasis added).  Although

the statute provides for actual **or** statutory damages, Kamal seeks only to recover statutory

damages (as did Robins in Spokeo).  (See Am. Compl. at p. 19, "WHEREFORE" (not seeking to

recover actual damages but only "[s]tatutory damages of $100 to $1,000 per violation").

Moreover, unlike the plaintiff in Spokeo, Kamal does not even attempt to allege that there

is a "risk of real harm" in the future that can satisfy the requirement of concreteness.  Spokeo,

136 S.Ct. at 1549 (citing Clapper v. Amnesty Int'l USA, 568 U.S. __, 133 S. Ct. 1138 (2013)).

The Amended Complaint is devoid of any allegations that Kamal's receipts and credit card

information will somehow be misappropriated in the future if a third party somehow takes

physical possession of the receipts from Kamal and if that third party uses Kamal's credit card information.

Even if the Amended Complaint did contain allegations of possible future harm, they would be improper speculation that courts in this Circuit routinely have found insufficient to withstand a motion to dismiss.  For example, in the data breach context, the Third Circuit in Reilly affirmed dismissal of a complaint because the harm alleged by the plaintiff was contingent on hypothetical action by a third party:

> [W]e cannot now describe how Appellants will be injured in this case without beginning our explanation with the word "if"; **if** the hacker read, copied, and understood the hacked information, and **if** the hacker attempts to use the information, and **if** he does so successfully, only then will Appellants have suffered an injury.

Reilly, 664 F.3d  at 43 (emphasis in original); see also Khan, 2016 WL 2946165 at *7 (post Spokeo dismissal of data breach class action because the allegations were "akin to those in Reilly" about speculative future injury); Crisafulli v. Amertias Life Ins. Corp., Civil Action No. 13-5937, 2015 WL 1969176, at *4 (D.N.J. April 30, 2015) (finding no standing to sue because plaintiff has "alleged no misuse of information and any future identity theft relies on the same speculative chain of events identified in Reilly"); In re Horizon Healthcare Servs., Inc. Data Breach Litig., Civil Action No. 13-7418(CCC), 2015 WL 1472483, at *6 (D.N.J. March 31, 2015) ("As in Reilly and other data breach cases, Plaintiffs' future injuries stem from the conjectural conduct of a third party bandit and are therefore inadequate to confer standing."). Kamal's situation is even further removed from those cases because there is no allegation that his credit card receipts have been seen by anyone other than him.

### ii.  Kamal Alleges Only a "Bare Procedural Violation".

Without any concrete harm, the entire Amended Complaint is nothing more than allegations about "bare procedural violation[s]." Spokeo, 136 S.Ct. at 1549.  The Amended Complaint focuses on establishing that J. Crew knew or should have known of the existence of FACTA in an effort to establish that J. Crew "willfully fail[ed] to comply with" FACTA's requirements pursuant to 15 U.S.C. 1681n(a)(1)(A).  (See Am. Compl. at ¶¶ 19-23, 27-37, 43-58, 59-62, 64).  Without more, such allegations are insufficient to confer standing.  The Supreme Court's observation in Spokeo that "[a] violation of one of the FCRA's procedural requirements may result in **no harm**," is precisely the case here—any alleged "willful" FACTA violation by J. Crew has indisputably resulted in "no harm" to Kamal, depriving him of standing to sue.  Id. at 1550 (emphasis added).

## II.   THE AMENDED COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE.

Kamal's original Complaint, filed on January 10, 2015, did not allege that he suffered any "concrete" harm.  He filed an Amended Complaint on March 25, 2015 that similarly makes no such allegations.  If Kamal did not suffer any "concrete" harm prior to Spokeo, he cannot now attempt to invent harm in response to Spokeo.  Accordingly, any further amendment of his Complaint will be futile, and this Court should grant J. Crew's motion to dismiss with prejudice. See, e.g., Love v. New Jersey State Police, Civil Action No.: 14-1313(FLW)(TJB), 2016 WL 3046257, at *15 (D.N.J. May 26, 2016) (dismissing plaintiff's claims "with prejudice for lack of standing"); MSA Prods., Inc. v. Nifty Home Prods., Inc., 883 F. Supp. 2d 535, 542 (D.N.J. 2012) (dismissing claims with prejudice "[b]ecause further amendment would be futile").

## <u>CONCLUSION</u>

The Supreme Court's pronouncement in <u>Spokeo</u> that "Article III standing requires a concrete injury even in the context of a statutory violation" resolves this case.   136 S.Ct. at 1549.  Because the Plaintiff Ahmed Kamal has not suffered a "concrete" "injury in fact" necessary to confer constitutional standing to sue, this Court lacks subject-matter jurisdiction, and the Amended Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1).

Respectfully submitted,

**DLA PIPER LLP (US)**

s/ Andrew O. Bunn
Andrew O. Bunn
James V. Noblett
Steven R. Marino
DLA Piper LLP (US)
51 John F. Kennedy Parkway, Suite 120
Short Hills, New Jersey 07078-2704
Telephone: (973) 520-2562
Facsimile: (973) 520-2582
*Attorneys for Defendants*

Keara M. Gordon (admitted *pro hac vice*)
DLA Piper LLP (US)
1251 Avenue of Americas
New York, New York 10020-1104
Telephone: (212) 335-4632
Facsimile: (212) 884-8632
*Attorneys for Defendants*

Dated: June 15, 2016