Andrew O. Bunn
DLA Piper LLP (US)
51 John F. Kennedy Parkway, Suite 120
Short Hills, New Jersey 07078-270`
andrew.bunn@dlapiper.com
Phone: 973.520.2562
Fax: 973.520.2582
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

------------------------------------- X
:
AHMED KAMAL, on behalf of himself and    :   Case No. 2:15-cv-00190-WJM-MF
the putative class,                      :
:
Plaintiff,              :   **J. CREW'S RESPONSE TO**
:   **KAMAL'S SECOND NOTICE**
v.                                       :   **OF SUPPLEMENTAL AUTHORITY**
:   **(ECF Doc. No. 57)**
J. CREW GROUP, INC., et al.              :
:
Defendants.             :   *ELECTRONICALLY FILED*
:
------------------------------------- X

    J. Crew[1] hereby responds to Plaintiff Ahmed Kamal's Notice of Additional Supplemental Authority in support of his opposition to Defendants' Second Motion to Dismiss the Amended Complaint, which was filed on August 15, 2016 ("Second Notice") (ECF Doc. No. 57).

    The Second Notice submits one new decision from the Southern District of Florida, *Wood v. J. Choo USA, Inc.*, 2016 U.S. Dist. LEXIS 106029 (S.D. Fla. Aug. 11, 2016). That case simply followed the district court decisions within the Eleventh Circuit that Kamal previously submitted, which followed a non-FACTA Eleventh Circuit case that Kamal also previously submitted. In the Second Notice, Kamal emphasizes the *Wood* court's assertion that any violation of FACTA's truncation requirements amounts to a substantive rather than a procedural

---

[1] Defendants J. Crew Group, Inc., J. Crew Inc., J. Crew Intermediate LLC, J. Crew International, Inc., J. Crew Operating Corp., J. Crew Services, Inc., Chinos Holdings, Inc., and Chinos Acquisition Corporation shall be referred to collectively as J. Crew throughout this Response.

violation and therefore such a statutory violation alone is sufficient to create a concrete harm within the meaning of *Spokeo v. Robbins*, 578 U.S. _, 136 S.Ct. 1540 (2016). Second Notice at 1-2.

Other recent authority from outside the Eleventh Circuit, however, demonstrates that this line of reasoning is aberrational and contrary to the interpretation of *Spokeo* given by federal courts across the country and in this district. For example, in *Romero v. Department Stores National Bank*, ___ F.Supp. 3d ___, 2016 WL 4184099 (Aug. 5, 2016) (Exhibit A hereto), the court rejected the argument Kamal now seeks to advance:

> Plaintiff argues that she suffered the exact harm that Congress wanted to eliminate with TCPA, which plaintiff argues consists of "unwanted calls to Plaintiff's cell phone and violation of privacy." This argument relates to the "particular" component, not the "concrete" component, of an injury in fact and ignores *Spokeo*'s holding that a statutory violation alone does not eliminate the requirement that a plaintiff establish a concrete injury caused by that statutory violation.

*Id.* at *3 (citing *Spokeo*, 136 S.Ct. at 1549). Like Kamal does here, the plaintiff there "argue[d] throughout her papers that she has suffered the exact injuries that the [statute] was intended to correct." *Id.* at *5. In rejecting this argument, the *Romero* court noted that "under *Spokeo*, if the defendant's actions would not have caused a concrete or *de facto* injury in the absence of a statute, the existence of the statute does not automatically give a Plaintiff standing." *Id.* at *6 (citing *Spokeo*, 136 S.Ct. at 1547-48). "A plaintiff who would have been no better off had the defendant refrained from the unlawful acts of which the plaintiff is complaining does not have standing under Article III of the Constitution to challenge those acts in a suit in federal court." *Id.* (quoting *McNamara v. City of Chicago*, 138 F.3d 1219, 1221 (7th Cir. 1998)). That is exactly the circumstance here.

In *Groshek v. Time Warner Cable, Inc.*, Case No. 15-c-157, 2016 WL 4203506, (E.D. Wis. Aug. 9, 2016) (Exhibit B hereto), the district court also rejected the reasoning Kamal seeks to advance here. "[T]he judgment of Congress is 'important,' but 'Congress' role in identifying and elevating intangible harms does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Id.* (citing *Spokeo*, 136 S.Ct. at 1549). Drawing the same distinction the *Romero* court drew, the *Groshek* court observed "that while alleging a statutory violation satisfies the *particularized injury* prong of the injury-in-fact requirement discussed in Spokeo and other cases, it did not, in and of itself, demonstrate a concrete harm." *Id.* (citing *Gubala v. Time Warner Cable, Inc.*, 2016 W.L. 3390415 at *4 (E.D. Wis. June 17, 2016)). Citing that same case, *Groshek* emphasized the need for disclosure to a third party or some other concrete harm to satisfy *Spokeo*'s requirement where Congress intends to guard consumer privacy or protect against identity theft:

> [The plaintiff] does not allege that the defendant has disclosed his information to a third party. Even if he had alleged such a disclosure, he does not allege that the disclosure caused him any harm. He does not allege that he has been contacted by marketers who obtained his information from the defendant, or that he has been the victim of fraud or identity theft.

*Id.* The same is true here.

In *Attias v. Carefirst, Inc.*, 2016 U.S. Dist. LEXIS 105480 (D.D.C. Aug. 10, 2016) (Exhibit C hereto), the court rejected the notion that a statutory violation alone would be sufficient under *Spokeo*. In a data breach case that compromised the personal information of 1.1 million policyholders, the court found that the plaintiffs lacked standing "because the increased risk of future identity theft or fraud is too speculative to confer standing." *Id.* at *16. The plaintiffs attempted to counter this by asserting "that a violation of the D.C. Consumer Protection

Procedures Act can confer standing on its own." *Id.* at *18. The court rejected this argument, stating "statutory rights cannot confer Article III standing on a plaintiff who does not have it otherwise." *Id.* (citing *Spokeo*, 136 S.Ct. at 1547-48). "While a violation of a plaintiff's statutory rights is not irrelevant to standing, it is also not sufficient because it 'concern[s] particularization, not concreteness. Article III standing requires a concrete injury even in the context of a statutory violation. And a concrete injury must be *de facto*; that is, it must actually exist. Where a violation of a statute may result in no harm, that mere violation is insufficient to confer standing." *Id.* at *18-*19 (internal citations and quotation marks omitted) (citing *Spokeo*, 136 S.Ct. at 1548-50).

In *Sussino v. Work Out World, Inc.*, Civil No. 15-5881 (PGS) (D.N.J. Aug. 1, 2016) (Exhibit D hereto), Judge Sheridan heard and decided a motion to dismiss that raised similar issues. There, the plaintiff alleged that she received a single unsolicited phone call to her cell phone in violation of the TCPA. Judge Sheridan acknowledged the purposes behind the TCPA but searched the complaint for allegations of harm above and beyond a mere statutory violation, and he did not find anything sufficient to confer standing under *Spokeo*. Judge Sheridan pointed out that a single phone call did not amount to harassment and did not sufficiently harm the plaintiff in any meaningful way. "So generally, when you look at concreteness [], as I had indicated, that is, it must actually exist; we have used the word concrete, we have meant to convey the usual meaning of the term – real and not abstract. And this one-minute call – and I know plaintiff talks about the loss of battery power and things of that nature; but that seems de minimus to me." Transcript at 23:18-24. "And to me, the depletion of battery life for a minute doesn't amount to a type of injury that we would call concrete and particularized." *Id.* at 26:3-5. Accordingly, Judge Sheridan granted the motion.

-5-

Here, the Complaint does not contain a single allegation of any injury to Kamal. And Kamal fails to plead concrete harm within the meaning of *Spokeo v. Robbins*, 578 U.S. _, 136 S.Ct. 1540 (2016) because no such allegations exist, he has suffered no injury-in-fact.

For these reasons and for those previously stated, J. Crew's Motion to Dismiss for Lack of Standing Under *Spokeo* should be granted.

Dated: August 18, 2016

Respectfully submitted,

**DLA Piper LLP (US)**

By:   *s/ Andrew O. Bunn*
      Andrew O. Bunn
      **DLA PIPER LLP (US)**
      51 John F. Kennedy Parkway, Suite 120
      Short Hills, New Jersey 07078-2704
      andrew.bunn@dlapiper.com
      Phone: 973.520.2562
      Fax: 973.520.2582
      *Attorneys for Defendants*