UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

------------------------------------- X
:
AHMED KAMAL, on behalf of himself and :
the putative class, : Case No. 2:15-cv-00190-WJM-MF
:
Plaintiff, : ELECTRONICALLY FILED
:
v. :
:
J. CREW GROUP, INC., et al. : Returnable: March 20, 2017
:
Defendants. :
:
:
------------------------------------- X

---

# DEFENDANTS' BRIEF IN SUPPORT OF THEIR
# MOTION TO CONSOLIDATE

---

**DLA PIPER LLP (US)**
51 John F. Kennedy Parkway, Suite 120
Short Hills, New Jersey 07078-2704
Telephone No.: (973) 520-2550
Fax No.: (973) 520-2551
*Attorneys for Defendants*

Of Counsel:
    Keara M. Gordon (admitted *pro hac vice*)
    Andrew O. Bunn

On the Brief:
    James V. Noblett
    Steven R. Marino

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS .......................................................................................................... 1

      A.    *Kamal v. J. Crew*............................................................................................... 2

      B.    *Parker v. J. Crew* ............................................................................................. 3

      C.    The *Kamal* Putative Class Encompasses the *Parker* Putative Class....................... 4

ARGUMENT................................................................................................................................ 4

      A.    This Motion is Properly Filed in the *Kamal* Action ............................................... 4

      B.    Consolidation of the Cases for Pre-Trial Proceedings is Warranted ..................... 5

CONCLUSION............................................................................................................................. 8

## TABLE OF AUTHORITIES

**Page**

**CASES**

*Carducci v. Aetna U.S. Healthcare*,
   204 F. Supp. 2d 796 (D.N.J. 2002) .................................................................................5

*Garcia v. Intelligroup, Inc.*,
   2005 WL 6074922 (D.N.J. Aug. 10, 2005) .....................................................................5

*In re Lucent Technologies. Inc. Securities Litig.*,
   221 F. Supp. 2d 472 (D.N.J. 2001) .............................................................................5, 7

*In re TMI Litig.*,
   193 F.3d 613 (3d Cir. 1999) ............................................................................................7

*Johnson v. Celotex Corp.*,
   899 F.2d 1281 (2d Cir.), *cert. denied*, 498 U.S. 920 (1990) ...........................................7

*Spokeo v. Robins*
   136 S. Ct. 1540 (2016) ....................................................................................................2

**STATUTES**

15 U.S.C. § 1681n(a)(1)(A) ....................................................................................................2

28 U.S.C. § 1404(a) ................................................................................................................3

**OTHER AUTHORITIES**

Local Civil Rule 42.1 ..........................................................................................................4, 5

Federal Rule of Civil Procedure 42(a) ...........................................................................1, 5, 8

**PRELIMINARY STATEMENT**

This Court should grant Defendants' ("J. Crew") Motion to Consolidate two putative class actions currently pending against J. Crew in the District of New Jersey, namely (1) *Kamal v. J. Crew Group, Inc., et al.*, 2:15-cv-00190-WJM-MF ("*Kamal*"), originally filed on January 10, 2015 in this Court, and (2) *Parker v. J. Crew Group, Inc., et al.*, 2:17-cv-01214 ("*Parker*"), originally filed on October 6, 2016 and transferred to this Court by the Northern District of Illinois on February 22, 2017.  Both *Kamal* and *Parker* (i) assert identical alleged technical violations of the Fair and Accurate Credit Transactions Act ("FACTA"); (ii) assert a risk of identity theft and/or fraud as opposed to any actual harm suffered; (iii) seek to certify the same nationwide class; and (iv) request statutory damages and attorneys' fees based on J. Crew's alleged "willful" misconduct.  Moreover, the putative class in *Kamal* is defined to include Anita Parker ("Parker") as a class member.  In fact, in granting J. Crew's Motion to Transfer the *Parker* action to this Court, the Northern District of Illinois specifically held that Parker's claims are "virtually identical" to the claims brought by Kamal in the District of New Jersey.

*Kamal* and *Parker* both assert that their cases involve "common questions of law or fact." As a result, J. Crew's motion is made pursuant to Federal Rule of Civil Procedure 42(a), which authorizes a court to consolidate actions involving "common questions of law or fact."  Fed. R. Civ. P. 42(a).  J. Crew seeks consolidation of the *Kamal* and *Parker* cases for all purposes before this Court.  As set forth below, consolidation under Rule 42(a) is warranted given the existence of common legal theories and factual questions in the two cases.  Moreover, consolidation will promote judicial efficiency and avoid unnecessary cost, delay and the risk of inconsistent decisions with respect to the asserted common factual and legal questions.

## STATEMENT OF FACTS

A.  *Kamal v. J. Crew*

In his Second Amended Complaint,[1] Kamal alleges that J. Crew violated FACTA by printing more than the last five digits of his credit card on his receipts. No. 2:15-cv-00190-WJM-MF, Second Am. Compl., Dkt. No. 65. Specifically, he alleges he made three purchases at three separate J. Crew stores between December 18, 2014 and January 4, 2015. (*Id.* at ¶¶ 98, 100, 102). In each instance, the receipt allegedly displayed, in addition to the last four digits of Kamal's credit card, the first six digits. (*Id.*). J. Crew partially complied with FACTA by redacting Kamal's name, the remaining digits, and the expiration date of his credit card. (*Id.*).

There is no allegation that anyone other than Kamal (or his attorneys) ever saw or possessed his receipts, ever used his credit card number, that his identity was compromised, or that Kamal suffered actual damages as a result of the appearance of the additional digits on his receipts. Instead, Kamal alleges he has been "expose[d] . . . to [an] increased risk of identity theft." (*Id.* at ¶ 63; *see also id.* at ¶¶ 99, 101, 103 ("The printing of the first six digits, in violation of FACTA, also created a real risk of identity theft, which further harmed Plaintiff.")).

Kamal alleges, without factual basis, that the partial non-compliance by J. Crew was "willful." (*Id.* at ¶ 108). As a result, he seeks to recover, on the behalf of the putative class, statutory damages "of $100 to $1,000 per violation." (*Id.* at 25, "WHEREFORE," at ¶ a); *see also* 15 U.S.C. § 1681n(a)(1)(A)).

---

[1] This Court previously dismissed Kamal's First Amended Complaint for lack of subject-matter jurisdiction under *Spokeo v. Robins* 136 S. Ct. 1540 (2016) because he failed to allege any facts demonstrating that he suffered a concrete injury in fact. (Dkt. No. 64). Currently pending before the Court is J. Crew's Motion to Dismiss the Second Amended Complaint, which has been fully briefed by the parties.

B.     *Parker v. J. Crew*

Parker similarly alleges that J. Crew violated FACTA by printing more than the last five digits of her credit card on her receipt. (Ex. A,[2] *Parker* Compl.). Parker alleges that J. Crew willfully violated FACTA because it allegedly "knew of and [was] well informed about the law, including specifically FACTA's requirements concerning the truncation of credit and debit card numbers and prohibition on the printing of expiration dates." (*Id.* at ¶ 37). Like Kamal, Parker does not allege that she suffered any actual damages—identity theft or monetary harm—as a result of the appearance of the additional digits or her name on her receipt. Instead, she alleges that J. Crew has "exposed" her and the putative class "to at least an increased risk of identity theft and credit and or debit card fraud." (*Id.* at ¶ 48; *see also id.* at ¶ 7). Parker seeks to recover, among other things, statutory damages of "'not less than $100 and not more than $1,000 for each violation." (*Id.* at ¶ 49) (quoting 15 U.S.C. § 1681n).

Parker filed her Complaint in the Circuit Court of Cook County, Chancery Division, on October 6, 2016. J. Crew removed timely the action to the Northern District of Illinois on November 21, 2016. (*See* Dkt. No. 1). On December 5, 2016, Parker filed a Motion to Remand the case to state court (the "Motion to Remand"). (Dkt. No. 23). On December 9, 2016, J. Crew filed a Motion to Transfer pursuant to 28 U.S.C. § 1404(a) or, in the alternative, to Dismiss Pursuant to the First-Filed Doctrine. (Dkt. No. 28).

On February 21, 2017, Judge Der-Yeghiayan from the Northern District of Illinois granted J. Crew's Motion to Transfer the case to the District of New Jersey and denied Plaintiff's Motion to Remand. (Ex. B, Transfer Order). In granting J. Crew's Motion to Transfer, the court specifically held that "Parker's claims . . . are virtually identical to claims that were brought in a

---

[2] Exhibits referenced herein are attached to the Certification of Andrew O. Bunn unless otherwise noted.

-3-

class action filed in the New Jersey District Court." (*Id.*). On February 22, 2017, Judge Der-Yeghiayan transferred *Parker* to the District of New Jersey, and the case was assigned to this Court the same day. (Dkt. No. 41).

C. **The *Kamal* Putative Class Encompasses the *Parker* Putative Class**

Kamal purports to represent the identical putative class members as *Parker*. In his Complaint, Kamal defines the putative class to include "all persons or entities to whom any Defendant provided an electronically printed receipt at the point of sale or transaction, in a sale or transaction occurring after **January 10, 2010**, which receipt displayed more than the last five digits of the customer's credit card number." (*Kamal* Compl. at ¶ 20) (emphasis added). In Parker's Complaint, the class is defined to include "All consumers to whom Defendants, after **January 9, 2013**, provided an electronically printed receipt at the point of a sale or transaction at any of Defendants' physical store locations, on which receipt Defendants printed more than the last 5 digits of the consumer's credit card or debit card . . . ." (Ex. A, *Parker* Compl. at ¶ 17) (emphasis added).

Both actions contemplate nationwide classes for any and all violations of FACTA. Both actions are predicated on whether a technical violation of FACTA occurred. The only difference between the two actions is that *Kamal* seeks to include alleged violations dating back three years earlier than *Parker*. Thus, the putative class in *Kamal* encompasses the putative class in *Parker*.

**ARGUMENT**

A. **This Motion is Properly Filed in the *Kamal* Action**

Local Civil Rule 42.1, governing consolidation of cases, provides in relevant part:

> A motion to consolidate two or more civil cases pending upon the docket of the Court shall be filed in the case bearing the earliest docket number. That motion shall be adjudicated by the Judge to whom that case is assigned.

-4-

L. Civ. R. 42.1; *see also Carducci v. Aetna U.S. Healthcare*, 204 F. Supp. 2d 796, 797 n.1 (D.N.J. 2002) (noting consolidation of six cases under earliest docketed case). *Kamal* was filed before *Parker*, and bears the earlier docket number. Hence, this motion is properly made in *Kamal*, and the cases, if consolidated, should proceed before this Court.

**B.    Consolidation of the Cases for Pre-Trial Proceedings is Warranted**

According to Rule 42(a), "[i]f actions before the court involve common questions of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a). Class actions are no exception and may likewise be consolidated under Rule 42(a). *See, e.g., In re Lucent Technologies. Inc. Securities Litig.*, 221 F. Supp. 2d 472, 480-82 (D.N.J. 2001) (consolidating multiple class actions under Fed. R. Civ. P. 42(a)); *Garcia v. Intelligroup, Inc.*, 2005 WL 6074922, *2 (D.N.J. Aug. 10, 2005) (consolidating six securities class actions relying on Fed. R. Civ. P. 42(a)). Consolidation is warranted here because, among other reasons (a) the two actions share common, and critical, questions of law and fact, and (b) concerns of judicial economy, including the avoidance of unnecessary costs, delay and inconsistent judicial decisions, militate in favor of consolidation.

**1.    Common Questions of Law and Fact Support Consolidation**

Both *Kamal* and *Parker* assert identical causes of action against J. Crew for alleged violations of FACTA. As a result, these cases raise common legal issues, including, but not limited to: (1) whether the alleged technical violation of FACTA is sufficient to demonstrate a "willful" violation; and (2) whether the "risk" of identity theft and/or fraud in the future is sufficient to confer standing under Article III.

In addition, the facts alleged in both actions are identical. The chart below is illustrative:

|  | *Parker* Complaint | *Kamal* Second Amended Complaint |
|---|---|---|
| Alleged FACTA Violation | Printing the first 6 digits and last 4 digits. (¶ 3). | Printing the first 6 digits and last 4 digits. (¶ 2). |
| Nature of the Alleged Violation | Willful (¶ 3) | Willful (¶ 108) |
| Actual Harm Suffered? | No | No |
| Allegations Absent from the Complaint | • No allegation that the plaintiff's receipts were lost, misplaced, stolen, or were even in the possession of an unauthorized third party;<br><br>• No allegation that the plaintiff's credit card information displayed in the receipt was disclosed to a third party;<br><br>• No allegation that anyone made any unauthorized purchases on the credit card Parker used to make her purchase at J. Crew;<br><br>• No allegation that Parker had to obtain a new credit card; and<br><br>• No allegation that Parker's identity was stolen. | • No allegation that the plaintiff's receipts were lost, misplaced, stolen, or were even in the possession of an unauthorized third party;<br><br>• No allegation that the plaintiff's credit card information displayed in the receipt was disclosed to a third party;<br><br>• No allegation that anyone made any unauthorized purchases on the credit card Kamal used to make his purchases at J. Crew;<br><br>• No allegation that Kamal had to obtain a new credit card; and<br><br>• No allegation that Kamal's identity was stolen. |
| Allegations regarding Alleged Risk of Harm | J. Crew has "also harmed Plaintiff and the Class by exposing them to at least an increased **risk** of identity theft and credit and or debit card fraud." (¶ 48) (emphasis added) | "By failing to comply Defendants have . . . expose[d] cardholders to increased **risk** of identity theft." (¶ 63) (emphasis added) |
| Putative Class | Nationwide class for any and all violations of FACTA | Nationwide class for any and all violations of FACTA |
| Relief Requested | • Statutory damages of between $100 to $1,000 per violation.<br><br>• Statutory attorneys' fees and costs. | • Statutory damages of between $100 to $1,000 per violation.<br><br>• Statutory attorneys' fees and costs. |

It is undeniable that common questions of law and fact abound in these cases. There is simply no legitimate reason for opposing consolidation under the circumstances of these cases.

### 2. Consolidation Would Serve Judicial Efficiency And Reduce Unnecessary Cost

In determining whether consolidation is appropriate, a court may consider whether consolidation will "streamline and economize pretrial proceedings so as to avoid duplication of effort, and [will] prevent conflicting outcomes in cases involving similar legal and factual issues." *In re TMI Litig.*, 193 F.3d 613, 724 (3d Cir. 1999) (internal citation omitted); *see also Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir.), *cert. denied*, 498 U.S. 920 (1990) (stating that "courts have taken the view that considerations of judicial economy favor consolidation"); *In re Lucent Technologies*, 221 F. Supp. 2d, 472, 482 (D.N.J. 2001) (consolidation can reduce "the duplication of discovery, and reduce costs").

Here, consolidation is appropriate because, among other reasons, both cases make nearly identical factual allegations regarding J. Crew's alleged FACTA violations. Hence, discovery will raise identical factual and legal issues regarding both the scope and conduct of discovery.

Moreover, nearly identical legal issues would be raised on class certification motions. Aside from the sheer duplication of effort and burden to both the Court and J. Crew for having to respond to overlapping if not completely duplicative class certification motions, consolidation will clearly prevent potentially conflicting outcomes in cases that are near mirror images of one another.

## CONCLUSION

For all of the foregoing reasons, J. Crew respectfully submits that consolidation of the *Kamal* and *Parker* actions before this Court is warranted under Fed. R. Civ. P. 42(a) and would promote judicial economy and overall efficiency for the Court and the parties.

Respectfully submitted,

**DLA PIPER LLP (US)**

s/ Andrew O. Bunn

| | |
|---|---|
| Andrew O. Bunn | Keara M. Gordon (admitted *pro hac vice*) |
| James V. Noblett | DLA Piper LLP (US) |
| Steven R. Marino | 1251 Avenue of Americas |
| DLA Piper LLP (US) | New York, New York 10020-1104 |
| 51 John F. Kennedy Parkway, Suite 120 | Telephone: (212) 335-4632 |
| Short Hills, New Jersey 07078-2704 | Facsimile: (212) 884-8632 |
| Telephone: (973) 520-2562 | *Attorneys for Defendants* |
| Facsimile: (973) 520-2582 | |
| *Attorneys for Defendants* | |

Dated: February 22, 2017