# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| AHMED KAMAL, on behalf of himself and the putative class,<br><br>           Plaintiff,<br><br>v.<br><br>J. CREW GROUP, INC., et al.<br><br>           Defendants. | Case No. 2:15-cv-00190-WJM-MF<br><br>Motion Day: March 20, 2017 |
| ANITA PARKER, individually and on behalf of all others similarly situated,<br><br>           Plaintiffs,<br><br>v.<br><br>J. CREW GROUP, INC., J. CREW, LLC., and DOES 1 through 100, inclusive,<br><br>           Defendants. | Case No. 2:17-cv-01214-WJM-MF |

**PLAINTIFF ANITA PARKER'S RESPONSE**
**TO DEFENDANTS' MOTION TO CONSOLIDATE**

## Plaintiff Anita Parker's Response

Although Plaintiff Anita Parker ("Ms. Parker") does not agree with all of the remarks and characterizations made by Defendants in connection with their Motion To Consolidate, Ms. Parker does not oppose consolidation of the *Parker* and *Kamal* cases.

Ms. Parker would like to point out, however, that her case was originally filed in state court, in the Circuit Court of Cook County, Illinois. Ms. Parker's case is now in federal court only because defendant J. Crew Group, Inc. ("J. Crew") chose to remove her case to Illinois federal court and then sought to transfer it to this Court.

If this Court determines that it does not have federal subject matter jurisdiction over Ms. Parker's FACTA claim, the Court must remand her case to state court where it originated:

> "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

If subject matter-jurisdiction is not established, it is *mandatory* for a district court to remand the case to state court. *Bruns v. National Credit Union Admin.*, 122 F.3d 1251, 1257-158 (9th Cir. 1997) (Explaining that "[s]ection 1447(c) is mandatory, not discretionary" and that "where subject matter jurisdiction is lacking, district court must remand to state court even if futile.").

Moreover, "if court lacks jurisdiction it is powerless to reach the merits." *Fleck & Assocs. v. City of Phoenix*, 471 F.3d 1100, 1106-1107 and n. 4 (9th Cir. 2006) (holding that district court "erred by reaching the merits," and explaining that "no matter how important the issue, a court lacking jurisdiction is powerless to reach the merits under Article III of the Constitution"); *Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 692-694 (7th Cir. 2003)(criticizing judge for accepting jurisdictional allegations at 'face value' and remanding case for dismissal for lack of jurisdiction after a jury trial was held by court, and stating that "A court lacks discretion to consider the merits of a case over which it is without jurisdiction").

Dated: March 6, 2017  Respectfully Submitted,

By: /s/ – William C. Morlok
_____
William C. Morlok
morlok@mwmlegal.com
MCDONALD WILSON & MORLOK, LLC
1325 Spruce Street, Suite 400
Philadelphia, PA 19107
Telephone: 215.515.3949
Fax: 215.599.9645

Chant Yedalian (To apply *Pro hac vice*)
chant@chant.mobi
CHANT & COMPANY
A Professional Law Corporation
1010 N. Central Ave.
Glendale, CA 91202
Telephone: 877.574.7100

Robert A. Clifford (To apply *Pro hac vice*)
rac@cliffordlaw.com

        Shannon M. McNulty (To apply *Pro hac vice*)
        smm@cliffordlaw.com
        CLIFFORD LAW OFFICES PC
        120 North LaSalle Street, 31st Floor
        Chicago, IL 60602
        Telephone: 312.899.9090

        Brian Herrington (To apply *Pro hac vice*)
        brian@herringtonlawpa.com
        HERRINGTON LAW, PA
        1520 N. State St.
        Jackson, MS 39202
        Telephone: 601.208.0013

        *Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I, William C. Morlok, counsel for plaintiff, Anita Parker, hereby certify that service of Plaintiff Anita Parker's Response To Defendants' Motion To Consolidate was made by electronic means via the CM/ECF to all parties registered with the CM/ECF.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

Dated: March 6, 2017         By:   /s/ – William C. Morlok
                                                  William C. Morlok
                                                  morlok@mwmlegal.com
                                                  MCDONALD WILSON & MORLOK, LLC
                                                  1325 Spruce Street, Suite 400
                                                  Philadelphia, PA 19107
                                                  Telephone: 215.515.3949
                                                  Fax: 215.599.9645