UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AHMED KAMAL, on behalf of himself and the putative class, | |
| Plaintiff, | Case No. 2:15-cv-00190-WJM-MF |
| v. | |
| J. CREW GROUP, INC., *et al.*, | Returnable:   March 24, 2017 |
| Defendants. | |
| ANITA PARKER, on behalf of herself and all others similarly situated | Case No. 2:17-cv-01214-WJM-MF |
| Plaintiff, | |
| v. | *ELECTRONICALLY FILED* |
| J. CREW GROUP, INC., *et al.*, | |
| Defendants. | |

**PLAINTIFF'S MEMORANDUM OF LAW
IN SUPPORT OF HIS MOTION TO CONSOLIDATE
AND TO APPOINT INTERIM LEAD COUNSEL
IN THE CONSOLIDATED ACTION**

**FRANK LLP**
275 Madison Avenue, Suite 705
New York, New York 10016
(212) 682-1853 Telephone
(212) 682-1892 Facsimile

*Co-Counsel for Plaintiff and the Class*

*On the Brief*
    Marvin L. Frank
    Gregory A. Frank

**TABLE OF CONTENTS**

**BACKGROUND** ............................................................................................................. 1

**LEGAL STANDARDS** .................................................................................................. 3

**ARGUMENT** .................................................................................................................. 4

    I.    *Kamal* And *Parker* Should Be Consolidated ................................................... 4

    II.    Frank LLP, Marvin L. Frank, And Gregory A. Frank
         Should Be Appointed Interim Lead Counsel ................................................. 5

        1.    Frank LLP Has Worked To Identify And Investigate The Claims In This Action ...... 5

        2.    Frank LLP Are Experienced Class Action Litigators ..................................................... 7

        3.    Frank LLP Has Extensive Knowledge Of The Applicable Law ................................. 9

        4.    Frank LLP Will Commit All Necessary Resources To Representing The Class ......... 9

        5.    Frank LLP's Past Involvement In *Kamal* Further Supports Their Appointment ........ 10

**CONCLUSION** ............................................................................................................. 10

# **TABLE OF AUTHORITIES**

**Cases**

*Durso v. Samsung Elecs. Am.*,
  Nos. 2:12-cv-5352 (DMC)(JAD); 2:12-cv-5412 (DMC)(JAD); 2:12-cv-5440 (DMC)(MF),
  2013 U.S. Dist. LEXIS 103403 (D.N.J. July 24, 2013) .............................................................. 4

*Durso v. Samsung Elecs. Am.*,
  Nos. 2:12-cv-5352 (DMC)(JAD); 2:12-cv-5412 (DMC)(JAD); 2:12-cv-5440 (DMC)(MF),
  2013 U.S. Dist. LEXIS 111412 (D.N.J. Aug. 5, 2013) ....................................................... passim

*Galicki v. New Jersey*,
  No. 14-169 (JLL), 2014 U.S. Dist. LEXIS 141748 (D.N.J. Oct. 6, 2014) ................................. 3

*In re Horizon Healthcare Services Inc. Data Breach Litigation*,
  No. 15-2309, 2017 U.S. App. LEXIS 1019 (3d Cir. Jan. 20, 2017) .......................................... 2

*Skoorka v. Kean Univ.*,
  Nos. 09-3428; 14-4561, 2016 U.S. Dist. LEXIS 23300 (D.N.J. Feb. 25, 2016) ........................ 5

*Spokeo v. Robins*, 136 S. Ct. 1540 (2016) ............................................................................ 2, 6, 9

*Thomas v. Gerber Prods. Co.*,
  No. 12-835 (JLL), 2012 U.S. Dist. LEXIS 64394 (D.N.J. May 8, 2012) ................................... 5

**Statutes**

15 U.S.C. § 1681c(g) .................................................................................................................... 6
15 U.S.C. § 1681n(a) .................................................................................................................... 6

**Rules**

Fed. R. Civ. P. 12(b)(1) ................................................................................................................. 2
Fed. R. Civ. P. 12(b)(6) .............................................................................................................. 1, 6
Fed. R. Civ. P. 23 .................................................................................................................. passim
Fed. R. Civ. P. 42 ................................................................................................................... 1, 3, 4

**Other Authorities**

*Report: Third Circuit Task Force on the Selection of Class Counsel* (January 2002) ............. 4, 10

Plaintiff Ahmed Kamal, on behalf of himself and the putative Class, respectfully submits, this Memorandum of Law in Support of the Motion to Consolidate and to Appoint Interim Lead Counsel in the Consolidated Action, pursuant to Rules 42 and 23(g)(3).[1]

### BACKGROUND

Plaintiff Kamal filed the initial Complaint in the *Kamal* action in this Court on January 10, 2015, alleging that J. Crew had willfully violated FACTA[2] by printing the first six digits of his credit card number, in addition to the last four digits, on credit card receipts during purchases that he had made at J. Crew retail locations in Delaware and New Jersey in December 2014 and January 2015 (ECF No. 1).

The *Kamal* action has been actively litigated in this Court for more than two years. Since his initial Complaint, Mr. Kamal sought to represent a nationwide class concerning these FACTA violations. After J. Crew moved to dismiss the Complaint pursuant to Rule 12(b)(6) on February 23, 2015 (ECF No. 15), Plaintiff Kamal amended his Complaint and filed his Amended Complaint on March 25, 2015 (ECF No. 21). J. Crew, on April 8, 2015, moved to dismiss the Amended Complaint pursuant to Rule 12(b)(6) (ECF No. 23). That motion was fully briefed and in a decision dated August 14, 2015, this Court denied Defendants' motion to dismiss Plaintiffs' Amended Complaint and held that if Plaintiff Kamal's allegations are proven true, J. Crew willfully violated FACTA by issuing those unlawfully printed receipts (ECF Nos. 33–34).

---

[1] References herein to "Consolidated Action" are to the action arising from the consolidation of (1) *Kamal et al. v. J. Crew Group, Inc., et al.*, 2:15-cv-00190-WJM-MF (D.N.J.) ("*Kamal*"), and (2) *Parker et al. v. J. Crew Group, Inc., et al.*, 2:17-cv-01214 (D.N.J.) ("*Parker*"). The instant motion is being filed in *Kamal*, as the first-filed case.

[2] The Fair and Accurate Credit Transactions Act of 2003 ("FACTA"), *codified as amended at* 15 U.S.C. § 1681c(g). FACTA is part of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

On August 20, 2015, J. Crew moved to stay the action pending a decision by the United States Supreme Court in *Spokeo v. Robins*, 136 S. Ct. 1540 (2016) (ECF No. 35). That motion was opposed and fully briefed and this Court granted the motion to stay on December 29, 2015 (ECF Nos. 44-45). After the Supreme Court decided *Spokeo*, J. Crew moved to dismiss the Amended Complaint, on June 15, 2016, on Rule 12(b)(1) grounds (ECF No. 50). Following that motion, Plaintiff Kamal and his counsel have:

- Opposed J. Crew's post-*Spokeo* motion to dismiss the Amended Complaint pursuant to Rule 12(b)(1) on June 29, 2016 (ECF No. 51);

- Alerted this Court, via supplemental authority notices, to no fewer than 10 post-*Spokeo* rulings from courts across the country that illuminate the Article III standing issues in this case (ECF Nos. 54, 57, 59);

- Filed a Second Amended Complaint on November 17, 2016 (ECF No. 65), in response to the Court's dismissal of the Amended Complaint on October 20, 2016 (ECF Nos. 63–64);

- Opposed J. Crew's motion to dismiss the Second Amended Complaint pursuant to Rule 12(b)(1) (ECF No. 69);

- Alerted the Court to the Third Circuit's recent decision in *In re Horizon Healthcare Services Inc. Data Breach Litigation*, No. 15-2309, 2017 U.S. App. LEXIS 1019 (3d Cir. Jan. 20, 2017) ("*Horizon*") (ECF No. 70); and

- Explained to the Court why *Horizon* confirms the Article III standing of consumers like Plaintiff Kamal (ECF No. 73).

As of this date, J. Crew's motion to dismiss the Second Amended Complaint pursuant to Rule 12(b)(1), is currently *sub judice*.

As for the *Parker* action, on October 6, 2016, more than a year and a half after the initial *Kamal* Complaint was filed, the *Parker* action was filed in state court in Illinois, alleging J. Crew violated FACTA in the same manner as in *Kamal* (ECF No. 75-3). Following removal to the Northern District of Illinois, that court transferred *Parker* to this District (ECF No. 75-4).

2

J. Crew moved, pursuant to Rule 42, to consolidate *Kamal* and *Parker* (ECF No. 75). Plaintiff Parker filed a response to J. Crew's consolidation motion, in which she states that she does not oppose consolidation (ECF No. 76). Plaintiff Kamal agrees that *Kamal* and *Parker* should be consolidated into the *Kamal* action.[3]

## LEGAL STANDARDS

Consolidation of two actions before a Court is warranted if they involve common questions of law. Fed. R. Civ. P. 42(a) & -a(2).

Rule 23(g)(3) empowers the Court to "designate interim counsel to act on behalf of [the] putative class before determining whether to certify the action as a class action." In the context of a consolidated action resulting from the consolidation of multiple putative class actions, the purpose of appointing an interim lead counsel pursuant to Rule 23(g)(3) is to streamline efficiency in the litigation of consolidated action. *Galicki v. New Jersey*, No. 14-169 (JLL), 2014 U.S. Dist. LEXIS 141748, at *4 (D.N.J. Oct. 6, 2014) (Linares, J.).

In selecting an interim lead counsel, the Court considers the factors set forth in Rule 23(g)(1)(A): (i) the work that the attorney has performed in identifying and investigating the claims in his client's action; (ii) the attorney's experience litigating class actions and other complex litigation, as well as the types of claims involved in the instant action; (iii) the attorney's knowledge of applicable law; and (iv) the resources he will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A)(i)–(iv). No one factor is dispositive. *E.g.*, *Galicki*, 2014 U.S. Dist. LEXIS 141748, at *4.

Further, this Circuit has identified several additional factors as relevant to the selection of lead class counsel, including, as is pertinent here:

---

[3] Should this Court consolidate these actions and appoint Frank LLP Interim Lead Counsel, Plaintiff Kamal requests permission to file a Third Amended Consolidated Class Action Complaint encapsulating all relevant facts concerning the consolidated actions.

3

- whether the attorney has a good sense of what the case is about;

- whether the attorney has prosecuted the lawsuit to this point and has thus created work product that will be useful in the future of the litigation; and

- whether the Court has previous experience with counsel that is relevant to counsel's likely performance in this action.

*Durso v. Samsung Elecs. Am.*, Nos. 2:12-cv-5352 (DMC)(JAD); 2:12-cv-5412 (DMC)(JAD); 2:12-cv-5440 (DMC)(MF), 2013 U.S. Dist. LEXIS 111412, at *9–10 (D.N.J. Aug. 5, 2013) (Cavanaugh, J.) ("*Durso II*") (citing *Report: Third Circuit Task Force on the Selection of Class Counsel* (January 2002)).

## ARGUMENT

### I.  *Kamal* And *Parker* Should Be Consolidated

Consolidation of *Kamal* and *Parker* pursuant to Rule 42(a) is not seriously in dispute here given that both actions involve identical conduct, violating the same statute and none of the Parties oppose.  Consolidation pursuant to Rule 42(a) is appropriate here because *Kamal* and *Parker* involve effectively "identical allegations and causes of action against" J. Crew with respect to its willful violations of countless consumers' FACTA rights, and because Defendant J. Crew desires consolidation here and Plaintiff Parker does not oppose.  *See Durso v. Samsung Elecs. Am.*, Nos. 2:12-cv-5352 (DMC)(JAD); 2:12-cv-5412 (DMC)(JAD); 2:12-cv-5440 (DMC)(MF), 2013 U.S. Dist. LEXIS 103403, at *12 (D.N.J. July 24, 2013) (Dickson, Mag. J.) ("*Durso I*").

Although Lead Plaintiff Kamal's pleadings are more fulsomely detailed than Plaintiff Parker's, it is clear that J. Crew subjected both of these consumers to the same manner of FACTA violation, namely, printing too many digits from their credit card numbers on the credit card receipt at the point of sale.  *Compare*, *e.g.*, *Kamal* Am. Class Action Compl. ¶¶ 68–70 (ECF No. 21), *with Parker* Class Action Compl. ¶ 34 (ECF No. 75-3 on *Kamal* docket).

4

As such, these two actions "should be litigated together to best ensure economy in and the efficient administration of the proceedings." *Thomas v. Gerber Prods. Co.*, No. 12-835 (JLL), 2012 U.S. Dist. LEXIS 64394, at *8 (D.N.J. May 8, 2012) (Linares, J.). Because *Kamal* was the first-filed case, *Parker* must be consolidated into *Kamal* (and not the other way around), with the resulting Consolidated Action subject to this Court's jurisdiction. *See, e.g.*, *Skoorka v. Kean Univ.*, Nos. 09-3428; 14-4561, 2016 U.S. Dist. LEXIS 23300, at *8–9 (D.N.J. Feb. 25, 2016) (McNulty, J.) (later-filed action consolidated into earlier-filed action).

## II. Frank LLP, Marvin L. Frank, And Gregory A. Frank Should Be Appointed Interim Lead Counsel

Frank LLP, Marvin L. Frank, and Gregory A. Frank (hereinafter "Frank LLP") are the ideal candidates for Interim Lead Counsel representing all plaintiffs and the Class in this matter. Frank LLP are seasoned class action litigators that have vigorously prosecuted Plaintiff Kamal's FACTA claims throughout this litigation. Further, they offer specific FACTA expertise as they are concurrently prosecuting other FACTA cases in the Southern District of New York. *See Cruper-Weinmann v. Paris Baguette Am., Inc.*, No. 13-cv-07013 (S.D.N.Y.); *Fullwood v. Wolfgang's Steakhouse, Inc.*, No. 13-cv-07174 (S.D.N.Y.). The Firm's experience generally, and passionate commitment to this action, in particular, make them the obvious choice for Interim Lead Counsel. *See* Fed. R. Civ. P. 23(g)(1)(A)(i)–(iv), -(3); *see also Durso II*, 2013 U.S. Dist. LEXIS 111412, at *9–10 (listing Third Circuit's factors for selection of lead class counsel).

Frank LLP satisfies all the factors of Rule 23(g), as well as the pertinent additional factors identified by the Third Circuit for designation of lead class counsel.

### 1. Frank LLP Has Worked To Identify And Investigate The Claims In This Action

Frank LLP has worked assiduously to identify, investigate, and strengthen the FACTA claims against J. Crew. *See* Fed. R. Civ. P. 23(g)(1)(A)(i). This diligence has perhaps been most evident in the bolstering of the "willfulness" aspect of Plaintiff Kamal's claims, *see* 15 U.S.C.

5

§§ 1681c(g), -n(a) (subjecting "willful[]" FACTA violators to actual or statutory damages).

As Plaintiff Kamal alleged in his original Complaint with regard to the willful nature of J. Crew's FACTA violations against him, J. Crew had previously been put on notice of the necessity of complying with FACTA through written communications concerning FACTA compliance from the credit card issuers with which J. Crew is affiliated. *Kamal* Complaint ¶¶ 39–44 (ECF No. 1).

Further investigation allowed Mr. Kamal to file an Amended Complaint containing (1) more richly detailed allegations concerning the FACTA-compliance communications J. Crew had received from credit card issuers; (2) allegations as to the written communications concerning FACTA compliance that J. Crew had received from the point-of-sale providers, payment-clearance providers, and merchants trade associations, with which J. Crew is affiliated; and (3) allegations that J. Crew had received notification from its liability insurance carrier that its coverage for FACTA liability was being terminated. *See Kamal* Am. Compl. ¶¶ 43–65 (ECF No. 21). The factual specificity and clarity of these allegations persuaded this Court to deny J. Crew's motion to dismiss the Amended Complaint pursuant to Rule 12(b)(6) (ECF Nos. 33–34).

Further, Frank LLP has also expended great effort and resources in fortifying Plaintiff Kamal's constitutional standing under *Spokeo* to bring his claims. *See* ECF Nos. 51, 54, 57, 59, 65, 69–70, 73. As is discussed in greater detail below, Frank LLP's attorneys are uniquely qualified to craft and present arguments in this regard.

Accordingly, Frank LLP satisfies Rule 23(g)'s first factor for appointment of interim lead counsel. *See Durso II*, 2013 U.S. Dist. LEXIS 111412, at *12 ("Proposed Lead Counsel filed detailed and comprehensive complaints specifically regarding the" willful nature of J. Crew's violations of Plaintiff's Kamal's FACTA rights.).

6

## 2. Frank LLP Are Experienced Class Action Litigators

Frank LLP's decades of experience representing plaintiffs in class actions and other complex litigation mean that they are eminently qualified to serve as Interim Lead Counsel of the Consolidated Action here.  *See* Fed. R. Civ. P. 23(g)(1)(A)(ii).

The firm's major cases include *In re General Motors Corp. Securities Litigation*, No. 05-CV-8088 (S.D.N.Y. Jan. 5, 2006), in which the Court, before appointing them lead counsel, stated, stressed Marvin Frank's reputation as a particularly capable litigator.  Frank Decl. ¶ 5.[4]

Other significant class-action and complex-litigation representations by Frank LLP include:

- *Hartig Drug Company, Inc. v. Senju Pharm. Co.*, No. 14-cv-00719 (D. Del), in which Frank LLP represents purchasers of the pharmaceutical Zymar related to allegations that the manufacturer unlawfully monopolized the market for gatifloxacin.  The Third Circuit recently confirmed the validity of the plaintiffs' claims in that action.  *See* 836 F.3d 261 (3d Cir. 2016).

- *In re Ford Tailgate Litig.*, No. 11-cv-02953 (N.D. Cal.), in which Frank LLP has served as co-lead counsel on behalf of a nationwide class of purchasers of certain Ford vehicles allegedly containing a defect that would cause the rear tailgate to crack, frequently outside of the warranty period.  This action concluded with a confidential settlement agreement.

- *In re Williams Sec. Litig.*, No. 02-CV-72 (N.D. Okla.), a securities fraud class action, in which attorneys at Frank LLP were members of plaintiffs' executive committee and achieved a settlement of $311 million for defrauded investors.

- *In re General Motors Corp. Sec. & Derivative Litig.*, No. 05-CV-8088 (E.D. Mich.), a securities fraud class action, in which attorneys at Frank LLP were originally appointed sole Lead Counsel, were Class Counsel, and helped achieve a settlement of $303 million for defrauded investors.

- *In re JWP Inc. Sec. Litig.*, No. 92-cv-5815 (S.D.N.Y.), a securities fraud class action, in which attorneys at Frank LLP were Co-Lead Counsel and achieved a $36 million settlement for defrauded investors.

---

[4] References herein to "Frank Decl. ¶__" are to the Declaration of Marvin L. Frank in support of the instant Motion.

7

- *In re PictureTel Inc. Sec. Litig.*, No. 97-cv-12135 (D. Mass.), a securities fraud class action, in which attorneys at Frank LLP were Co-Lead Counsel and achieved a $14 million settlement for defrauded investors.

- *In re Marion Merrell Dow Inc. Sec. Litig.*, No. 92-0609-CV-W 6 (W.D. Mo.), in which attorneys at Frank LLP were Co-Lead Counsel and recovered $14 million for defrauded investors.

- *Brody v. Zix Corp.*, No. 04-cv-1931 (N.D. Tex.), a securities fraud class action, in which attorneys at Frank LLP were Co-Lead Counsel and achieved a $5.6 million settlement for defrauded investors.

- *In re ContiFinancial Sec. Litig.*, No. 99-cv-11436 (S.D.N.Y.), a securities fraud class action, in which attorneys at Frank LLP were Co-Lead Counsel and recovered $5.5 million for defrauded investors.

- *In re EIS Int'l Inc. Sec. Litig.*, No. 97-cv-813 (D. Conn.), a securities class action, in which attorneys at Frank LLP were Co-Lead Counsel and achieved a $3.8 million settlement for defrauded investors.

- *In re Quintiles Transnational Sec. Litig.*, No. 99-cv-854 (M.D.N.C.), a securities fraud class action, in which attorneys at Frank LLP were Co-Lead Counsel and recovered $3 million for defrauded investors.

Frank Decl. ¶ 6.

Frank LLP also has significant experience litigating FACTA cases, specifically. As mentioned above, in addition to *Kamal*, the firm represents putative classes of consumers in two other, ongoing FACTA litigations:

- *Fullwood v. Wolfgang's Steakhouse, Inc.*, No. 13-cv-07174 (S.D.N.Y.); and

- *Cruper-Weinmann v. Paris Baguette, Am., Inc.*, No. 13-cv-07013 (S.D.N.Y.), *appeal docketed*, No. 14-3709-cv (2d Cir.).

Frank Decl. ¶ 7.

Given their general experience in leadership roles in prior class actions and complex litigation, Frank LLP satisfies Rule 23(g)'s second factor for designation of interim lead counsel. *See, e.g.*, *Durso II*, 2013 U.S. Dist. LEXIS 111412, at *10 ("[C]ounsel has experience handling class actions, having served as lead, co-counsel or in Executive Committee positions in

8

numerous State and Federal class actions, and has experience in complex litigation."). Frank LLP is additionally qualified, in light of their familiarity with the "types of claims asserted in th[is] action." Rule 23(g)(1)(A)(ii).

### 3. Frank LLP Has Extensive Knowledge Of The Applicable Law

As discussed above, Frank LLP has been litigating the instant action for more than two years, is overseeing two other FACTA actions in addition to this one, and thus has more than sufficient knowledge of the law that applies here. Fed. R. Civ. P. 23(g)(1)(A)(iii).

Frank LLP is dedicated to keeping abreast of any changes in the law affecting this action, so as best to strengthen the claims of Plaintiff Kamal and his fellow Class Members. For example, they have constantly reviewed, and brought to this Court's attention, post-*Spokeo* decisions that illuminate the Article III standing issues in this case, *see* ECF Nos. 54, 57, 59, 70, 73, and have also been at the forefront of the public discussion about post-*Spokeo* jurisprudence, *see* Gregory A. Frank & Asher Hawkins, *Spokeo's Federalism Problem*, Law360 (Aug. 8, 2016) https://www.law360.com/articles/825714/opinion-spokeo-s-federalism-problem.

### 4. Frank LLP Will Commit All Necessary Resources To Representing The Class

If the Court selects Frank LLP as Interim Lead Counsel, it pledges to commit the resources necessary to litigate and try this case as quickly and cost-effectively as possible. Frank Decl. ¶ 8; *see* Fed. R. Civ. P. 23(g)(1)(A)(iv). Frank LLP will continue to personally attend all significant hearings, and to oversee the preparation of all legal filings on behalf of Plaintiffs and the Class. Frank Decl. ¶ 8.

Frank LLP plans to assign work, as appropriate, to the professionals who have served as their co-counsel in *Kamal* thus far, as befits those individuals' expertise, qualifications, and appropriateness for the particular task. *Id.*

**5. Frank LLP's Past Involvement In *Kamal* Further Supports Their Appointment**

The relevant factors set forth in the Third Circuit Task Force Report on lead-counsel designation further support Frank LLP's appointment as Interim Lead Counsel, because it has led the prosecution of *Kamal*, the first-filed case in the Consolidated Action. *See Durso II*, 2013 U.S. Dist. LEXIS 111412, at *9–13 (discussing Third Circuit's additional factors). More specifically, Frank LLP has overseen the preparation of the work product that will continue to drive this litigation, has already devoted significant resources to developing and strengthening the claims of Plaintiff Kamal and the Class, and this Court has previous experience with Frank LLP that is relevant to further legal issues in this case. *Id.*

## CONCLUSION

For all of the reasons set forth above, Plaintiff Kamal respectfully requests that this Court consolidate the *Kamal* and *Parker* actions and appoint Frank LLP, Marvin L. Frank, and Gregory A. Frank as Interim Lead Counsel.

Dated: March 9, 2017

                **FRANK LLP**

                By: */s/ Marvin L. Frank*
                    Marvin L. Frank (MF1436)
                    Gregory A. Frank (Pro Hac Vice)
                    mfrank@frankllp.com
                    gfrank@frankllp.com
                    275 Madison Avenue, Suite 705
                    New York, New York 10016
                    (212) 682-1853 Telephone
                    (212) 682-1892 Facsimile

                    **ROBERT A. SOLOMON, P.C.**
                    Robert A. Solomon (RS2895)
                    rsolomon@metrolaw.com
                    91 Pacific Street
                    Newark, NJ 07105
                    (973) 344-6587 Telephone
                    (973) 344-7604 Facsimile

          **NABLI & ASSOCIATES, P.C.**
          Peter Y. Lee (PL2405)
          peter.lee@leeadvocates.com
          Khaled (Jim) El Nabli (Not Admitted)
          Jim_elnabli@nablilaw.com
          60 East 42nd Street, Suite 1101
          New York, New York 10165
          (212) 808-0716 Telephone
          (212) 808-0719 Facsimile

*Counsel for Plaintiff and the Class*