# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

------------------------------------- X
                         :

AHMED KAMAL, on behalf of himself and
the putative class,               :  Case No. 2:15-cv-00190-WJM-MF
                         :

        Plaintiff,           :  *ELECTRONICALLY FILED*
                         :

        v.                   :
                         :

J. CREW GROUP, INC., et al.      :  Returnable:  March 20, 2017
                         :

        Defendants.        :
                         :

------------------------------------- X

---

## DEFENDANTS' REPLY BRIEF IN FURTHER SUPPORT OF THEIR
## MOTION TO CONSOLIDATE

---

**DLA PIPER LLP (US)**
51 John F. Kennedy Parkway, Suite 120
Short Hills, New Jersey 07078-2704
Telephone No.: (973) 520-2550
Fax No.: (973) 520-2551
*Attorneys for Defendants*

Of Counsel:
    Keara M. Gordon (admitted *pro hac vice*)
    Andrew O. Bunn

On the Brief:
    James V. Noblett
    Steven R. Marino

## TABLE OF CONTENTS

**Page**

ARGUMENT ......................................................................................................................... 1

CONCLUSION ..................................................................................................................... 3

# TABLE OF AUTHORITIES

**Page**

CASES

*Abella v. Seven Seven Corporate Group, et al.,*
 Civ. No. 2:13-05263, 2014 WL 220570 (D.N.J. Jan. 21, 2014)................................................2

*Coffin v. Malvern Fed. Savings Bank,*
 90 F.3d 851 (3d Cir. 1996)..........................................................................................................1

*Katz v. Reality Equities Corp.,*
 521 F. 2d 1354 (2d. Cir. 1975)....................................................................................................1

*Majka v. Prudential Ins. Co. of Am.,*
 171 F. Supp.2d 410 (D.N.J. 2001)...............................................................................................1

*Weight Loss Servs., LP v. Herbal Magic, Inc.,*
 Civ. No. 11–3859, 2011 WL 4402103 (E.D. Pa. Sept. 22, 2011) ..............................................2

STATUTES

28 U.S.C. § 1453(c)(1).......................................................................................................................2

OTHER AUTHORITIES

Fed. R. Civ. P. 42(a) .........................................................................................................................3

**ARGUMENT**

Neither Kamal nor Parker opposes J. Crew's Motion to Consolidate the *Kamal* and *Parker* cases.   (*See* Parker's Response at 2, Dkt. No. 76) ("Parker . . . does not oppose consolidation of the Parker and Kamal cases).[1]   Accordingly, Kamal and Parker have conceded that the cases should be consolidated before this Court.  *See Majka v. Prudential Ins. Co. of Am.*, 171 F. Supp.2d 410, 414 (D.N.J. 2001) (holding that arguments not opposed in brief in opposition to motion are deemed to be conceded).

Nevertheless, in her response, Parker contends that her Complaint should be remanded to Illinois state court automatically if the Court grants J. Crew's Motion to Dismiss the *Kamal* Complaint.  (Parker's Response at 2, Dkt. No. 76).  Parker's premature request should be denied or disregarded for several reasons.

First, the Court has not yet decided whether to consolidate *Kamal* and *Parker*.  If the Court decides to consolidate the cases (which it should), interim lead class counsel may then need to be appointed.  The Court may then decide whether a single, consolidated complaint should be filed, or whether the cases should proceed under the *Kamal* Complaint.  *Katz v. Reality Equities Corp.*, 521 F. 2d 1354, 1360 (2d. Cir. 1975) (trial judge did not abuse discretion by requiring the filing and service of a single consolidated complaint where litigation was complex, there were a number of similar complaints, and consolidation was ordered for pretrial purposes).

Second, the Court has not yet decided J. Crew's Motion to Dismiss *Kamal*.  If the matters are consolidated and a master pleading is filed, J. Crew's motion may then apply to the entire action.  *See Abella v. Seven Seven Corporate Group*, *et al.*, Civ. No. 2:13-05263, 2014 WL 220570, *4 (D.N.J. Jan. 21, 2014) ("the Court will treat Maximo and Software's motions to

---

[1] Kamal did not file any response to J. Crew's Motion to Consolidate.

dismiss the Complaint as if they were directed at the Amended Complaint"); *see also Weight Loss Servs., LP v. Herbal Magic, Inc.*, Civ. No. 11–3859, 2011 WL 4402103, at *3 (E.D. Pa. Sept. 22, 2011) (granting motion to amend and treating pending motion to dismiss as if it were directed at the amended complaint).  If the motion is then denied, the entire case would proceed here.  If it is granted, plaintiffs would then have the opportunity to decide whether to appeal or seek leave for a further amendment.

Moreover, if J. Crew prevails on its motion to dismiss (and that applies only to Kamal's Complaint) and Parker then files a motion to remand, J. Crew respectfully requests notice and an opportunity to respond to that motion at that time.  Cf. 28 U.S.C. § 1453(c)(1).  There are several reasons why *Parker* may not be subject to remand even if the *Kamal* Complaint is dismissed. Indeed, remand would undermine the reasons for transferring *Parker* to the District of New Jersey in the first place.  As Judge Der-Yeghiayan held, Parker's claims are "virtually identical" to Kamal's claims, Kamal has "been actively representing the interests of Parker who is a member of the putative class," the "interests of justice" and "judicial economy" would be best served by having one court adjudicate this controversy, and it "will also avoid the potential of inconsistent rulings."  (*See* Transfer Opinion, Ex. B, Declaration of Andrew O. Bunn, Dkt. No. 75-4).  All of those goals would be subverted if the *Parker* action were remanded to Illinois state court while the *Kamal* action remained in this Circuit, if Kamal seeks to appeal.

Obviously, all of these contingencies are necessarily speculative at this point, which only underscores that Parker's request is premature.

## CONCLUSION

For all of the foregoing reasons, and for the reasons set forth in its moving brief, J. Crew respectfully submits that consolidation of the *Kamal* and *Parker* actions before this Court is warranted under Fed. R. Civ. P. 42(a) and would promote judicial economy and overall efficiency for the Court and the parties.

Respectfully submitted,

**DLA PIPER LLP (US)**

s/ Andrew O. Bunn
Andrew O. Bunn                              Keara M. Gordon (admitted *pro hac vice*)
James V. Noblett                            DLA Piper LLP (US)
Steven R. Marino                            1251 Avenue of Americas
DLA Piper LLP (US)                          New York, New York 10020-1104
51 John F. Kennedy Parkway, Suite 120       Telephone: (212) 335-4632
Short Hills, New Jersey 07078-2704          Facsimile: (212) 884-8632
Telephone: (973) 520-2550                   *Attorneys for Defendants*
Facsimile: (973) 520-2551
*Attorneys for Defendants*

Dated: March 13, 2017