## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| AHMED KAMAL, on behalf of himself and the putative class, | Case No. 2:15-cv-00190-WJM-MF |
| Plaintiff, | Motion Day: April 3, 2017 |
| v. | |
| J. CREW GROUP, INC., et al. | |
| Defendants. | |
| ANITA PARKER, individually and on behalf of all others similarly situated, | Case No. 2:17-cv-01214-WJM-MF |
| Plaintiffs, | |
| v. | *ELECTRONICALLY FILED* |
| J. CREW GROUP, INC., J. CREW, LLC., and DOES 1 through 100, inclusive, | |
| Defendants. | |

**PLAINTIFF ANITA PARKER'S
OPPOSITION TO
MOTION TO APPOINT INTERIM COUNSEL
TO REPRESENT THE PUTATIVE CLASS; AND, IN THE
ALTERNATIVE, CROSS-MOTION TO APPOINT MS. PARKER'S
COUNSEL AS INTERIM COUNSEL FOR THE PUTATIVE CLASS**

## I.     INTRODUCTION

In its Order granting Defendants' motion to dismiss for lack of federal subject-matter jurisdiction, the Court gave Plaintiff Kamal leave to file an amended complaint, which Plaintiff Kamal has done.  Defendants again filed a Rule 12(b)(1) motion claiming a lack of subject-matter jurisdiction.  Defendants' motion is fully briefed and awaits disposition.  Pending a ruling on the motion to dismiss, the case is effectively stayed.

Yet, Mr. Kamal's counsel moves to be appointed interim counsel to represent the putative class.  If there is no subject-matter jurisdiction over Mr. Kamal's FACTA claim, then Mr. Kamal's counsel cannot pursue Mr. Kamal's claim, let alone pursue the claims of any putative class member before this Court. Accordingly, unless and until this Court holds that federal subject-matter jurisdiction is established for FACTA claims, any motion in this case for the appointment of counsel to represent the putative class should be denied as premature or, at minimum, held in abeyance pending a ruling on the motion to dismiss.

If, on the other hand, this Court were to consider Plaintiff Kamal's motion to appoint interim counsel to represent the interests of the class, the Court "must appoint the applicant best able to represent the interests of the class." Fed.R.Civ.Pro. 23(g)(2).

Plaintiff Parker's counsel, who is among the first pioneers to prosecute FACTA cases, has extensive experience prosecuting FACTA cases from start to finish and has successfully prosecuted to conclusion fifteen (15) FACTA class actions where relief was obtained for each class.

Mr. Kamal's counsel has no experience prosecuting a FACTA case beyond the pleading stage.  In fact, the only three FACTA cases his counsel claims to have FACTA experience in have all resulted in dismissals at the pleading stage.  Having never made it beyond the pleading stage, Mr. Kamal's counsel has never prosecuted any FACTA case to conclusion and has never obtained a FACTA class recovery.[1]

Fifteen (15) FACTA class-wide recoveries for Ms. Parker's counsel versus zero (0) class-wide recoveries for Mr. Kamal's counsel (and no experience prosecuting any FACTA case beyond the pleading stage) makes for an easy decision.

If an appointment is made at this juncture, Ms. Parker's counsel must be appointed because the Court "must appoint the applicant best able to represent the

---

[1] Plaintiff Parker emphasizes that the comments in this brief are not meant to slight Plaintiff Kamal's counsel.  But, Plaintiff Kamal has raised this issue and case law dictates that, in such circumstances, the Court must appoint "the applicant *best* able to represent the interests of the class." Fed. R. Civ. Pro. 23(g)(2).

interests of the class." Fed.R.Civ.Pro. 23(g)(2).[2, 3]

## II.   THE COURT SHOULD RULE ON THE FULLY-BRIEFED MOTION TO DISMISS; UNLIKE MR. KAMAL'S CASE WHICH ORIGINATED IN FEDERAL COURT, MS. PARKER'S CASE ORIGINATED IN STATE COURT AND CANNOT BE DISMISSED

Ms. Parker does not oppose consolidation of the *Parker* and *Kamal* cases.

However, this does not mean that a consolidated complaint should be filed at

this juncture.  It would not be an efficient use of resources, nor would it account

for the different paths each case must take in the event the Court once again holds

that it lacks subject-matter jurisdiction

This Court previously held that Mr. Kamal has not established federal

subject-matter jurisdiction.  Although the Court granted leave to amend, and Mr.

Kamal filed another amended complaint, defendants filed another 12(b)(1) motion

to dismiss based on the lack of federal subject-matter jurisdiction, and that motion

to dismiss is fully briefed.

If, as defendants suggest, their latest 12(b)(1) motion is granted like their

earlier motion was granted.  Mr. Kamal's case must be dismissed because it was

---

[2] Incidentally, Ms. Parker's counsel requested to speak with Mr. Kamal's counsel to attempt to arrive at a potential cooperative resolution to the Motion, but Mr. Kamal's counsel expressed that it has absolutely no interest for any form of cooperation.  Yedalian Declaration ("CY Dec.") ¶ 1.

[3] To the extent appointment is decided, Ms. Parker does not believe a cross-motion is required to make the determination.  In any event, if a cross-motion is required, then Ms. Parker requests that her response in this brief be treated as a cross-motion.

filed in federal court.

If there is no subject-matter jurisdiction over Mr. Kamal's FACTA claim, then Mr. Kamal's counsel cannot pursue Mr. Kamal's claim, let alone pursue the claims of any putative class member before this Court. Accordingly, unless and until this Court holds that federal subject-matter jurisdiction is established for FACTA claims, any motion in this case for the appointment of counsel to represent the putative class should be denied as premature.

In contrast, Ms. Parker's case was originally filed in state court, in the Circuit Court of Cook County, Illinois. Ms. Parker's case is now in federal court only because defendant J. Crew Group, Inc. ("J. Crew") chose to remove her case to Illinois federal court and then sought to transfer it to this Court (despite arguing that federal courts lack subject-matter jurisdiction over FACTA claims).

If this Court determines that it does not have federal subject-matter jurisdiction over FACTA claims, the Court must remand Ms. Parker's case to state court where it originated:

> "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

If subject matter-jurisdiction is not established, it is *mandatory* for a district court to remand the case to state court. *Bruns v. National Credit Union Admin.*, 122 F.3d 1251, 1257-158 (9th Cir. 1997) (Explaining that "[s]ection 1447(c) is

mandatory, not discretionary" and that "where subject matter jurisdiction is lacking, district court must remand to state court even if futile.").

Moreover, "if court lacks jurisdiction it is powerless to reach the merits." *Fleck & Assocs. v. City of Phoenix*, 471 F.3d 1100, 1106-1107 and n. 4 (9th Cir. 2006) (holding that district court "erred by reaching the merits," and explaining that "no matter how important the issue, a court lacking jurisdiction is powerless to reach the merits under Article III of the Constitution") (citing *Adarand Constructors, Inc. v. Mineta*, 534 U.S. 103, 110 (2001)); *Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 692-694 (7th Cir. 2003)(criticizing judge for accepting jurisdictional allegations at 'face value' and remanding case for dismissal for lack of jurisdiction after a jury trial was held by court, and stating that "A court lacks discretion to consider the merits of a case over which it is without jurisdiction").

The Court should rule on the fully-briefed motion to dismiss and deny plaintiff Kamal's request to file a consolidated complaint.[4]

---

[4] Apparently, Mr. Kamal's counsel believes that it can swallow Ms. Parker's case through the filing of a consolidated complaint and by being appointed interim counsel. Mr. Kamal's counsel is mistaken. Even if it were successfully appointed class counsel at any point (despite that it is not better qualified), Ms. Parker would still have an absolute right to opt-out and be represented by counsel of her choice. *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985) ("we hold that due process requires at a minimum that an absent plaintiff be provided with an opportunity to remove himself from the class."); Fed.R.Civ.Pro. 23(c)(2)(B)(iv)

### III.   MS. PARKER'S COUNSEL HAS EXTENSIVE EXPERIENCE PROSECUTING FACTA CASES FROM START TO FINISH AND HAS SUCCESSFULLY OBTAINED MANY FACTA CLASS ACTION RECOVERIES

Ms. Parker reiterates that appointing lead counsel in this litigation is premature given that the case may cease to exist in this Court if the Court grants the pending motion to dismiss.  Indeed, interim lead counsel is necessary only to clarify "responsibility for protecting the interest of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement."  Manual for Complex Litig., Fourth, § 21.11, at 246 (Federal Judicial Center 2004).  While the motion to dismiss is pending, none of these activites is occurring.  Therefore, there is no need to appoint interim lead counsel yet.  Without waiving this argument, Plaintiff Parker will address the merits of the interim lead counsel issue.

This Court has found that the factors to be considered in appointing lead counsel are:

> (i)[t]he work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources counsel will commit to representing the class.

*Durso v. Samsung Elecs. Am., Inc.*, No. 2:12-CV-5352 DMC JAD, 2013 WL

___

and (v) ("the court will exclude from the class any member who requests exclusion").

4084640, at *3 (D.N.J. Aug. 7, 2013) (citing *Bernhard v. TD Bank, N.A.*, Civ. No.

08–4392, 2009 U.S. Dist. LEXIS 92308, at *14, 2009 WL 3233541 (D.N.J. Oct. 5,

2009) (citing Fed.R.Civ.P. 23(g)(1)(A)).  "The Court must decide which candidate

is *best* qualified, holding dispositive no single factor.  *Durso*, 2013 WL 4084640,

at *3 (citing Fed.R.Civ.P. 23(g)(2)(B)) (emphasis added). The Third Circuit Task

Force Report on Selection of Class Counsel lists additional factors for a court to

consider such as:

> (1) whether counsel's client has the ability and motivation to monitor
> counsel's work for the class; (2) whether counsel represents a plaintiff
> with a significant economic stake in the litigation; (3) whether counsel
> has a good sense of what the case is about and what its value might
> be; (4) whether counsel has prosecuted the lawsuit to this point with
> greater energy and to better effect than other contestants by creating
> work product that will be useful in the future of the litigation; and (5)
> whether the court has previous experience with counsel that is
> relevant to counsel's likely performance in this action.

*Durso*, 2013 WL 4084640, at *3 (quoting *Report: Third Circuit Task Force on*

*Selection of Class Counsel,* 208 F.R.D. 340, 419–20 (3d Cir.2002).  The below

discussion of Plaintiff Parker's counsel's experience in FACTA litigation as well

as other complex cases demonstrates that Plaintiff Parker's counsel are the best

qualified to protect the interests of the class.

    Ms. Parker's counsel, who is among the first pioneers to prosecute FACTA

cases, has extensive experience prosecuting FACTA cases from start to finish and

has successfully prosecuted to conclusion the following fifteen (15) FACTA class

actions where relief was obtained for each class:

1. *Potikyan v. JS Dreams, Inc. (Johnny Rockets - Commons At Calabasas), et al.*, No. CV13-6237 JEM (C.D. Cal.) (judgment entered Nov. 17, 2016);

2. *Potikyan, et al. v. Ice Specialty Entertainment, Inc., et al.*, No. BC559439 (California Superior Court, County of Los Angeles) (judgment entered Oct. 21, 2016);

3. *Kevorkian, et al. v. Super Mex Restaurants, Inc., et al.*, No. BC559619 (California Superior Court, County of Los Angeles) (judgment entered Aug. 29, 2016);

4. *Tran, et al. v. Catalina Channel Express, Inc., et al*, No. 2:15-CV-03289-AB-MRW (C.D. Cal.) (judgment entered Aug. 9, 2016);

5. *Hochstetler, et al. v. Pacific Gateway Concessions LLC, et al.*, No. 3:14-cv-04748-THE (N.D. Cal.) (judgment entered June 7, 2016);

6. *Torres v. Kwong Yet Long Co., Inc., d/b/a International Marketplace*, No. 2:14-cv-02223-MMD-PAL (D. Nev.)

7. *Torres, et al. v. Pet Extreme, Inc., et al.*, No. 1:13−CV−01778−LJO−SAB (E.D. Cal.);

8. *Tchoboian, et al. v. FedEx Office And Print Services, Inc.*, No. SACV10-01008 JAK (MLGx) (C.D. Cal.);

9. *In Re: Toys "R" Us – Delaware, Inc. – Fair And Accurate Credit Transactions Act (FACTA) Litigation*, MDL 08-01980 MMM (FMOx) (C.D. Cal.);

10. *Albright, et al. v. The Bi-State Development Agency Of The Missouri-Illinois Metropolitan District D/B/A Metro*, No. 4:11-CV-01691 AGF (E.D. Mo.);

11. *Sakamoto v. One Parking, Inc. et al.*, No. SACV11-1249 MLG (C.D. Cal.);

12.    *Jarchafjian v. American Multi-Cinema, Inc., et al.*, No. CV09-03434 JHN (AJWx) (C.D. Cal.);

13.    *Tchoboian v. Parking Concepts, Inc., et al.*, No. SACV09-422 DMG (ANx) (C.D. Cal.);

14.    *McGee, et al. v. Ross Stores, Inc, et al.*, No. C06-7496 CRB (N.D. Cal.);

15.    *Clark v. Stein Mart, Inc., et al.*, CV07-197 RC (C.D. Cal.). CY Dec. ¶¶ 6-8.

Fifteen (15) FACTA class-wide recoveries for Ms. Parker's counsel versus zero (0) class-wide recoveries for Mr. Kamal's counsel (and no experience prosecuting any FACTA case beyond the pleading stage) makes for an easy decision.  *See*, *In re Packaged Ice Litig.*, No. 08-MD-01952, 2009 WL 1518428, at *2 (E.D. Mich. June 1, 2009) ("Given the large number of complex cases [applicant] has litigated, including many antitrust suits and its common sense approach to the instant case, [applicant] has demonstrated that it is has the experience necessary to be lead counsel of this case.")

Moreover, some of these above 15 FACTA cases were prosecuted against some of the largest merchants in the United States (FedEx Office And Print Services, Toys "R" Us, AMC theatres, Ross Stores, Stein Mart, etc.).  These facts not only demonstrate experience but they also provide specific examples of the fact that Ms. Parker's counsel has the wherewithal and resources necessary to take on and successfully prosecute FACTA class actions against the largest of merchants.

CY Dec. ¶¶ 6-8.

Of course, along the way to class-wide recoveries, Ms. Parker's counsel has had extensive experience litigating many issues in FACTA class action cases. CY Dec. ¶ 9.

For example, nearly 10 years ago, it was Ms. Parker's counsel who successfully opposed a motion to dismiss in the seminal case of *Pirian v. In-N-Out Burgers*, SACV-06-1251 DOC-MLGx, 2007 WL 1040864 (C.D. Cal. 2007), which set favorable pleading standards for FACTA claims. CY Dec. ¶ 10.

Throughout the years, Ms. Parker's counsel has opposed many motions to dismiss in FACTA cases and continued to secure favorable results in favor of consumers. See, as recent examples, *Deschaaf v. American Valet & Limousine, Inc.*, Case No. 2:16-cv-03464-GMS, 2017 WL 610522 (D. Ariz. Feb. 15, 2017); *De Cesare, et al v. Lab. Corp. of Am. Holdings*, 2016 WL 3483205 *3 (C.D. Cal. May 31, 2016). CY Dec. ¶ 11.

Ms. Parker's counsel has conducted extensive discovery and investigations in FACTA cases, including extensive expert related work concerning various payment card processing issues, including payment platforms, equipment and software, intermediaries involved in payment card acquisition and processing, and related data and processes. CY Dec. ¶ 12.

Ms. Parker's counsel has also fiercely and successfully pursued discovery

through discovery motions, when necessary.  See, *e.g.*, *In Re Toys "R" Us-Delaware, Inc. Fair And Accurate Credit Transactions Act (FACTA) Litigation*, 2010 WL 4942645 (C.D. Cal. 2010).  CY Dec. ¶ 13.

Ms. Parker's counsel has successfully defeated motions for summary judgment in FACTA cases.  *E.g.*, *Edwards v. Toys" R" Us*, 527 F.Supp.2d 1197 (C.D. Cal. 2007); *Tchoboian v. Fedex Office & Print Services, Inc.*, 2011 WL 12842230 (C.D. Cal. 2011).  CY Dec. ¶ 14.

Ms. Parker's counsel has successfully overcome many defense arguments in obtaining class certification in FACTA cases.  *E.g.*, *In Re Toys "R" Us–Delaware, Inc.—Fair And Accurate Credit Transactions Act (FACTA) Litigation*, 300 F.R.D. 347 (C.D. Cal. 2013); *Tchoboian v. Parking Concepts, Inc.*, 2009 WL 2169883 (C.D. Cal. 2009).  CY Dec. ¶ 15.

Ms. Parker's counsel has also served as a lead counsel on behalf of plaintiffs in FACTA MDLs.  *E.g.*, *In Re: Toys "R" Us – Delaware, Inc. – Fair And Accurate Credit Transactions Act (FACTA) Litigation*, MDL 08-01980 MMM (FMOx) (C.D. Cal.); *In Re: The TJX Companies, Inc. Fair and Accurate Credit Transactions Act (FACTA) Litigation*, MDL Case No. 07-md-1853 (D. Kansas). CY Dec. ¶ 16.

Ms. Parker's counsel has also persevered and litigated a FACTA case through bankruptcy, on a class-basis, resulting in a $37 million dollar judgment.

*Potikyan v. JS Dreams, Inc. (Johnny Rockets - Commons At Calabasas), et al.*, No.

CV13-6237 JEM (C.D. Cal.) (judgment entered Nov. 17, 2016).  CY Dec. ¶ 17.

In sum, Ms. Parker's counsel has extensive experience prosecuting FACTA

class action cases to conclusion.  *See*, *Deangelis v. Corzine*, 286 F.R.D. 220, 224

(S.D.N.Y. 2012) ("Though [Applicant A] asserts superior experience in the

specific field of commodities futures law, [Applicant B] include attorneys with

substantial commodities futures experience of their own—as both lawyers and

businesspeople—and *boast an insurmountable advantage in terms of resources*

*and experience managing complex class actions, including, crucially, civil actions*

*[involving the relevant subject matter]*.) (Emphasis added.)  The court in *Deangelis*

also found it compelling that one applicant had exhibited a "willingness to

cooperatively develop a leadership structure among [plaintiffs' counsel]."

*Deangelis*, 286 F.R.D. at 225.  Here, Plaintiff Parker's counsel called Plaintiff

Kamal's counsel seeking to explore some type of joint lead counsel arrangement

only to be told bluntly, "You're not getting into the case."  Ms. Parker's counsel

has exhibited a willingness to cooperate.  Mr. Kamal's counsel has not.

In contrast to Ms. Parker's counsel's experience, Mr. Kamal's counsel has

extremely limited experience and has the unremarkable track record of not having

been able to get any of its FACTA cases beyond the pleading stage.  Even if it

were able to some day proceed beyond the pleading stage in a FACTA case, it

currently has absolutely no such experience.

Incidentally and ironically, Mr. Kamal's counsel boasts at length about briefing *Spokeo* related issues.  Yet it has lost every *Spokeo* related motion that it has opposed.

In contrast, Ms. Parker's counsel, who has substantial experience about state and federal standing issues and has briefed many standing issues, has successfully opposed *Spokeo* motions in FACTA cases.  *Deschaaf v. American Valet & Limousine, Inc.*, Case No. 2:16-cv-03464-GMS, 2017 WL 610522 (D. Ariz. Feb. 15, 2017); *Thomas v. Brett Sports & Entm't, Inc.*, 2016 WL 4472995 * 3 (C.D. Cal. Aug. 23, 2016).  CY Dec. ¶ 18.

In addition to extensive FACTA class action experience, Ms. Parker's counsel also has extensive experience in other types of class actions and complex consumer litigation.  For example, Brian K. Herrington of Herrington Law, PA has represented and litigated consumer classes around the country in cases as diverse as antitrust, deceptive acts and practices, and market manipulation. Mr. Herrington's experience is detailed in his declaration, which is filed concurrently herewith.

Ms. Parker's counsel, Chant Yedalian of Chant & Company A Professional Law Corporation and Brian Herrington of  Herrington Law, PA, investigated the FACTA claims against J. Crew, have pursued the action to date (in Illinois state

court, in Illinois federal court, and now this Court), and have the resources and

expertise to act as interim counsel for the best interests of the class and to

prosecute the action to judgment.  Respectfully, if the Court is to appoint interim

counsel at this juncture, Ms. Parker's counsel should be appointed interim counsel.

CY Dec. ¶ 25.

**IV.    MR. KAMAL'S COUNSEL DOES NOT HAVE ANY EXPERENCE
        WITH ANY FACTA CASE BEYOND THE PLEADING STAGE, HAS
        ABSOLUTELY NO FACTA CLASS ACTION EXPERIENCE, AND
        HAS NEVER OBTAINED ANY FACTA CLASS ACTION
        RECOVERY**

Mr. Kamal's counsel has no experience prosecuting a FACTA case beyond

the pleading stage.  In fact, the only three (3) FACTA cases his counsel claims to

have FACTA experience in have all resulted in dismissals at the pleading stage.

Those three cases are: (1) this *Kamal* case, motion to dismiss granted October 20,

2016, 2016 WL 6133827; (2) *Cruper-Weinmann v. Paris Baguette Am., Inc.*, No.

13-cv-07013, 2017 WL 398657 (S.D.N.Y. motion to dismiss granted Jan. 30,

2017); (3) *Fullwood v. Wolfgang's Steakhouse, Inc.*, No. 13-cv-07174, 2017 WL

377931 (S.D.N.Y. motion to dismiss granted Jan. 26, 2017)

Having never made it beyond the pleading stage, Mr. Kamal's counsel has

never prosecuted any FACTA case to conclusion and has never obtained a FACTA

class recovery.

Mr. Kamal's counsel's generalized and vague references to how it could or

would address matters beyond the pleading stage is unsupported by any specific facts and is devoid of any actual FACTA class action experience. Likewise the supposed information and familiarity with defendants and the facts involved in this case is unsupported by any specific facts. Its obscure and oblique references are intended to obfuscate the indisputable fact that the *Kamal* case was stayed for a prolonged period and, notwithstanding the stay, it never got beyond the pleading stage in any event.

## V.   CONCLUSION

Unless and until this Court holds that federal subject-matter jurisdiction is established for FACTA claims, any motion in this case for the appointment of counsel to represent the putative class should be denied as premature.

If, on the other hand, this Court were to appoint interim counsel to represent the interests of the class, the Court "must appoint the applicant best able to represent the interests of the class" (Fed.R.Civ.Pro. 23(g)(2)), and that counsel is Ms. Parker's counsel.


Dated:  March 20, 2017               Respectfully Submitted,

                                     By:   /s/ – William C. Morlok
                                           _____
                                           William C. Morlok
                                           morlok@mwmlegal.com
                                           MCDONALD WILSON & MORLOK, LLC
                                           1325 Spruce Street, Suite 400
                                           Philadelphia, PA 19107
                                           Telephone: 215.515.3949
                                           Fax: 215.599.9645

Chant Yedalian (To apply *Pro hac vice*)
chant@chant.mobi
CHANT & COMPANY
A Professional Law Corporation
1010 N. Central Ave.
Glendale, CA 91202
Telephone: 877.574.7100

Brian Herrington (To apply *Pro hac vice*)
brian@herringtonlawpa.com
HERRINGTON LAW, PA
1520 N. State St.
Jackson, MS 39202
Telephone: 601.208.0013

*Counsel for Plaintiff*

17

## **CERTIFICATE OF SERVICE**

I, William C. Morlok, counsel for plaintiff, Anita Parker, hereby certify that service of Plaintiff Anita Parker's  Opposition To Motion To Appoint Interim Counsel To Represent The Putative Class; And, In The Alternative, Cross-Motion To Appoint Ms. Parker's Counsel As Interim Counsel For The Putative Class was made by electronic means via the CM/ECF to all parties registered with the CM/ECF.

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.


Dated:  March 20, 2017          By:   /s/ – William C. Morlok
                                      _____
                                      William C. Morlok
                                      morlok@mwmlegal.com
                                      MCDONALD WILSON & MORLOK, LLC
                                      1325 Spruce Street, Suite 400
                                      Philadelphia, PA 19107
                                      Telephone: 215.515.3949
                                      Fax: 215.599.9645