UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AHMED KAMAL, on behalf of himself and the putative class, | ) ) ) |
| Plaintiff, | ) Case No. 2:15-cv-00190-WJM-MF ) |
| v. | ) ) Returnable:  April 3, 2017 |
| J. CREW GROUP, INC., *et al.*, | ) ) |
| Defendants. | ) ) |
| ANITA PARKER, on behalf of herself and all others similarly situated | ) ) Case No. 2:17-cv-01214-WJM-MF ) |
| Plaintiff, | ) ) |
| v. | ) *ELECTRONICALLY FILED* ) |
| J. CREW GROUP, INC., *et al.*, | ) ) |
| Defendants. | ) ) |

**PLAINTIFF AHMED KAMAL'S REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF HIS MOTION TO CONSOLIDATE
AND TO APPOINT INTERIM LEAD COUNSEL
IN THE CONSOLIDATED ACTION**

# TABLE OF CONTENTS

**PRELIMINARY STATEMENT** ............................................................................1

**BACKGROUND** ................................................................................................3

**LEGAL STANDARDS** .......................................................................................4

**ARGUMENT** ...................................................................................................6

  I.    Plaintiff Kamal's Counsel Are In The Best Position To Oversee
This Action ............................................................................................6

    1.    Plaintiff Kamal's Counsel Have Tirelessly Prosecuted This Action .........6

    2.    Plaintiff Kamal's Counsel's Ability To Prosecute This FACTA Action
Is Beyond Dispute ................................................................................9

  II.    Plaintiff Parker's Counsel Mischaracterize The Realities
Of FACTA Litigation ..............................................................................10

  III.    The Instant Motion Should Be Decided Now .............................................13

**CONCLUSION** ...............................................................................................14

# <u>TABLE OF AUTHORITIES</u>

## Cases

*De Cesare v. Lab. Corp. of Am. Holdings*, No. CV 16-0006-DOC (KESx),

    2016 U.S. Dist. LEXIS 82846 (C.D. Cal. May 31, 2016)....................................12

*Deschaaf v. Am. Valet & Limousine Inc.*, No. CV-16-03464-PHX-GMS,

    2017 U.S. Dist. LEXIS 21241 (D. Ariz. Feb. 15, 2017)......................................12

*Durso v. Samsung Elecs. Am.*, Nos. 2:12-cv-5352 (DMC)(JAD);

    2:12-cv-5412 (DMC)(JAD); 2:12-cv-5440 (DMC)(MF),

    2013 U.S. Dist. LEXIS 111412 (D.N.J. Aug. 5, 2013)................................. 5, 7, 9

*Fullwood v. Wolfgang's Steakhouse, Inc.*, No. 13 Civ. 7174 (KPF),

    2015 U.S. Dist. LEXIS 96903 (S.D.N.Y. July 23, 2015) ...................................10

*Galicki v. New Jersey*, No. 14-cv-169 (JLL),

    2014 U.S. Dist. LEXIS 141748 (D.N.J. Oct. 6, 2014) ................................ 3, 5, 13

*In re Horizon Healthcare Servs. Inc. Data Breach Litig.*,

    846 F.3d 625 (3d Cir. 2017) .................................................................................14

*Kamal v. J. Crew Grp., Inc.*, No. 15-cv-00190-WJM-MF,

    2015 U.S. Dist. LEXIS 103064, (D.N.J. Aug. 6, 2015).......................................10

*Kamal v. J. Crew Grp., Inc.*, No. 15-cv-00190-WJM-MF,

    2016 U.S. Dist. LEXIS 145392 (D.N.J. Oct. 20, 2016).......................................11

*Lagos v. Leland Stanford Junior Univ.*, No. 15-cv-04524-KAW,

    2017 U.S. Dist. LEXIS 43638 (N.D. Cal. Mar. 24, 2017) ....................................2

*Noble v. Nevada Checker Cab Corp.*, No. 15-cv-02322-RCJ-VCF,

    2016 U.S. Dist. LEXIS 110799 (D. Nev. Aug. 19, 2016)................................3, 11

*Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016) ................................................ passim

ii

*Thomas v. Brett Sports & Entm't, Inc.*, No. CV 16-00480-AB (DTBx),

    2016 U.S. Dist. LEXIS 112280 (C.D. Cal. Aug. 23, 2016) .................................12

**Statutes**

15 U.S.C. § 1681c(g) .......................................................................................1, 10

15 U.S.C. § 1681n(a) ...........................................................................................10

**Rules**

Fed. R. Civ. P. 12(b)(1)................................................................................. passim

Fed. R. Civ. P. 12(b)(6)..................................................................................3, 7

Fed. R. Civ. P. 23(g) .................................................................................... passim

Fed. R. Civ. P. 42 ...................................................................................................1

**Other Authorities**

*Report: Third Circuit Task Force*

    *on the Selection of Class Counsel* (January 2002) ................................... 2, 5, 6, 9

Plaintiff Ahmed Kamal, on behalf of himself and the putative Class, respectfully submits this Reply Memorandum of Law in Further Support of His Motion to Consolidate and to Appoint Frank LLP, Marvin L. Frank, and Gregory A. Frank as Interim Lead Counsel in the Consolidated Action (ECF No. 77), pursuant to Rules 42(a) and 23(g)(3).[1]

## PRELIMINARY STATEMENT

*Parker* is a follow-on action to *Kamal*, filed in state court nearly two years after *Kamal* began. *Parker* is merely an attempt to co-opt the work that Plaintiff Kamal's counsel have performed on behalf of the Class of all consumers wronged by J. Crew's FACTA[2] violations. The law, however, does not permit Plaintiff Parker's counsel to use forum-shopping tactics as a means of co-opting another attorney's work and initiative when it will not benefit the Class.

Plaintiff Parker's counsel ignores Rule 23(g)'s crucial factors for designating interim lead counsel, thus acknowledging Frank LLP's superlative track record in litigating numerous class actions and other complex litigations—most pertinently,

---

[1] References herein to "Consolidated Action" are to the action arising from the consolidation of (1) *Kamal et al. v. J. Crew Group, Inc., et al.*, No. 2:15-cv-00190-WJM-MF (D.N.J.) ("*Kamal*"), and (2) *Parker et al. v. J. Crew Group, Inc., et al.*, No. 2:17-cv-01214 (D.N.J.) ("*Parker*"). Defendants are collectively referred to herein as "J. Crew."

[2] The Fair and Accurate Credit Transactions Act of 2003 ("FACTA"), *codified as amended at* 15 U.S.C. § 1681c(g).

Frank LLP's demonstrated, diligent commitment to the FACTA litigation at bar. *See* Fed. R. Civ. P. 23(g)(1)(A)(i)–(iv), -(3) (emphasizing importance of prior involvement in the action when selecting interim lead counsel); *Report: Third Circuit Task Force on the Selection of Class Counsel*, at 99–100 (January 2002) (Third Circuit's factors for designating lead class counsel place premium on prior involvement in the action).

Having done no work here to advance the interests of the Class, Plaintiff Parker instead argues that her counsel is some sort of FACTA whisperer, possessed of a magical ability to successfully prosecute FACTA claims that would be worthless in other attorneys' hands. To the contrary, the facts show that Plaintiff Parker's counsel's cases become almost worthless in her counsel's hands. These cases mainly settled for minimal amounts. And her counsel's largest FACTA settlement, *In re Toys 'R' Us-Delaware, Inc.—Fair and Accurate Credit Transactions Act (FACTA) Litigation*, No. MDL 08-01980 MMM (FMOx) (C.D. Cal.), was just criticized by the Northern District of California as having been settled at a "discount[]" "follow[ing] unfavorable rulings to the plaintiffs." *Lagos v. Leland Stanford Junior Univ*., No. 15-cv-04524, 2017 U.S. Dist. LEXIS 43638, at *14 n.3 (N.D. Cal. Mar. 24, 2017).

Most of Plaintiff Parker's counsel's FACTA cases were before *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016), was decided. Of the three post-*Spokeo* cases

Parker's counsel listed, two involved no *Spokeo* standing analysis, while one was favorably decided on *Spokeo* grounds.  But Parker's counsel, in both their brief and supporting declarations, left out one of their post-*Spokeo* cases—*Noble v. Nevada Checker Cab Corp.*, No. 15-cv-02322-RCJ-VCF, 2016 U.S. Dist. LEXIS 110799, at *8–10 (D. Nev. Aug. 19, 2016)—in which they lost a Rule 12(b)(1) challenge to the plaintiffs' FACTA claims.  The FACTA whisperer apparently whispered too softly.

Simply put, Frank LLP's dedicated prosecution of *Kamal,* including success in defeating J. Crew's motion to dismiss pursuant to Rule 12(b)(6),[3] means that they are in the best position to continue to oversee this litigation for the benefit of all members of the Class, including Plaintiff Parker.  In contrast, Plaintiff Parker's counsel's experience does not "exceed[] that of [Plaintiff Kamal's counsel] to such a degree that" her counsel "should be appointed interim class counsel."  *Galicki v. New Jersey*, No. 14-cv-169 (JLL), 2014 U.S. Dist. LEXIS 141748, at *6 (D.N.J. Oct. 6, 2014) (Linares, J.) (internal quotation marks and citation omitted).

## BACKGROUND

By way of a brief background, Plaintiff Kamal has been actively litigating this action in this Court for more than two years, surviving a Rule 12(b)(6) motion

---

[3]   *Kamal v. J. Crew Grp., Inc.*, No. 2:15-cv-00190-WJM-MF, 2015 U.S. Dist. LEXIS 103064, at *5–6 (D.N.J. Aug. 4, 2015) (Martini, J.) (ECF Nos. 33–34 on *Kamal* docket).

to dismiss (ECF Nos. 15, 21, 23, 33–34), and vigorously combatting J. Crew's *Spokeo*-related efforts to have this action dismissed for lack of standing pursuant to Rule 12(b)(1) (ECF Nos. 35, 44–45, 50, 51, 54, 57, 59, 63–64, 69, 70, 73).

    *Parker* was filed in state court in Illinois more than a year and a half after *Kamal* was filed in this Court, stating one count for violation of FACTA, and no state-law claims (ECF No. 75-3).  Following removal to the Northern District of Illinois, *Parker* was transferred to this District (ECF No. 75-4).  After J. Crew moved to consolidate *Kamal* and *Parker* (ECF No. 75), Plaintiff Parker filed a response stating that she does not oppose consolidation (ECF No. 76).  Plaintiff Kamal then filed the instant Motion (ECF No. 77),[4] and Plaintiff Parker filed an opposition, alternatively styled as a cross-motion to appoint Plaintiff Parker's counsel as interim lead counsel (ECF No. 79).  Plaintiff Kamal now files this Reply.

## LEGAL STANDARDS

    Rule 23(g)(3) empowers the Court to designate interim counsel for the putative class.  In the context of a consolidated action resulting from the consolidation of multiple putative class actions, the purpose of appointing an

---

[4]  Plaintiff Kamal's Motion requested that, should this Court consolidate *Kamal* and *Parker* and appoint Frank LLP as Interim Lead Counsel, Plaintiff Kamal be granted leave file a Third Amended Consolidated Class Action Complaint encapsulating all relevant facts concerning the consolidated actions.

interim lead counsel pursuant to Rule 23(g)(3) is to streamline efficiency in the litigation of a consolidated action. *Galicki*, 2014 U.S. Dist. LEXIS 141748, at *4. In choosing between candidates for interim lead counsel, the Court considers the factors set forth in Rule 23(g)(1)(A): (i) the work that the attorney has performed in identifying and investigating the claims in his client's action; (ii) the attorney's experience litigating class actions and other complex litigation, as well as the types of claims involved in the instant action; (iii) the attorney's knowledge of applicable law; and (iv) the resources he will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A)(i)–(iv), -(2)–(3); *e.g.*, *Galicki*, 2014 U.S. Dist. LEXIS 141748, at *4–7.

Further, this Circuit has identified several additional factors as relevant to the selection of lead class counsel, including, as is pertinent here: whether the attorney has a good sense of what the case is about; whether the attorney has prosecuted the lawsuit to this point and has thus created work product that will be useful in the future of the litigation; and whether the Court has previous experience with counsel that is relevant to counsel's likely performance in this action. *Durso v. Samsung Elecs. Am.*, Nos. 2:12-cv-5352 (DMC)(JAD); 2:12-cv-5412 (DMC)(JAD); 2:12-cv-5440 (DMC)(MF), 2013 U.S. Dist. LEXIS 111412, at *9–10 (D.N.J. Aug. 5, 2013) (Cavanaugh, J.) ("*Durso II*") (citing *Report: Third Circuit Task Force on the Selection of Class Counsel*).

<u>**ARGUMENT**</u>

I.   <u>**Plaintiff Kamal's Counsel Are In The Best Position To Oversee This Action**</u>

Plaintiff Parker's opposition here ignores the thrust of Rule 23(g), as specifically underscored by Third Circuit guidelines: that qualified counsel who have been litigating a putative class action before a District Court for a substantial time should be designated interim lead counsel in that action after a follow-on case has been consolidated into it. *See* Fed. R. Civ. P. 23(g)(1)(A)(i)–(iv), -(2)–(3); *Report: Third Circuit Task Force on the Selection of Class Counsel*, at 99–100.

Plaintiff Parker does not, and cannot, dispute Frank LLP's lengthy, dogged prosecution of this action on behalf of a Class of consumers of which she is a member. Nor can she dispute Frank LLP's qualification to prosecute FACTA class actions, not to mention litigations involving issues far more complex than those presented here. Rule 23(g) does not support her opposition, and attempt to install her own attorneys as interim lead counsel.

1. **Plaintiff Kamal's Counsel Have Tirelessly Prosecuted This Action**

Frank LLP, Marvin L. Frank, and Gregory A. Frank are in the best position to serve as interim lead counsel in this action, because they have spent two years overseeing the prosecution of this action on behalf of all consumers (including Plaintiff Parker) affected by J. Crew's willful FACTA violations.

<u>First</u>, Plaintiff Kamal's Counsel have worked assiduously to identify,

investigate, and strengthen the FACTA claims against J. Crew. *See* Fed. R. Civ. P. 23(g)(1)(A)(i). This diligence has perhaps been most evident in the bolstering of the "willfulness" aspect of Plaintiff Kamal's claims. *Compare Kamal* Compl. ¶¶ 39–44 (ECF No. 1) (initial willfulness allegations), *with Kamal* Am. Compl. ¶¶ 43–65 (ECF No. 21) (enhanced willfulness allegations, following investigation by Plaintiff Kamal's counsel). The factual specificity and clarity of these allegations persuaded this Court to deny J. Crew's Rule 12(b)(6) motion (ECF Nos. 33–34). Further, Frank LLP have also expended great effort in fortifying Plaintiff Kamal's constitutional standing under *Spokeo* to bring his claims. *See* ECF Nos. 51, 54, 57, 59, 65, 69–70, 73. Accordingly, Frank LLP are best suited to serve as lead interim counsel here, because they have submitted to this Court "detailed and comprehensive [legal filings] specifically regarding the" validity of the FACTA claims of Plaintiff Kamal and all of his fellow Members of the Class. *Durso II*, 2013 U.S. Dist. LEXIS 111412, at *11.

In contrast, Plaintiff Parker's counsel have expended <u>no effort</u> in identifying and investigating J. Crew's FACTA violations. Rather, they seemed to have learned of *Kamal* and its underlying facts, then used that information to file a follow-on action against J. Crew in Illinois state court. *See* ECF No. 75-3. The only purpose of such a filing in state court was to avoid the instant litigation in this Court.

Second, Plaintiff Kamal's Counsel have expended great resources in protecting the claims of the Class here, and will continue to do so. *See* Fed. R. Civ. P. 23(g)(1)(A)(iv). As discussed above, J. Crew has spent the last two years fighting tooth-and-nail to have this action dismissed, and Plaintiff Kamal and his counsel have fought back against each such challenge with equal vigor. Frank LLP are constantly on the prowl for ways to further establish the validity of the Class's FACTA claims—for example, they have repeatedly identified, and notified this Court about, late-breaking post-*Spokeo* rulings (including from the Third Circuit) that illuminate the Article III standing issues here. *See* ECF Nos. 54, 57, 59, 70, 73. Frank LLP have pledged to continue these efforts with equal fervor. *See* First Frank Decl. ¶ 8.[5] Frank LLP's devotion to protecting the interests of this Class is unassailable.

Plaintiff Parker's counsel, meanwhile, admittedly have no desire in protecting the interests of the Class as a whole. Instead, they appear to want this Court to grant J. Crew's currently pending Rule 12(b)(1) motion and dismiss this action on Article III standing grounds: they cynically (and incorrectly) assume that such a ruling will automatically allow Plaintiff Parker to go back to Illinois state court and seek recovery on behalf of a limited number of wronged consumers. *See*

---

[5]   References herein to "First Frank Decl. ¶__" are to the previously filed Declaration of Marvin L. Frank in support of the instant Motion (ECF No. 77-2).

Plaintiff Parker's Br. at 5 ("[This] Court must remand Ms. Parker's case to state court where it originated[.]").  They make no mention of an appeal of an adverse ruling to the Third Circuit to benefit the entire class.

Third, the relevant factors set forth in the Third Circuit Task Force Report on lead-counsel designation further support Plaintiff Kamal's counsel's appointment as Interim Lead Counsel, because his counsel have: (1) overseen the preparation of the work product that will continue to drive this litigation; (2) already devoted significant resources to developing and strengthening the claims of Plaintiff Kamal and the Class; and (3) developed a rapport with this Court that will foster efficient litigation going forward.  *See Durso II*, 2013 U.S. Dist. LEXIS 111412, at *9–13 (discussing Third Circuit's additional factors).

Plaintiff Parker's counsel, as just discussed, have no desire to litigate in this Court—in fact, they wish to avoid doing so at all cost.

## 2. Plaintiff Kamal's Counsel's Ability To Prosecute This FACTA Action Is Beyond Dispute

Plaintiff Parker does not, and cannot, question Frank LLP's wealth of experience representing plaintiffs in class actions and other complex litigation in numerous areas of the law, including FACTA.  *See* Fed. R. Civ. P. 23(g)(1)(A)(ii)–(iii); First Frank Decl. ¶¶ 3–7 & Ex. A; *see also Durso II*, 2013 U.S. Dist. LEXIS 111412, at *10 ("[C]ounsel has experience handling class actions, having served as

lead, co-counsel or in Executive Committee positions in numerous State and Federal class actions, and has experience in complex litigation.").

Plaintiff Parker's brief conspicuously shies away from discussing her counsel's experience in non-FACTA litigations, devoting one short paragraph of the 16-page brief to this key Rule 23(g) factor.  (Parker's Br. at 14).

## II.  Plaintiff Parker's Counsel Mischaracterize The Realities Of FACTA Litigation

Unable to refute Frank LLP's obvious class-action qualifications and extensive efforts on behalf of this Class, Plaintiff Parker's counsel improperly attempt to exploit the "types of claims" sub-factor of Rule 23(g)(1)(A)(ii), aggrandizing their FACTA-litigation experience by misrepresenting the true nature of FACTA litigation, especially in a post-*Spokeo* world.  (Parker's Br. at 2–3, 7–16).

Before *Spokeo*, the key hurdle for the consumer-plaintiff in any FACTA litigation was to establish that the merchant-defendant's FACTA violations were willful.  *See* 15 U.S.C. §§ 1681c(g), -n(a) (subjecting "willful[]" FACTA violators to actual or statutory damages).  Frank LLP have fought that battle, and won, in this and other FACTA litigation.  *See Kamal*, 2015 U.S. Dist. LEXIS 103064, at *5–6 (ECF Nos. 33–34); *Fullwood v. Wolfgang's Steakhouse, Inc.*, No. 13 Civ. 7174 (KPF), 2015 U.S. Dist. LEXIS 96903, at *11–13 (S.D.N.Y. July 23, 2015).

Following *Spokeo*, however, FACTA plaintiffs have faced an additional, potentially greater, hurdle: establishing that they have suffered injury in fact for Article III standing purposes.   The lack of clear guidance from the majority opinion in *Spokeo* means that courts across the country have split over whether the violation of FACTA rights constitutes injury in fact.   *See, e.g.*, *Kamal*, 2016 U.S. Dist. LEXIS 145392, at *7 (recognizing this split) (ECF Nos. 63–64).

Plaintiff Parker would have this Court believe that her counsel are somehow immune to *Spokeo*-related dismissals of FACTA claims.  (Parker's Br. at 11, 14). But Plaintiff Parker's counsel are as vulnerable to post-*Spokeo* challenges as every other consumer protection practitioner.   *Compare Noble*, 2016 U.S. Dist. LEXIS 110799, at *8–10 (Plaintiff Parker's counsel loses post-*Spokeo* Rule 12(b)(1) fight), *with* Parker's Br. at 7–15 (discussing Plaintiff Parker's counsel's FACTA experience, without mentioning *Noble*), *and* Yedalian Decl.[6] ¶¶ 6–18 (likewise failing to mention *Noble* in discussing Plaintiff Parker's counsel's FACTA experience).

Plaintiff Parker would also have this Court believe that her counsel possess a rare, magical ability to concoct novel legal arguments that allow them to win post-*Spokeo* challenges that other plaintiffs' attorneys would lose.  (Parker's Br. at 11,

---

[6]   References herein to "Yedalian Decl. ¶__" are to the Declaration of Chant Yedalian in support of Plaintiff Parker's Opposition (ECF No. 79-1).   This declaration sets forth Plaintiff Parker's counsel's FACTA experience.

14 (citing, *inter alia*, *Deschaaf v. Am. Valet & Limousine Inc.*, No. CV-16-03464-PHX-GMS, 2017 U.S. Dist. LEXIS 21241 (D. Ariz. Feb. 15, 2017))).  In reality, there are only so many arguments that FACTA plaintiffs' lawyers can make concerning *Spokeo* and Article III standing—and Plaintiff Parker's counsel have not made any that Plaintiff Kamal's counsel have not also made.  Indeed, the reasoning that the *Deschaaf* Court relied upon in ruling in favor of Plaintiff Parker's counsel's client there, might as well have been copied verbatim from Plaintiff Kamal's most recent post-*Spokeo* brief in this action.  *Compare* Pl.'s Mem. of Law in Opp'n to Defs.' Mot. Dismiss Second Am. Class Action Compl., at 1–2, 5, 17 (ECF No. 69) (arguing that FACTA shifts from consumer to merchant the burden of protecting private financial information on card receipts), *with Deschaaf*, 2017 U.S. Dist. LEXIS 21241, at *10–11 (using same reasoning, in denying defendant's Rule 12(b)(1) motion).[7]

    Not surprisingly, <u>all</u> of the FACTA cases that Plaintiff's Parker's counsel list as involving successful recoveries, (Parker Br. at 9–10; Yedalian Decl. ¶ 7), <u>pre-</u>

---

[7]   Aside from *Deschaaf*, Plaintiff Parker's counsel bizarrely claim as post-*Spokeo* FACTA victories two decisions that did not even analyze the plaintiffs' Article III standing in light of *Spokeo*.  *See Thomas v. Brett Sports & Entm't, Inc.*, No. CV 16-00480-AB (DTBx), 2016 U.S. Dist. LEXIS 112280, at *6–7 (C.D. Cal. Aug. 23, 2016) (no mention of *Spokeo*) (cited by Parker Br. at 14); *De Cesare v. Lab. Corp. of Am. Holdings*, No. CV 16-0006-DOC (KESx), 2016 U.S. Dist. LEXIS 82846, at *5 n.1 (C.D. Cal. May 31, 2016) (mentioning *Spokeo* in passing without addressing its impact on the plaintiff's claims) (cited by Parker Br. at 11).

dated *Spokeo*, and largely consist of lightly defended actions that concluded with

minimal recovery for the classes therein. Plaintiff Parker's brief here fails to note

that these cases were litigated pre-*Spokeo*, and, during a recent phone conversation,

her counsel hemmed and hawed when pressed on their post-*Spokeo* track record.

*See* Second Frank Decl. ¶¶ 3–5.[8, 9]

## III.    The Instant Motion Should Be Decided Now

Plaintiff Parker wishes for this Court to grant J. Crew's currently pending

Rule 12(b)(1) motion, and then remand *Parker* back to Illinois state court, allowing

her to make good on her original plan of prosecuting a watered-down, follow-on

version of *Kamal*. (Parker Br. at 4–6). Uninterested in the rights of the Class as a

whole, she asks this Court to refuse to recognize the need for interim lead counsel

dedicated to the interests of all members of the Class. (*Id.*).

But Plaintiff Parker's proposed course of action would make a mockery of

the core purpose of Rule 23(g)(3), which is to streamline efficiency in the litigation

of related actions. *See Galicki*, 2014 U.S. Dist. LEXIS 141748, at *4. Even if this

---

[8]  References herein to "Second Frank Decl. ¶__" are to the Declaration of Marvin L. Frank being submitted along with this Reply.

[9]  Plaintiff Parker offers an incorrect recitation of what occurred during that call. (Parker Br. at 13). Rather than reaching out to Frank LLP in a cooperative spirit, as she would have this Court believe, Plaintiff Parker's counsel tried to bully Marvin L. Frank with the same (unjustifiably) arrogant and obnoxious tone pervasive in their current brief. *See* Second Frank Decl. ¶¶ 4–5.

Court grants J. Crew's current Rule 12(b)(1) motion, Plaintiff Kamal and his counsel are prepared to appeal to the Third Circuit in order to fight for the rights of the entire Class of affected consumers.  *See* Second Frank Decl.  ¶ 6; *see also In re Horizon Healthcare Servs. Inc. Data Breach Litig.*, 846 F.3d 625, 635–41 (3d Cir. 2017) (confirming that the violation of a right bestowed upon consumers through the FCRA gives rise to injury in fact).  Plaintiff Parker and her counsel would create needless complications, and undermine the rights of the Class as a whole, by attempting to litigate in state court while any such appeals process unfolds.

## CONCLUSION

For all of the reasons set forth above, Plaintiff Kamal respectfully requests that this Court consolidate the *Kamal* and *Parker* actions and appoint Plaintiff Kamal's counsel (Frank LLP, Marvin L. Frank, and Gregory A. Frank) as Interim Lead Counsel.

Dated: March 27, 2017

**FRANK LLP**

By: _/s/ Marvin L. Frank_
Marvin L. Frank (MF1436)
Gregory A. Frank (Pro Hac Vice)
mfrank@frankllp.com
gfrank@frankllp.com
275 Madison Avenue, Suite 705
New York, New York 10016
(212) 682-1853 Telephone
(212) 682-1892 Facsimile

**ROBERT A. SOLOMON, P.C.**
Robert A. Solomon (RS2895)
rsolomon@metrolaw.com
91 Pacific Street
Newark, New Jersey 07105
(973) 344-6587 Telephone
(973) 344-7604 Facsimile

**NABLI & ASSOCIATES, P.C.**
Peter Y. Lee (PL2405)
peter.lee@leeadvocates.com
Khaled (Jim) El Nabli (Not Admitted)
Jim_elnabli@nablilaw.com
60 East 42nd Street, Suite 1101
New York, New York 10165
(212) 808-0716 Telephone
(212) 808-0719 Facsimile

*Counsel for Plaintiff and the Class*