UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| AHMED KAMAL, on behalf of himself and the putative class, | ) ) ) ) |
| Plaintiff, | ) Case No. 2:15-cv-00190-WJM-MF ) |
| v. | ) ) Returnable:   July 3, 2017 |
| J. CREW GROUP, INC., *et al.*, | ) ) |
| Defendants. | ) ) ) |

**PLAINTIFF'S MEMORANDUM OF LAW IN
SUPPORT OF HIS MOTION TO RECONSIDER
OR TO REDENOMINATE THE JUNE 6, 2017 OPINION & ORDER
AS FINAL AND APPEALABLE**

**FRANK LLP**
370 Lexington Avenue, Suite 1706
New York, New York 10017
(212) 682-1853 Telephone
(212) 682-1892 Facsimile

*Co-Counsel for Plaintiff and the Class*

*On the Brief*

    Marvin L. Frank
    Gregory A. Frank

# **TABLE OF CONTENTS**

**LEGAL STANDARD** ........................................................................................................... 1

**ARGUMENT** ........................................................................................................................ 1

    I.    Plaintiff Need Not Assert "Actual Harm" Beyond J. Crew's FACTA Violations In Order To Establish Article III Standing ....................................................................... 1

    II.   Alternatively, This Court Should Amend The Opinion So As To Permit Plaintiff To Appeal To The Third Circuit ........................................................................ 5

**CONCLUSION** .................................................................................................................... 6

# **TABLE OF AUTHORITIES**

**Cases**

*ACR Energy Partners, LLC v. Revel AC, Inc. (In re Revel AC, Inc.)*,
  Nos. 15-cv-302 (JBS); 15-cv-352 (JBS),
  2015 U.S. Dist. LEXIS 15816 (D.N.J. Feb. 10, 2015) ............................................................... 1

*Bateman v. Am. Multi-Cinema, Inc.*, 623 F.3d 708 (9th Cir. 2010) ............................................... 2

*Engel v. Scully & Scully, Inc.*, 279 F.R.D. 117 (S.D.N.Y. 2011) ................................................... 2

*In re Horizon Healthcare Services Inc. Data Breach Litigation*,
  846 F.3d 625 (3d Cir. 2017) ..................................................................................................... 3

*In re Toys "R" Us—Del., Inc.—Fair & Accurate Credit Transactions Act (FACTA) Litig.*,
  300 F.R.D. 347 (C.D. Cal. 2013) .............................................................................................. 2

*In re Toys "R" Us—Del., Inc.—Fair & Accurate Credit Transactions Act (FACTA) Litig.*,
  No. MDL 08-01980 MMM (FMOx),
  2010 U.S. Dist. LEXIS 133583 (C.D. Cal. Aug. 17, 2010) ....................................................... 2

*Long v. Tommy Hilfiger U.S.A.*, 671 F.3d 371 (3d Cir. 2012) ............................................... 2, 3, 4

*Meyers v. Nicolet Rest. of De Pere, LLC*, 843 F.3d 724 (7th Cir. 2016) ....................................... 4

*Reed v. Swatch Group (US), Inc.*, No. 14-cv-896 (ES)(MAH),
  2015 U.S. Dist. LEXIS 133505 (D.N.J. Oct. 1, 2015) ............................................................... 2

*Semerenko v. Cendant Corp.*, 223 F.3d 165 (3d Cir. 2000) ...................................................... 1, 5

*Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016) ................................................................... 1, 3, 4

**Statutes**

15 U.S.C. § 1681c(g) ............................................................................................................ 1, 2, 3, 4

15 U.S.C. § 1681n ..................................................................................................................... 2, 4

28 U.S.C. § 1291 .................................................................................................................... 1, 5, 6

Credit and Debit Card Receipt Clarification Act of 2007,
  Pub. L. 110-241, 122 Stat. 1565 ............................................................................................ 3, 4

**Rules**

D.N.J. L.Civ.R. 7.1(i) ..................................................................................................................... 1

Fed. R. App. P. 3 ................................................................................................................ 5
Fed. R. App. P. 4 ................................................................................................................ 5

Plaintiff Ahmed Kamal, by and through his undersigned counsel, seeks relief from this Court's June 6, 2017 Opinion & Order (ECF Nos. 84–85) (the "Opinion"). Respectfully, the Opinion incorrectly held that Plaintiff must assert an "actual harm" <u>beyond</u> the violation of his own FACTA[1] rights, in order to establish Article III standing to sue Defendants (collectively, "J. Crew") for their willful FACTA violations against him. Op. at 5–6. Nothing in *Spokeo*[2] or the Third Circuit's precedent countenances such a holding. This Court should grant reconsideration and confirm Plaintiff's Article III standing. Alternatively, this Court should amend its Opinion to make it final and immediately appealable to the Third Circuit.

## LEGAL STANDARD

Reconsideration is appropriate where the Court has misapprehended a material matter of fact or controlling law in rendering a decision. *See* L.Civ.R. 7.1(i); *ACR Energy Partners, LLC v. Revel AC, Inc. (In re Revel AC, Inc.)*, Nos. 15-cv-302 (JBS); 15-cv-352 (JBS), 2015 U.S. Dist. LEXIS 15816, at *8 (D.N.J. Feb. 10, 2015) (Simandle, C.J.).

The Court's dismissal of a complaint without prejudice does not generally constitute a final and appealable order. However, such a dismissal may be deemed categorically final and appealable if the plaintiff elects to stand on the complaint as dismissed. *See Semerenko v. Cendant Corp.*, 223 F.3d 165, 172 (3d Cir. 2000); *see also* 28 U.S.C. § 1291.

## ARGUMENT

**I.  Plaintiff Need Not Assert "Actual Harm" Beyond J. Crew's FACTA Violations In Order To Establish Article III Standing**

According to the Opinion, Plaintiff cannot establish Article III standing unless he pleads "actual harm" beyond J. Crew's willful FACTA violations—namely, that he has been victimized

---

[1] The Fair and Accurate Credit Transactions Act of 2003 ("FACTA"), *codified as amended at* 15 U.S.C. § 1681c(g).

[2] *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016).

by credit card fraudsters or identity thieves. Op. at 5–6 ("While Congress undoubtedly hoped that FACTA would reduce identity theft, it does not follow that Congress contemplated private actions by individuals who have not sustained any actual harm [beyond the violation]."). This contradicts longstanding FACTA precedent (including the Third Circuit's).

Courts have repeatedly confirmed that consumers whose FACTA rights have been willfully violated need not plead any additional harm beyond the statutory violation. This is because FACTA <u>specifically</u> empowers consumers like Plaintiff here to seek statutory damages, and only statutory damages, from merchants that willfully violate either of FACTA's redaction requirements. *See* 15 U.S.C. § 1681n(a). "The actual harm that a willful violation of FACTA will inflict on a consumer will often be small or difficult to prove. . . . That actual loss is small and hard to quantify is why statutes such as [FACTA] provide for modest damages without proof of [additional] injury. . . . Congress expressly created a statutory damages scheme that intended to compensate [FACTA victims] without requiring [them] to prove actual harm" beyond the violation. *Bateman v. Am. Multi-Cinema, Inc.*, 623 F.3d 708, 718–19 (9th Cir. 2010); *see, e.g.*, *Long v. Tommy Hilfiger U.S.A.*, 671 F.3d 371, 372–74 (3d Cir. 2012) (confirming consumers' right to sue merchant for willful FACTA violations even if they have not suffered quantifiable injury); *Reed v. Swatch Group (US), Inc.*, No. 14-cv-896 (ES)(MAH), 2015 U.S. Dist. LEXIS 133505, at *1–3, *5–6 (D.N.J. Oct. 1, 2015) (Salas, J.) (same); *Engel v. Scully & Scully, Inc.*, 279 F.R.D. 117, 123–24, 126 (S.D.N.Y. 2011) (same).[3]

---

[3] *See also In re Toys "R" Us—Del., Inc.—Fair & Accurate Credit Transactions Act (FACTA) Litig.*, 300 F.R.D. 347, 358 (C.D. Cal. 2013) ("*Toys "R" Us II*") ("FACTA's actual and statutory damages provisions . . . serve a deterrent purpose, as they prevent businesses from willfully making consumer financial data available, <u>even where no actual harm results</u>." (emphasis added)), *reversing In re Toys "R" Us—Del., Inc.—Fair & Accurate Credit Transactions Act (FACTA) Litig.*, No. MDL 08-01980 MMM (FMOx), 2010 U.S. Dist. LEXIS 133583, at *45 (C.D. Cal. Aug. 17, 2010) ("*Toys "R" Us I*") (cited by the Opinion at 6).

In addition, *Spokeo* teaches that, where Congress has granted consumers a statutory procedural right in order to remedy an "intangible harm" that is difficult to quantify, a consumer pleading the violation of such a right "need not allege any <u>additional</u> harm beyond the one Congress has identified." 136 S. Ct. at 1549 (emphasis in original). The Third Circuit thus recently ruled in *In re Horizon Healthcare Services Inc. Data Breach Litigation*, 846 F.3d 625 (3d Cir. 2017) ("*Horizon*"), that a consumer alleging a violation of his rights under the FCRA[4]—of which FACTA is a part—enjoys Article III standing to sue, irrespective of whether that violation "increased the risk of identity theft or some other future harm." *Id.* at 639. Here, the consumer suffered the exact harm identified by Congress—an increased risk of card fraud and identity theft, which was reduced only when he himself intercepted and destroyed the offending receipts.

Contradicting *Spokeo* and *Horizon*,[5] the Opinion wrongfully imposed upon Plaintiff a quantifiable-harm pleading requirement—and justified this result by invoking an obscure part of FACTA's legislative history that is not relevant to Plaintiff's claims. *See* Op. at 5–6 (citing Credit and Debit Card Receipt Clarification Act of 2007 ("Clarification Act"), Pub. L. 110-241 § 2(a)(7), 122 Stat. 1565, 1565–66). According to the Opinion, certain language in the Clarification Act's <u>preamble</u> changed FACTA such that consumers like Plaintiff cannot sue violators like J. Crew in the absence of proof of quantifiable harm, such as identity theft. *See id.* at 5–6; *but see Long*, 671 F.3d at 375–76 (confirming consumers' right to sue willful FACTA violators for statutory damages, even in absence of proof of quantifiable harm).

---

[4] The Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*.

[5] The Opinion distinguishes *Horizon* by incorrectly characterizing *Horizon* as involving conclusive evidence that the plaintiffs there were victimized by sophisticated credit-card and tax fraudsters. *See* Op. at 5. However, the evidence in *Horizon* suggested that common criminals—not identity thieves—perpetrated the underlying theft there. *See* 846 F.3d at 641 n.1 (Shwartz, J., concurring). More importantly, the *Horizon* Court made clear that its finding of Article III standing was <u>not</u> linked to the strength of any quantifiable-harm evidence. *See id.* at 639 & n.19.

3

The Opinion inadvertently applies the Clarification Act—which addressed only violations of FACTA's expiration-date redaction requirement—to J. Crew's violations of FACTA's card-number truncation requirement, even though the Clarification Act made no changes to this requirement.  *See* Clarification Act § 2(a)(2)–(4), 122 Stat. at 1565.  Indeed, when Congress passed the Clarification Act, it stressed the continued usefulness of the card-number truncation rule, *see id.* § 2(a)(3), -(6), 122 Stat. at 1565, and amended FACTA only so as to create a brief grace period for merchants in violation of FACTA's expiration-date redaction requirement, *see id.* § 3(a), 122 Stat. at 1566 (amending 15 U.S.C. § 1681n).  Nothing in the Clarification Act minimizes the automatically injurious nature of FACTA violations like J. Crew's here.

Moreover, the Third Circuit in *Long* instructed courts in this Circuit not to misread into the Clarification Act some sort of Congressional intent to curb FACTA's robust private attorney general provision.  As the Third Circuit stressed in *Long*, courts must not presume that, in passing the Clarification Act, "Congress intended a greater limitation of liability than what is explicitly stated in the [Clarification Act's] text."  671 F.3d at 375.[6]

The Opinion further attempts to justify its imposition of a quantifiable-harm pleading standard by questioning the rationale of FACTA's card-number truncation rule.  According to the Opinion, J. Crew's FACTA-violating practice of "printing the first six and last four digits [of the card number] would seem to offer more protection than the statute's prohibition of printing more than the last five digits."  Op. at 6 n.7 (emphasis in original).  Yet *Spokeo* forbids this very sort of second-guessing of Congress's, the President's, and the Department of Justice's fact-

---

[6] The Opinion's overreliance on *Meyers v. Nicolet Rest. of De Pere, LLC*, 843 F.3d 724 (7th Cir. 2016), is misplaced because *Meyers* involved violations of FACTA's expiration-date redaction requirement.  843 F.3d at 727–28 (cited by the Opinion at 5–6).  And, even if the Third Circuit gave any credence to the Clarification Act's preamble language discussed in *Meyers*—which it does not—this would not undermine Plaintiff's standing to sue J. Crew for violating FACTA's card-number truncation rule.

4

finding and judgment.  *See* 136 S. Ct. at 1549 (Congress's judgment is paramount because it is best "positioned to identify intangible harms that meet minimum Article III requirements . . . .").

In addition, the Opinion's sugarcoating of J. Crew's violations is factually flawed. Experts including members of the credit card industry agree that printing no more than the last five digits of the card number on receipts is necessary to protect consumers against an unacceptable risk of card fraud and identity theft.  *See* Pl.'s Mem. in Opp. to Defs.' Mot. Dismiss Second Am. Class Action Compl., at 7–9 (ECF No. 69).  Congress correctly found that the first six digits of a credit card number are like gold in the hands of tech-savvy criminals.  *See id.*[7]

## II.     Alternatively, This Court Should Amend The Opinion So As To Permit Plaintiff To Appeal To The Third Circuit

Should this Court deny Plaintiff's reconsideration motion, Plaintiff asks that the Opinion be amended to permit Plaintiff to immediately appeal to the Third Circuit.  Because the Opinion dismissed Plaintiff's Second Amended Class Action Complaint ("SAC") without prejudice to Plaintiff's right to replead, the Opinion is arguably non-final, and thus non-appealable.  *See* 28 U.S.C. § 1291; *see also* Fed. R. App. P. 3–4.  This Court can pave the way for immediate appeal by amending the Opinion so as to redenominate it final and appealable.  To the extent it is necessary for Plaintiff to declare his intention to stand on the SAC as establishing his Article III standing, Plaintiff hereby so declares.  *See Semerenko*, 223 F.3d at 172–73.

---

[7] Plaintiff has called this Court's attention to a recent article by a team of computer scientists who found that access to the first six digits of the card number vastly increases criminals' ability to defraud consumers.  *See id.* at 9.  Curiously, the Opinion discounts this work's applicability here, arguing that the authors presumed criminals' possession of the entire card number.  *See* Op. at 7.  But as the authors made clear, they made this presumption because of the well-established fact that criminals can deduce the full card number by "using the first six digits" and a widely used algorithm.  *See* Frank Decl. Ex. A (ECF No. 69-2), at 6 (emphasis added).

5

## CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that this Court grant Plaintiff's reconsideration motion, and deny Defendants' motion to dismiss on Article III grounds. In the alternative, Plaintiff requests that this Court amend the Opinion so as to redenominate it as final and appealable for the purposes of 28 U.S.C. § 1291 and all other applicable law.

Dated: June 8, 2017

**FRANK LLP**

By: */s/ Marvin L. Frank*
Marvin L. Frank (MF1436)
Gregory A. Frank (Pro Hac Vice)
370 Lexington Avenue, Suite 1706
New York, New York 10017
(212) 682-1853 Telephone
(212) 682-1892 Facsimile
mfrank@frankllp.com
gfrank@frankllp.com

**ROBERT A. SOLOMON, P.C.**
Robert A. Solomon (RS2895)
91 Pacific Street
Newark, NJ 07105
(973) 344-6587 Telephone
(973) 344-7604 Facsimile
rsolomon@metrolaw.com

**NABLI & ASSOCIATES, P.C.**
Peter Y. Lee (PL2405)
peter.lee@leeadvocates.com
Khaled (Jim) El Nabli (Not Admitted)
Jim_elnabli@nablilaw.com
60 East 42nd Street, Suite 1101
New York, New York 10165
(212) 808-0716 Telephone
(212) 808-0719 Facsimile

*Counsel for Plaintiff and the Class*